**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

T.R.,

    Plaintiff,

v.                            No. 2:20-cv-00276

PATRICK HOWARD
AND LAS CRUCES PUBLIC SCHOOLS,

    Defendants.

**ORIGINAL COMPLAINT FOR DAMAGES
FOR VIOLATIONS OF CIVIL RIGHTS AND STATE TORTS**

Plaintiff T.R., by and through her attorney, MCGRAW & STRICKLAND, LLC, (Margaret Strickland), brings this Complaint for damages for violations of civil rights. In support of the Complaint against Defendants, Plaintiff states the following upon knowledge, information and belief:

**I. JURISDICTION AND VENUE**

1. This is a civil rights claim brought pursuant to 42 USC § 1983 and 42 USC § 1988. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343. This Court also has supplemental jurisdiction over the state tort claims pursuant to 28 U.S.C. § 1367 because the acts alleged herein arise out the same transaction or occurrence and/or series of transactions or occurrences.

2. All parties reside in New Mexico and the acts complained of occurred exclusively in Dona Ana County, New Mexico. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## II. PARTIES

3. Plaintiff T.R.[1] is a resident of Dona Ana County, New Mexico.

4. Plaintiff's nineteenth birthday is in June 2020.

5. Defendant Patrick Howard was a high school teacher employed at Las Cruces High School and acting under color of law and in the scope of his employment during all relevant times. He is sued in his individual capacity as to the federal civil rights claims and in his official capacity as to the other claims.

6. Defendant Las Cruces Public Schools operates and has complete authority over the public-school system in Las Cruces, New Mexico, including Las Cruces High School, and is an entity subject to suit under the Federal Civil Rights Act and 42 U.S.C. § 1983.

## III. PLAINTIFF'S CLAIMS

7. Protecting children is a foundational part of our society.

8. To protect our children's innocence from sexual predators we must fairly and honestly accept that predators with sexual interests in children exist.

9. People with sexual interests in children often seek professions that give them access to children, including by infiltrating our schools and becoming teachers.

10. The potential that a teacher may pray on our innocent children is known, and school administrations and districts must take steps to protect them from those who betray their teaching profession and victimize their students.

---

[1] Plaintiff is filing this Complaint under her initials rather than her full name due to the nature of the Complaint and the fact that she is a victim of criminal sexual assault and criminal charges are currently pending against Defendant. Thus far, Plaintiff's identity has been kept confidential from the public. The public would not benefit from disclosure of T.R.'s legal name. Defendants are aware of T.R.'s identity and are not prejudiced by T.R. proceeding as Plaintiff identified only by her initials.

11. Innocent students who are sexually victimized by their teachers do not always realize the situation and seek appropriate help.

12. To protect school children, officials must acknowledge that predators exists, pay attention, take all rumors and complaints seriously, and not allow bias to cause judgment errors.

13. Concerning behavior by a teacher that shows unusual or excessive affection for a student, should not be ignored or easily dismissed.

14. Since 2010, multiple teachers within the Las Cruces School District have been criminally convicted of sexually abusing students, our community's children.

15. Plaintiff is an 18-year-old young lady who attended Las Cruces High School, graduating in 2019.

16. During the 2017-2018 school year, Defendant Howard was one of Plaintiff's teachers and the faculty advisor for Las Cruces High School's chapter of Future Farmers of American (FFA), of which Plaintiff was a member.

17. Defendant Howard has a sexual interest in underage women.

18. Defendant Howard abused his position/authority as a teacher to groom, molest, and sexually harass his female students.

19. During the 2016-2018[2] school years, when Plaintff was a 16-year-old student, Defendant Howard began grooming her for his own sexual gratification and then sexually assaulted her multiple times.

20. Grooming is establishing a connection and testing boundaries with a child to lower the child's inhibitions with the objective of sexual abuse.

---

[2] These dates are to the best of Plaintiff's recollection and may not be exact dates.

21. Defendant Howard would give Plaintiff long frontal hugs when he saw her at school.

22. During a field trip, Defendant Howard put his hand on Plaintiff's upper thigh while she slept on the car ride home.

23. Defendant Howard would tell Plaintiff she "looked good" or "beautiful." Defendant Howard told Plaintiff he liked when she wore her hair in braids because it made her look younger and he wanted her to stay young.

24. After grooming Plaintiff for a length of time, Defendant Howard moved on to sexually assaulting Plaintiff by groping her.

    a. On one occasion, Defendant Howard pretended to try to help Plaintiff after a fall and took that opportunity to grab her buttocks. After the fall incident, the Defendant he apologized for grabbing Plaintiff's buttocks.

    b. While at school, Defendant Howard put his hand on Plaintiff's inner thigh and rubbed her leg, up her thigh towards her crotch, and reached around to touch her buttocks on at least two different occasions.

    c. On two other occasions, the Defendant patted Plaintiff directly on the buttocks.

    d. Finally, in December of 2018 Defendant forcefully grabbed Plaintiff's buttocks.

25. On this last occasion of sexual assault, another student saw the Defendant forcefully grab Plaintiff's buttocks and the student told her mother.

26. After the incident, a different student's mother reported Defendant's conduct to school administration and law enforcement began an investigation into Defendant Howard.

