**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**T.R.,**

    **Plaintiff,**

**v.**                                                          **No. 20-cv-0276 GBW/SMV**

**PATRICK HOWARD and**
**LAS CRUCES PUBLIC SCHOOLS,**

    **Defendants.**

## ORDER GRANTING STAY

THIS MATTER is before the Court on Defendants' Motion to Extend Protective Order and Request to Stay Proceedings Pending Resolution of Parallel Criminal Prosecution or, in the Alternative, for a Stay of Discovery, [Doc. 9], filed on July 13, 2020. Plaintiff responded on July 17, 2020. [Doc. 10]. Defendants replied on August 3, 2020. [Doc. 11]. With leave of Court, Plaintiff filed a surreply on August 31, 2020. [Doc. 17]. Having considered the relevant portions of the record in this case and the two related cases, discussed *infra*, as well as the relevant law, the Court will GRANT the stay.

Defendants request a stay of the present case during the pendency of the related criminal proceeding against Defendant Howard. In considering the appropriateness of a stay, the Court weighs the following factors:

> (1) [T]he extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice

>to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Hilda M. v. Brown*, No. 10-cv-02495 PAB/KMT, 2010 U.S. Dist. LEXIS 137869, at *9, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010); *see also Flynn v. City of Las Cruces*, No. 15-cv-0195 KG/WPL, 2015 U.S. Dist. LEXIS 192144, at *4, 2015 WL 13643322, at *1 (D.N.M. Nov. 9, 2015) (citing *Hilda M.*).  Further, "[w]hen considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights."  *Creel v. Jahani*, No. 09-cv-01063 REB/KMT, 2009 U.S. Dist. LEXIS 117696, at *7, 2009 WL 4250065, at *3 (D. Colo. Nov. 25, 2009).

In two related cases, counsel agreed to permit limited discovery from Las Cruces Public Schools which would minimize the possible prejudice of a stay to Plaintiff while still maintaining its benefits.  *See Ortiz v. Howard*, No. 20-cv-0190 SMV/CG, [Docs. 23, 24, 25, 27]; *V.D. v. Howard*, 20-cv-0549 SMV/GBW, [Doc. 19].  After considering the parties' agreements and balancing the applicable factors, the Court finds a stay appropriate in this matter at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Extend Protective Order and Request to Stay Proceedings Pending Resolution of Parallel Criminal Prosecution or, in the Alternative, for a Stay of Discovery [Doc. 9] is **GRANTED**.  The case is hereby **STAYED** pending resolution of the criminal case against Defendant Howard,[1] except that limited discovery will be permitted consistent with the Notice of Stipulated Discovery

---

[1] Should the criminal trial be substantially delayed, Plaintiff may file a motion to lift the stay.

to Defendant Las Cruces Public Schools filed August 20, 2020 in *Ortiz*, No. 20-cv-0190 SMV/CG, [Doc. 25].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**