**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

T.R.,

    Plaintiff,

v.                                           No. 2:20-cv-00276-GBW-SMV

PATRICK HOWARD
AND LAS CRUCES PUBLIC SCHOOLS,

    Defendants.

**RESPONSE IN OPPOSITION TO DEFENDANT'S LAS CRUCES PUBLIC SCHOOL'S
MOTION FOR PROTECTIVE ORDER CONCERNING PLAINTIFF'S IPRA REQUEST**

COMES NOW, Plaintiff T.R., by and through her counsel, McGraw & Strickland, LLC and hereby files her response to Defendant's Las Cruces Public School's Motion for Protective Order Concerning Plaintiff's IPRA Request [Doc. 19].

**FACTS**

Defendant Las Cruces Public Schools joined Defendant Howard's Motion to Extend Protective Order and Request to Stay Proceedings Pending Resolution of Parallel Criminal Prosecution or, in the Alternative, for a Stay of Discovery in this case in order to accommodate his Fifth Amendment Rights for his criminal trial set in January of 2021. [Doc. 9]. Although Las Cruces Public Schools has no Fifth Amendment Right, a stay of the litigation in this case was granted to all Defendants. [Doc. 18]

In their motion the Defendants did not request the Court prevent Plaintiff from working on her case outside of the stay. Diametrically the Defendants stated that Plaintiff would not be prejudiced by the stay because she would still be free to work her case. The Defendants wrote in their briefing:

> Should Plaintiff have an ongoing concern regarding "lost evidence", she is free to work her case. Plaintiff also asserted a concern regarding "other individual actors in this case". Again, Plaintiff has the liberty to file other legal action to preserve any statute of limitation(s) concern(s) as she wills, and Defendants have not prevented her from resourcefully using instruments available to her, as she so desires.

[Doc. 11, Page 9]

Despite the Defendant's assertion that Plaintiff would be free to work her case, they now object Plaintiff using other legal means, like the New Mexico's Inspection of Public Records Act ("IPRA").

## **LAW AND ARGUMENT**

Plaintiff's IPRA is allowed by New Mexico law. Using IPRA to collect records while a federal case has been stayed is proper. *See Britton v. Office of the AG of N.M.,* 2019-NMCA-002, P19-P21; *Dunn v. Brandt*, 2019-NMCA-061, 12-13; *CV-2010-2065*, Second Judicial District Court, March 15, 2011, Order attached as *Exhibit 1*.

Federal District of New Mexico judges have also approved of parties using IPRA to obtain information regarding defendants outside of the discovery available in the federal case, including during a discovery stay.

In *Noland v. City of Albuquerque*, Judge Browning considered the County Defendants' position that Plaintiff was "prohibited from making requests for information under the IPRA because the Federal Rules of Civil Procedure provide an exclusive method of obtaining information from a Defendant once suit is filed…. allowing a plaintiff to obtain information through IPRA requests provides litigants the opportunity to

avoid the Rules of Civil Procedure all together when they file a lawsuit." *Noland v. City of Albuquerque*, 2009 U.S. Dist. LEXIS 114183, *3-4, CV-08-0056 (D.N.M. October 27, 2009).

The Court ruled that a person's right under IPRA, like under the Freedom of Information Act (FOIA), are not diminished nor enhanced by a litigation-generated need for agency documents. "Like FOIA, the IPRA provides a statutory right to request information, independent of the limits or constraints on discovery provided in the Federal Rules of Civil Procedure." *Id.*

In *Burke v. New Mexico*, Judge Vidmar cited *Noland* in a case in which Discovery was stayed pending a motion to dismiss. The Plaintiff moved to compel a state IPRA request in the stayed federal case. While the Court found that Plaintiff could not enforce a state IPRA request in the federal case, the Court wrote that the Plaintiff could continue to pursue her IPRA request while the lawsuit was pending.

> Plaintiff may continue to pursue her IPRA requests while this lawsuit is pending. *See Noland v. City of Albuquerque*[…](Defendants state no sound reason supported by any relevant legal authority why [plaintiff] cannot make requests for public information while his lawsuit is pending.)

*Burke v. New Mexico*, 2016 U.S. Dist. LEXIS 103537, *3, 16-cv-0470 (D.N.M. August 5, 2016)(internal quotes omitted).

Finally, in *DelGadillo v. Dorman*, Judge Khalsa denied a request for a protective order when an IPRA response was sought by Plaintiff while discovery was stayed for qualified immunity.  The Court found:

> IPRA and New Mexico case law make clear that every citizen has a fundamental right to have access to public records, and the only limitation on that right is the New Mexico legislature's enumeration of records excepted from inspection. Neither the qualified immunity doctrine nor the Supremacy Clause requires the Court to nullify that fundamental right in this instance.

Case 1:13-cv-01188 Doc. 87, P. 9 (D.N.M. Nov., 25, 2014), Order attached as *Exhibit 2.*

The Court should adopt the reasoning in these cases. The Defendants' Motion to Extend Protective Order and Request to Stay Proceedings Pending Resolution of Parallel Criminal Prosecution or, in the Alternative, for a Stay of Discovery [Doc. 9] was sought to protect Defendant Howard's Fifth Amendment rights.  Plaintiff's IPRA in no way implicates Mr. Howard's Fifth Amendment. Plaintiff is using the tools available to all citizens to diligently work her case, as indicated would be permissible in the Defendant's filings.

Plaintiff respectfully requests the Court deny Defendant's Las Cruces Public School's Motion for Protective Order Concerning Plaintiff's IPRA Request [Doc. 19].

Respectfully Submitted:

/s/ Margaret Strickland
Margaret Strickland, Esq.
MCGRAW & STRICKLAND, LLC
165 Lucero Avenue
Las Cruces, NM 88005
(575) 523-4321
Margaret@lawfirmnm.com
*Attorney for Plaintiff*

I hereby certify that on November 6, 2020,
I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system
which will send notification to counsel of record.

/s/ Margaret Strickland
Margaret Strickland, Esq.