IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

T.R.,

    **Plaintiff,**

v.                                                                                                                                                                No. 20-cv-0276 GBW/SMV

**PATRICK HOWARD and**
**LAS CRUCES PUBLIC SCHOOLS,**

    **Defendants.**

## SCHEDULING ORDER

THIS MATTER is before the Court on a telephonic Rule 16 scheduling conference held on November 15, 2021. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 63] is adopted, except as modified below. The Court will permit discovery as follows:

1. 25 Interrogatories by each party to any other party;

2. 25 Requests for Production by each party to any other party;

3. No limit on the number of Requests for Admission served by each party at this time;[1]

4. 8 Depositions by Plaintiff and 8 by Defendants as a group, or as otherwise agreed by the parties;

5. Depositions of fact witnesses are limited to 4 hours of questioning on the record unless extended by agreement of the parties. Depositions of parties and experts are limited to 7 hours of questioning on the record unless extended by agreement of the parties.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this

---

[1] Requests for Admission are subject to the deadline for termination of discovery.

case is assigned to a **"standard" (210-day)** track classification. The Court sets the following case management deadlines:

| | |
|---|---|
| Plaintiff[2] moves to amend the pleadings or join additional parties by:[3] | **January 25, 2022** |
| Defendant moves to amend the pleadings or join additional parties by:[3] | **February 22, 2022** |
| Plaintiff discloses experts and provides expert reports or summary disclosures by:[4] | **February 28, 2022** |
| Defendant discloses experts and provides expert reports or summary disclosures by:[4] | **April 26, 2022** |
| Termination of discovery: | **June 22, 2022** |
| Motions relating to discovery filed by:[5] | **July 12, 2022** |
| Pretrial motions other than discovery motions[6] filed by: | **July 22, 2022** |

---

[2] Herein, the terms "Plaintiff" and "Defendant" encompass both singular and plural meanings.

[3] Amendment must comply with Fed. R. Civ. P. 15(a).

[4] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *see Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) (unpublished) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient." (quoting *Witherspoon v. Navajo Refining Co.*, No. 03-cv-1160 BB/LAM, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005) (unpublished)); William P. Lynch, *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 Rev. Lit. 249 (2014).

[5] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

[6] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if the deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

                                                    **STEPHAN M. VIDMAR**
                                                    **United States Magistrate Judge**