27. On March 2, 2018, a Third Judicial District Grand Jury indicted Defendant Howard for criminal sexual contact against Plaintiff, a third-degree felony in New Mexico.

28. At the same time he was molesting the Plaintiff, Defendant Howard was doing the same to other young women.

29. Prior to Defendant Howard's actions against Plaintiff as described above, officials at LCPS received complaints about Defendant Howard's sexual behavior towards female students.

30. Prior to Defendant Howard's actions against Plaintiff as described above, it was obvious from watching the Defendant, that he gave sexual attention to female students.

31. Defendant Howard touched, molested, assaulted Plaintiff for his own sexual gratification.

32. Defendant Howard abused his position/authority as a teacher to groom, molest, and sexually harass his female students.

33. Defendant Howard did not groom or give this inappropriate physical attention to his male students.

34. After Defendant Howard's arrest, Plaintiff was called in to the school's administrative offices, over the loudspeaker, numerous times to speak with law enforcement and school official about Defendant Howard's unlawful behavior.

35. Foreseeably, other students found out Plaintiff had told authorities about Defendant Howard's unlawful actions, and the student then harassed and bullied Plaintiff, both in person and over social media.

36. Defendant Howard was liked by many students at Las Cruces High School, and, predictably, many students did not believe the Plaintiff.

37. Rather than ask students to stop harassing Plaintiff or admitting to what he had done, Defendant Howard did nothing.

38. Plaintiff's school counselor eventually had to create a "safety plan" for Plaintiff due to the embarrassment and humiliation Plaintiff experienced on a daily basis.

39. As a result of the Defendants' actions, Plaintiff suffered humiliation, mental distress, fear, reputational damage, and emotional suffering in an amount to be proven at trial.

## COUNT I: CONSTITUTIONAL VIOLATION: Substantive Due Process

Plaintiff alleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

40. By touching Plaintiffs buttocks, Defendant committed the crime of criminal sexual contract of a minor, a third-degree felony in New Mexico. NMSA 30-9-13(C).

41. The Plaintiff's Fourteenth Amendment right to be secure in her bodily integrity and free from sexual assault by her teacher was violated by the Defendant's actions.

42. As of 2017, Plaintiff had a clearly established right under the Fourteenth Amendment to not be sexually assaulted by her teacher.

43. The Defendant violated that right with his intentional conduct described above.

44. As a direct and proximate result of Defendant's unlawful conduct set forth above, Plaintiff suffered humiliation, mental distress, fear, and emotional suffering in an amount to be proven at trial.

## COUNT II: CONSTITUTIONAL VIOLATION: Equal Protection

Plaintiff alleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

45. Plaintiff enjoyed the right to equal protection of the law under the Fourteenth Amendment.

46. Male students at Las Cruces High School were similarly situated to the Plaintiff.

47. The Defendant used his authority as faculty at Las Cruces High School to molest the Plaintiff, when she was a minor, for his own sexual gratification.

48. The Defendant groomed and molested the Plaintiff, and other young women in his class, because they were young women.

49. The Defendant's actions were intentional, wanton, malicious and done in disregard of Plaintiff's constitutional rights.

50. At the time of the Defendant's conduct, it was clearly established that an official's abuse of authority for purposes of his own sexual gratification in this way would violate the Equal Protection Clause. *SH.A v. Tucumcari Mun. Schs*, 321 F.3d 1285 (10th Cir. 2003).

51. As a direct and proximate result of Defendant Howard's unlawful conduct set forth above, the Plaintiff suffered damages as alleged above.

### COUNT III: Negligent Operation of a Building

52. Las Cruces Public Schools owns and operates Las Cruces High School.

53. Las Cruces Public Schools has a duty to maintain Las Cruces High School for the safety of its students.

54. Las Cruces High School was not safe for students, because Defendant Howard was employed at the school and allowed to use his position and access to students to groom and molest female students.

55. Defendants Las Cruces Public Schools knew or should have known that Defendant Howard presented a danger to students attending Las Cruces High School, because they had notice of the sexual attention and molestation Defendant Howard gave and perpetrated on students.

56. It was foreseeable that Defendant Howard's actions would continue, and that students would be victimized.

57. Defendant Las Cruces Public Schools took no steps to prevent Defendant Howard from molesting his students.

58. As a result, Defendant Howard victimized the Plaintiff.

59. As a direct and proximate result of Defendant Las Cruces Public School's unlawful conduct set forth above, the Plaintiff suffered damages as alleged above.

### DEMAND FOR JURY TRIAL

60. The Plaintiff demands a trial by jury.

**REQUEST FOR RELIEF**

61. Wherefore, Plaintiffs prays for judgment as follows:

 a. Compensatory damages in an as yet undetermined amount, including, but not limited to, damages for violations of civil rights, humiliation and emotional distress.

 b. Punitive damages in a currently undetermined amount.

 c. Reasonable costs and attorney's fees incurred in bringing this action.

 d. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Margaret Strickland*
Margaret Strickland
McGraw & Strickland, LLC
165 West Lucero Ave.
Las Cruces, NM 88005
(575) 523-4321
Fx: (575) 680-1200
Margaret@lawfirmnm.com