## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

T.R.,

      **Plaintiff,**

v.                                      **No. 2:20-CV-00276 GBW/SMV**

**PATRICK HOWARD,**
**DANA CRITCHLOW,**
**GREGORY A. EWING, and**
**LAS CRUCES PUBLIC SCHOOLS,**

      **Defendants,**

**and**

**TEACHERS INSURANCE COMPANY,**

      **Plaintiff-in-Intervention,**

v.

**T.R. and PATRICK HOWARD,**

      **Defendants-in-Intervention.**

## PLAINTIFF T.R.'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND STATE TORTS

    Plaintiff T.R.[1], by and through her counsel, McGraw & Associates, LLC, brings this

Amended Complaint against Defendants Las Cruces Public Schools, Gregory Ewing, Patrick

Howard, and Dana Critchlow for violations of Plaintiff T.R.'s civil rights to due process, bodily

integrity, protected speech, and equal protection under the United States Constitution, for

---

[1] Plaintiff T.R. was previously granted permission from this Court to proceed anonymously. *See Order Permitting Plaintiff to Proceed Anonymously* [Doc. 39], wherein this Court found that maintaining the privacy of minors who are sexual assault victims outweighs the public interest in favor of openness in this case.

violations of Title IX including her right to be educated in an environment free of educator sexual misconduct, retaliation by her peers, adverse action by Las Cruces Public Schools, and for wrongful acts for which immunity is waived under the New Mexico's Tort Claims Act.

Upon knowledge, information and belief, Plaintiff T.R. states as follows:

## PARTIES, JURISDICTION AND VENUE

1. **Plaintiff T.R.** is a resident of Dona Ana County, New Mexico.

2. Plaintiff T.R. was a minor at all times material to the allegations set forth herein.

3. **Defendant Las Cruces Public Schools ("LCPS")** operates and has complete authority over the public school system in Las Cruces, New Mexico, including Las Cruces High School.

4. Defendant LCPS is a municipal corporation within the State of New Mexico and, as such, is an entity subject to suit under the Federal Civil Rights Act and 42 U.S.C. § 1983.

5. Defendant LCPS is a public entity subject to suit under Title IX, 20 U.S.C. §§1681-1688, as it is a federal funding recipient.

6. **Defendant Gregory A. Ewing** is sued in his official capacity as the Superintendent of LCPS from December 2016 to August 2020, including all times material hereto.

7. Upon information and belief, Defendant Ewing is a resident of Cobb County, Georgia.

8. At all times material hereto, Defendant Ewing was employed by LCPS, a state actor, acting under color of law, and within the course and scope of his employment with LCPS.

9. Defendant Ewing, in his capacity as Superintendent of LCPS, was a LCPS policymaker.

10. **Defendant Dana Critchlow** is sued in her official capacity as an Assistant Principal at Las Cruces High School, at all material times.

11. Defendant Critchlow is a resident of Dona Ana County, New Mexico.

12.   At all times material hereto, Defendant Critchlow was employed by LCPS, a state actor, acting under color of law, and within the course and scope of her employment with LCPS.

13.   Defendant Critchlow, in her capacity as an Assistant Principal at Las Cruces High School, was a LCPS policymaker.

14.   Defendants Ewing and Critchlow were each supervisors of Patrick Howard at all material times hereto.

15.   **Defendant Patrick Howard** was a high school teacher and Future Farmers of ("FFA") faculty advisor at Las Cruces High School at all material times, until his resignation in February 2018.

16.   Defendant Howard is a resident of Dona Ana County, New Mexico.

17.   At all times material hereto, Defendant Howard was employed by LCPS, a state actor, acting under color of law, and within the course and scope of his employment with LCPS.

18.   Defendant Howard is sued in his individual capacity as to the federal civil rights claims, and in his official capacity as to the other claims.

19.   At the time of the incidents complained of herein, Defendants Ewing, Critchlow, and Howard were public employees as that term is defined in the New Mexico Tort Claims Act, NMSA 1978, § 41-4-3(F).

20.   Defendant Howard engaged in educator sexual misconduct with Plaintiff T.R., including subjecting her to sexual grooming, sexual harassment, and sexual abuse, at Las Cruces High School, while he drove LCPS vehicles, and at LCPS-sponsored events, resulting in foreseeable injuries and damages.

21.   Through their deliberate acts and failures, Defendants created a hostile environment for

Plaintiff, deprived her of her civil rights, and denied her educational opportunities and

benefits.

## JURISDICTION AND VENUE

22.   This action arises under the provisions of the First and Fourteenth Amendments to the

United States Constitution, pursuant to 42 U.S.C. § 1983 and 42 USC § 1988.

23.   Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

### Educator Sexual Misconduct

24.   Educators are one of the main representations of authority that children and teenagers

encounter, beyond their parents.

25.   There is an imbalance of power and authority inherent in the student-teacher relationship.

26.   The phrase "educator sexual misconduct" is used to describe adult-to-student sexual

abuse in schools because it covers the wide range of sexual behaviors that are

inappropriate, unacceptable, and unprofessional when committed by educators on

students, and includes sexual grooming, sexual harassment, and sexual abuse of students.

27.   The potential for the sexual grooming, sexual harassment, and sexual abuse of students

by educators is known.

28.   In the past ten years, multiple teachers, and school officials within LCPS have been

criminally charged and/or convicted of criminal conduct involving students, our

community's youth.

29.   To prevent child sexual exploitation in schools, school districts, school officials and

teachers must acknowledge that educator sexual misconduct exists, pay attention, take all

rumors and complaints seriously, and not allow bias, reputation, or friendship to cause judgment errors.

## Sexual Grooming

30.    Sexual grooming is a method used by offenders that involves building trust with a child and the adults around the child to gain access to and alone time with the child.

31.    Offenders can be teachers, caregivers, or other trusted individuals that have authority over the child and have access to the child.

32.    Offenders exploit their position of trust to groom the child, the child's parents, and the child's community.

33.    Offenders intentionally build their reputation, so as to cast doubt if an allegation is made against them.

34.    An individual who is grooming a child typically enters a "testing" stage wherein they seek opportunities to brush against a child's breast, hair, or buttocks, in a way that is ambiguous enough that if the student reports the behavior, the offender can claim that the conduct was inadvertent.

35.    Sexual grooming is sexual abuse.

## Legal Protections that Address Educator Sexual Misconduct

36.    Title IX represents congressional efforts to eradicate gender discrimination in educational institutions and to prevent federal resources from being used to support discriminatory practices, including sexual harassment and sexual abuse by teachers of students.

37.    At the state level, New Mexico addresses educator sexual misconduct through state statues and criminal codes, administrative regulations, and code of ethics for educators.

38.    The New Mexico criminal code contemplates criminal sexual contact between school

employees and students, criminalizing all intentional touching of the intimate parts of a minor by a school employee.

39.    Criminal sexual contact of a minor is a felony crime.

40.    Felony criminal sexual contact also includes the conduct of a teacher intentionally touching a female's breasts and buttocks.

41.    NMSA 1978, § 32A-4-3 provides that, "Every person, including … a schoolteacher; a school official … who knows or has a reasonable suspicion that a child is an abused or a neglected child shall report the matter immediately to: (1) a local law enforcement agency; (2) the department; or (3) a tribal law enforcement or social services agency for any Indian child residing in Indian country."

42.    Failure to report suspected abuse is criminally punishable by up to a year in jail.

43.    Section 32A-4-3 was enacted to protect children, and specifically children at school, from child abuse in schools.

44.    LCPS is governed by policies, codes, and regulations[2] that apply to all LCPS employees, which specifically prohibit sexual harassment, and require school officials, teachers, and volunteers to report, stop or intervene when any actual allegation of sexual harassment is made or when suspected sexual harassment of students occurs.

---

[2] *See e.g.,* LCPS Regulation GAB *Code of Ethical Responsibility,* NMAC 6.60.9.3 *New Mexico Educators Code of Ethics*, NMAC 6.60.9.9 *Standards of Professional Conduct*, LCPS Regulation ACA-R *Sexual Harassment*, LCPS Policy JICK *Sexual Harassment of Students*, and LCPS Policy JBA *Title IX/ Gender Equity (Students)* for examples of LCPS policies, codes, and regulations that describe the teacher's commitment to the student, and LCPS school officials, teachers and volunteer's duty to prevent, stop, report and investigate sexual harassment of students.

**Patrick Howard, a teacher and faculty advisor at Las Cruces High School**

45.     T.R., S.O., V.D and C.H.[3] were female student at Las Cruces High School during the 2016-2017 and 2017-2018 school years.

46.     During the 2016-2018 school years, Defendant Howard was an agriculture teacher at Las Cruces High School, and a faculty advisor for the FFA chapter, of which T.R., V.D., C.H. and S.O. were members.

47.     Defendant Howard has a sexual interest in underage women.

48.     Defendant Howard sexually groomed certain current and prior female students, including but not limited to T.R., S.O., V.D and C.H., and then acted upon his sexual impulses by touching them.

49.     Defendant Howard engaged in educator sexual misconduct with at least seven female students and a female staff member (who was a former student) at LCHS on multiple occasions from at least late 2016 through January 2018.

50.     During the 2016-2017 and 2017-2018 school years, Defendant Howard gave certain female students frontal hugs, shoulder massages, and touched their hair, shoulders, breasts, thighs, buttocks, and low backs during class.

51.     While Defendant Howard did not limit his sexual harassment and sexual abuse only to T.R., S.O., V.D. and C.H., he frequently and repeatedly victimized these four female students over the course of more than a year and was charged criminally for his misconduct with T.R. and C.H.

52.     Defendant Howard gave certain female students, including T.R., S.O., V.D and C.H.,

---

[3] S.O., V.D., and C.H. are the Plaintiffs in Case Nos. 20-cv-190 SMV/GBW, 20-cv-549 SMV/GBW, and 21-cv-574 MV/SMV, respectively.

frontal hugs that were too long, too close, and too tight.

53.    During his deposition on January 14, 2022, Defendant Howard testified that he is

attracted to the female body shape, and, particularly, in female breasts.

54.    Defendant Howard also testified that he purposely held female students in close frontal

hugs so that their breasts were pushed against his body.

55.    Defendant Howard admitted he repeatedly touched V.D., S.O., V.D. and C.H., including

pressing their breasts against his body, without their consent, during the Spring 2017 and

Fall 2017 semesters at Las Cruces High School.

56.    Defendant Howard sat his favorite female students near his desk, and next to him in

school vehicles on school-sponsored trips so he could be near them and touch them.

57.    Defendant Howard would frequently comment on the physical appearance of certain

females, including T.R., S.O., V.D., H.R.,[4] E.C.,[4] and C.H., including calling out "Hello

gorgeous!" to V.D., and telling these female students they were "beautiful", in the

hallway of Las Cruces High School, during class, and on school-sponsored excursions.

58.    Defendant Howard frequently spent time alone with at least T.R.

59.    Defendant Howard sent private text messages to T.R. and S.O. about non-school related

matters.

60.    Defendant Howard sent text messages to three female students, including S.O. and T.R.,

in a group chat when he was on a school-sponsored trip to Indianapolis, Indiana,

including sending then "selfies" of himself, and telling the three underage female

---

[4] H.R. and E.C. are not parties to this litigation, and each was a victim of Defendant Howard's
sexual misconduct at Las Cruces High School.  In deference to H.R.'s and E.C.'s privacy
interests, which they have not waived, Plaintiff is using their initials, and will confirm their
identify with Defendants.

students he missed them.

61. Defendant Howard sent a text message to the same three female students, including S.O. and T.R., inviting them to ice cream with him in the summer of 2017.

62. Defendant Howard would touch females' hair and cup their faces, including T.R., S.O., H.R. and E.C., sometimes doing so as he staired into their eyes.

63. Defendant Howard would tell female students that he "liked it when girls wear braids", and he would braid and play with female students' hair in his classroom and on school-sponsored excursions.

64. Defendant Howard placed his hand on T.R., V.D. and S.O.'s thighs, without their consent.

65. Defendant Howard often touched the female students in an open and obvious manner, in front of students and teachers.

66. Defendant Howard did not give male students frontal hugs.

67. Defendant Howard was known to only provide frontal hugs to female students, and to give high five or side hug to male students.

68. Defendant Howard did not touch male students' thighs, breasts, or buttocks.

69. Defendant Howard did not comment on male students' physical appearance, touch their hair, or cup their faces as he stared into their eyes.

70. Defendant Howard did not sexually groom, sexually harass, or sexually abuse male students.

71. Defendant Howard received sexual gratification by sexually grooming, sexually harassing, and sexually abusing female students, including prior female students.

72. Defendant Howard abused his position of authority as teacher, FFA advisor and mentor to

sexually groom, sexually harass, and sexually abuse T.R., S.O., V.D., C.H., and other female students at Las Cruces High School during the 2016-2017 and 2017-2018 school years.

73.    Howard's actions towards T.R., S.O., V.D., and C.H. meets the definition, as set forth in LCPS' JICK Policy on Sexual Harassment, of "conduct of a sexual nature."

74.    Before and during the time Defendant Howard was unlawfully touching T.R., S.O., V.D., C.H. and other females at Las Cruces High School for his own sexual gratification, multiple "appropriate persons" within LCPS had "actual notice" Howard was sexually harassing and sexually abusing female students, yet each failed to properly document, investigate or act.

75.    LCPS did not take action until C.H.'s parent reported Defendant Howard's educator sexual misconduct on January 19, 2018.

76.    Defendant Howard testified under oath that on January 19, 2018, when Principal Hendee instructed Defendant Howard to report to LCPS' Human Resources Department, Howard asked Mr. Hendee whether he was "hugging and touching the girls too much."

77.    On March 2, 2018, a Dona Ana County Grand Jury found there was probable cause to charge Defendant Howard with four felony counts of Criminal Sexual Contact of a Minor in the Third Degree (Person in Position of Authority) for his touching and applying force to the intimate parts of T.R. and a fifth count of Battery for his unlawful touching of C.H.

78.    Defendant Howard testified under oath that he repeatedly and continuously touched his female students, including T.R., S.O., V.D., and C.H., on their bodies without their consent.

79.    Defendant Howard testified under oath that he repeatedly and continuously touched his

female students, including T.R., S.O., V.D., and C.H., on their bodies, including their

breasts, buttocks, thighs, low backs, shoulders, faces and hair.

80.     Defendant Howard testified under oath that he knew that at least some of the times he

touched female students was wrong, and that touching female students on their buttocks

and thighs constituted sexual harassment under LCPS policies.

81.     Defendant Howard testified under oath that he did not know what Title IX was during his

employment as a teacher and FFA advisor at LCPS.

82.     Defendant Howard testified under oath that the female students who accused him of

sexual grooming, sexual harassment, and sexual abuse of them at Las Cruces High School,

*including specifically* T.R., S.O., V.D., and C.H., are credible, honest, and trustworthy.

83.     On May 27, 2021, Defendant Howard pled guilty to one count of Criminal Sexual

Contract of a Minor (Person in Position of Authority), a third-degree felony, pursuant to

NMSA 30-9-13(C), for touching or applying force to the intimate parts of T.R., to wit,

her buttocks, and to one count of battery for his unlawful, unconsented touching of C.H.'s

buttocks.

**T.R., a female student at Las Cruces High School**

84.     Defendant Patrick Howard pled guilty to using his position of authority to engage in

criminal sexual contact of T.R., while she was a student, and he was her teacher and FFA

advisor at Las Cruces High School.

85.     Defendant Howard used his position of authority as a teacher, FFA advisor, and mentor

to force T.R. to submit to his sexual grooming, sexual harassment, and sexual abuse to

satisfy his sexual impulses.

86.     Defendant Howard was sexually grooming, sexually harassing and sexually grooming

T.R. in the 2016-2017 and 2017-2018 school years, when she was a 15- and 16-year-old student at Las Cruces High School and an FFA member.

87.    Defendant Howard engaged in common sexual grooming behaviors with T.R.

88.    Defendant Howard also groomed T.R.'s family and environment prior to moving into the next stage of sexual grooming which was testing her physical boundaries.

89.    Defendant Howard took methodical steps to build a relationship with T.R. and gain her trust.

90.    Defendant Howard referred to T.R. as his "favorite student," he spent time alone with her unsupervised, he sent private text messages to T.R., and included her in group text messages (i.e., "group chats") with two other female students

91.    Defendant Howard would find time to be alone with T.R. in his classroom, have her sit close to his desk during class, and have her sit next to him while he drove school vehicles on school-sponsored trips.

92.    It was on a school-sponsored trip to Santa Fe in February 2017, when the evidence indicates Defendant Howard escalated his testing and pushing of physical contact on T.R. by touching T.R. in a sexually inappropriate manner by placing his hand on T.R.'s upper thigh, near her crotch as she slept.  Defendant Howard kept his hand on T.R.'s upper thigh until another female student noticed his hand, and he pulled it away.

93.    Defendant Howard would repeat the same sexual abuse a month later, on another school sponsored trip in March 2017 to Deming, New Mexico.

94.    Defendant Howard testified under oath that he placed his hand on T.R.'s thigh while she was sleeping at least five times during the Spring 2017 and Fall 2017 semesters.

95.    Until Defendant Howard's under oath admission on January 14, 2022, T.R. was only

previously aware that he had placed his hand on her inner thigh while she was sleeping on two (2) occasions.

96.  Defendant Howard liked giving T.R. frontal hugs.

97.  Defendant Howard gave T.R. long frontal hugs that were too long and too close, causing her breasts to press against his body.

98.  Defendant Howard gave T.R. frontal hugs frequently and publicly.

99.  Defendant Howard had T.R. sit on his lap.

100.  Defendant Howard kept a photo of T.R. on his desk.

101.  Defendant Howard would comment on T.R.'s appearance, stating she "looked good", "beautiful", and he told her he didn't want other guys looking at her.

102.  Defendant Howard told T.R. he liked when she wore her hair in braids because it made her look younger, and he didn't want her to grow up.

103.  Defendant Howard sent text messages to T.R. from his personal cell phone about non-school related matters.

104.  Defendant Howard would tell T.R. he missed her when he didn't see her for a while.

105.  Defendant Howard groped and grabbed T.R.'s buttocks at Las Cruces High School on multiple occasions.

106.  On one occasion, Defendant Howard pretended to try to help T.R. as she was falling and took that opportunity to grab her buttocks.

107.  After that incident, Defendant Howard apologized for grabbing T.R.'s buttocks because he recognized that what he did was wrong.

108.  Although he knew it was wrong to grab T.R. on her buttocks, he did so again, this time during the Fall 2017 semester, without the guise of stopping her from tripping: Defendant

Howard gave T.R. a frontal hug, placed his arms on her back and slid them down to her buttocks and grabbed her buttocks with both of his hands.

109.   Defendant Howard hugged T.R. and grabbed her buttocks intentionally, in front of another female student at Las Cruces High School during the Fall 2017 semester.

110.   During this same time, while at school, Defendant Howard put his hand on T.R.'s inner thigh and rubbed her leg, up her thigh towards her crotch, and reached around to touch her buttocks on at least two different occasions.

111.   On other occasions, Defendant Howard patted and squeezed T.R. directly on the buttocks.

112.   Defendant Howard often massaged T.R.'s shoulders and back near her bra strap during 2017.

113.   T.R., along with other female students, told Jessica Gute, a teacher and FFA advisor at Las Cruces High School, they were feeling uncomfortable around Defendant Howard.

114.   Despite being a teacher with a duty to protect and keep students safe, Ms. Gute confided in female high school students during the Spring 2017 and Fall 2017 semesters that Howard's interaction with female students, including T.R., was "inappropriate," and made her "uncomfortable".

115.   Ms. Gute chose not to report, intervene, or stop Defendant Howard's sexual misconduct, exposing T.R and other female students to continued sexual misconduct by Defendant Howard.

116.   Ms. Gute was an appropriate person and could have halted Mr. Howard's sexual harassment of female students, including T.R.

117.   Ms. Gute received actual notice that Defendant Howard was a substantial risk of abuse to

students based on her observations of his interactions with his female students and the reports she received from students.

118. Ms. Gute admitted under oath that she failed the female students who were sexually victimized by Howard, including T.R., because she knew Howard was inappropriate with female students, yet she failed to report, intervene, or stop his sexual misconduct.

119. Ms. Gute's decision not to report, intervene or stop Defendant Howard demonstrates deliberate indifference in violation of Title IX and LCPS policies and regulations.

120. T.R. was forced to endure Defendant Howard's sexual misconduct, she suffered injuries and damages because of others witnessing her be sexually harassed and abused by Defendant Howard, and from watching her friends be sexual harassed and sexually abused at the hands of Defendant Howard.

121. At the same time Defendant Howard was sexually grooming, harassing, and abusing T.R., Defendant Howard was doing the same to other females at Las Cruces High School.

**S.O., a female student at Las Cruces High School**

122. Defendant Howard used his position of authority as a teacher to force S.O. to submit to his sexual harassment and sexual abuse to satisfy his sexual impulses.

123. Defendant Howard was sexually harassing S.O. during the 2017-2018 school year, when she was a high school Junior at Las Cruces High School, and an FFA member. S.O. was between the ages of 15 and 16 during this time.

124. Defendant Howard engaged in common sexual grooming behaviors with S.O., and he took methodical steps to build a relationship with S.O. and gain her trust.

125. S.O. and T.R. were best friends during their time at Las Cruces High School, including during the 2016-2017 and 2017-2018 school years.

126.   S.O. trusted Defendant Howard because of his relationship with T.R.

127.   Defendant Howard sent private text messages to S.O. from his personal cell phone.

128.   Defendant Howard sent text message to S.O. and two other female students, including T.R., in a group chat from his personal cell phone.

129.   Defendant Howard invited S.O. and the two other female students, including T.R., to ice cream.

130.   Defendant Howard sexually harassed and abused S.O. in the following ways without her consent:

    a.   tight frontal hugs that forced her breasts to be pressed against his body, while he moved his hands up and down her back.

    b.   caressing her face as he grabbed her braids and said, "You're so beautiful" and "I love it when you wear your hair like this."

    c.   touching and placing his hands on her upper thighs in class while helping her with schoolwork;

    d.   rubbing her shoulders in class;

    e.   telling her he missed her face.

131.   S.O. was forced to endure Defendant Howard's sexual misconduct, she suffered injuries and damages because of others witnessing her be sexually harassed and abused by Defendant Howard, and from watching her friends, including specifically T.R., be sexual harassed and sexually abused at the hands of Defendant Howard.

### V.D., a female student at Las Cruces High School

132.   Defendant Howard used position of authority as a teacher to force V.D. to submit to his sexual harassment and sexual abuse to satisfy his sexual impulses.

133.    Defendant Howard was sexually harassing V.D. during the during the 2017-2018 school year, when she was a high school sophomore at LCHS and an FFA member. V.D. was between the ages of 15 and 16 during this time.

134.    Defendant Howard engaged in common sexual grooming behaviors with V.D.

135.    Defendant Howard took methodical steps to build a relationship with her and gain her trust.

136.    Defendant Howard taught V.D.'s older brother and helped him graduate high school in 2013.

137.    Defendant Howard exploited his relationship with V.D.'s brother to gain V.D.'s trust, to groom her and those around her.

138.    During the Fall 2017 semester, Defendant Howard gave V.D. long, tight frontal hugs that forced her breasts to be pressed up against his body.

139.    Defendant Howard gave V.D. too long, too close frontal hugs every time he would see her during the Fall 2017 semester.

140.    Defendant Howard would restrain V.D. while giving her frontal hugs, preventing her from pulling away.

141.    In August or September 2017, Ms. Gute heard Defendant Howard make a comment about V.D.'s appearance and then give her a too long, too close frontal hug. Ms. Gute commented a few times to V.D. that she thought Howard's interaction with her was "weird."

142.    Defendant Howard frequently commented on V.D.'s appearance and clothing, calling her "beautiful" and "gorgeous," sometimes yelling the compliments down the hallway in front of students and Ms. Gute.

143.   Ms. Gute took no action, and chose not to report, intervene, or stop Defendant Howard's sexual misconduct of V.D., exposing her and other female students to continued sexual misconduct by Defendant Howard.

144.   Ms. Gute's decision not to report, intervene or stop Defendant Howard demonstrates deliberate indifference in violation of Title IX and LCPS policies and regulations.

145.   Ms. Gute has since admitted under oath that she failed the female students who were sexually victimized by Howard, including V.D., because she knew Howard was inappropriate with female students, yet she failed to report, intervene, or stop his sexual misconduct.

146.   In August or September 2017, Defendant Howard asked V.D. to write on the board at the front of the class when she wore these pants, and when she went to sit back down in her seat, he told her "I was just doing the football players a favor."

147.   Defendant Howard paid so much attention to V.D.'s appearance that, during his January 2022 deposition, he remembered the pants she wore in 2017, four and a half years later.

148.   In approximately September 2017, while a movie was showing during class, Defendant Howard placed his hands on V.D.'s knees while she sat backwards in a chair with her legs hanging over the back of the chair. Defendant Howard then slid his hands down V.D.'s thighs, directing his hands towards her hip bones/crotch area. Defendant Howard returned his hands to V.D.'s knees after she "gave him a look," and leaving his hands on her knees for several minutes before removing them when he walked away.

149.   Defendant Howard ran his hands down V. D's thighs in front of other students in his classroom.

150.   V.D. was forced to endure Defendant Howard's sexual misconduct, she suffered injuries

and damages because of others witnessing her be sexually harassed and abused by Defendant Howard, and from watching her friends be sexual harassed and sexually abused at the hands of Defendant Howard.

### H.R., a female student at Las Cruces High School

151.   In Fall 2017, Defendant Howard was sexually grooming, sexually harassing, and sexually abusing H.R., a female student at Las Cruces High School, by giving her inescapable frontal hugs where her breasts were pushing against his body, by repeatedly commenting on her appearance, and by holding her head in a way that she couldn't move away while telling her that he liked it when she wore her hair in braids.

152.   In November 2017, H.R. reported to her Junior ROTC Instructor, Major Stewart, that Patrick Howard was making her uncomfortable because of his comments and the way he touched her, and she was making an effort to avoid him at school.

153.   On or about November 27, 2017, Maj. Stewart promptly reported H.R.'s complaint of sexual harassment to Defendant Dana Critchlow, an Assistant Principal at Las Cruces High School.

154.   Defendant Critchlow failed to investigate or act on the H.R. complaint.

155.   Defendant Critchlow never spoke with H.R, a female student under her supervision and responsibility.

156.   Defendant Critchlow took no remedial measures to protect H.R. or other female students at LCHS from Howard's sexual harassment, other than her claim that she had "an informal meeting" with Howard the next day.

157.   Defendant Critchlow did not preserve any record of her conversations with Maj. Stewart or Defendant Howard regarding the H.R. complaint.

158.   Defendant Critchlow did not document her conversation with Maj. Stewart in writing *until late February 2018*.

159.   Defendant Critchlow did not request Maj. Stewart document H.R.'s complaint in writing.

160.   Defendant Howard's LCPS personnel file does not contain any documentation about H.R.'s complaint against him.

161.   Assistant Principal Mora, who conducted the investigation into Howard on behalf of LCPS beginning in late January 2018, testified under oath that she and other LCPS administrators were not aware of H.R.'s complaint against Howard until February 2018.

162.   Defendant Critchlow's chose not to act or investigate a female student's allegation of sexual harassment, demonstrating deliberate indifference in violation of Title IX and LCPS policies and regulations.

163.   Defendant Critchlow received actual notice that Defendant Howard was a substantial risk of abuse to students based on H.R.'s complaint.

164.   Despite her duties and commitments to students under her supervision, Defendant Critchlow was deliberately indifferent and caused needless additional harm and damages to multiple female students at Las Cruces High School, including but not limited to T.R., S.O., V.D. and C.H., by allowing Defendant Howard to continue to sexually harass and abuse them.

**E.C., a former female student at Las Cruces High School
and LCPS employee 2016-2018**

165.   E.C. is a female, a former Las Cruces High School student, and was the front office receptionist at Las Cruces High School, at all times material.

166.   Defendant Howard gave E.C. frontal hugs at Las Cruces High School during the 2016-2017 and 2017-2018 school years.

20

167.  Defendant Howard has admitted under oath that he gave E.C. a frontal hug at Las Cruces High School as he whispered in her ear, "If only you weren't my daughter's age."

168.  Defendant Howard grabbed E.C.'s upper thigh at Las Cruces Public School and said, "I better not do it, or they'll get me for sexual harassment."

169.  Principal Jed Hendee witnessed Howard's sexual harassment and abuse of E.C. yet he knowingly failed to act or investigate.

170.  Principal Hendee was an appropriate person who received actual notice of Howard's propensity to sexually harass females on LCPS property.

171.  Upon witnessing Howard's sexual groping of E.C., Principal Hendee told E.C. she should report his behavior, apparently disregarding the fact he would be the recipient of any such report and that his first-hand knowledge was sufficient for him to act.

### C.H., a female student at Las Cruces High School

172.  Defendant Howard pled guilty to battery of C.H. for unlawfully touching her upper thigh, under buttocks, without her consent, in December 2017 while she was a student, and he was her teacher and FFA advisor at Las Cruces High School.

173.  Defendant Howard used position of authority to force C.H. to submit to his sexual grooming, sexual harassment, and sexual abuse to satisfy his sexual impulses.

174.  Defendant Howard was sexually harassing and sexually abusing C.H. during the during the 2017-2018 school year, when she was a 15-year-old sophomore student at Las Cruces High School and an FFA member.

175.  Defendant Howard engaged in common grooming behaviors with C.H. and he took methodical steps to build a relationship with C.H. and gain her trust.

176.  Defendant Howard knew C.H.'s father from college and exploited this relationship to

gain C.H.'s trust.

177.  Defendant Howard complimented C.H. on her physical appearance multiple times.

178.  Defendant Howard gave C.H. too tight frontal hugs that forced her breasts to be push against his body.

179.  C.H. could not escape from Defendant Howard's frontal hugs because they were so strong and tight.

180.  In December of 2017, Defendant Howard grabbed C.H. on the back of her upper thigh, under her buttocks, in his classroom

181.  C.H. immediately reported this incident to Ms. Gute, and reenacted the incident with another female student, who had witnessed the incident.

182.  Ms. Gute took no action, and chose not to report, intervene, or stop Defendant Howard's sexual misconduct of C.H., exposing C.H. and other female students to continued sexual misconduct by Defendant Howard.

183.  Ms. Gute was an appropriate person and could have halted Mr. Howard's sexual harassment and abuse of female students, including C.H.

184.  Ms. Gute's decision not to report, intervene or stop Defendant Howard demonstrates deliberate indifference in violation of Title IX and LCPS policies and regulations.

185.  In January 2018, Defendant Howard massaged C.H.'s shoulders, and prevented her from pulling away from his grasp, in front of her peers at Las Cruces High School.

186.  C.H. was forced to endure Defendant Howard's sexual misconduct, she suffered injuries and damages because of others witnessing her be sexually harassed and abused by Defendant Howard, and from watching her friends be sexual harassed and sexually abused at the hands of Defendant Howard.

187.   When C.H.'s father learned Defendant Howard had touched his daughter inappropriately,

he immediately went to Las Cruces High School and demanded action.

188.   Despite numerous appropriate persons within LCPS having notice of Defendant

Howard's inappropriate relations and contact with female students, no action was taken

against him until C.H.'s father demanded action on January 19, 2018.

## CAUSES OF ACTION

### COUNT I:
### Violation of Plaintiff's Substantive Due Process Rights,
### as guaranteed by the Fourteenth Amendment of the U.S. Constitution

Plaintiff hereby incorporates all previously alleged paragraphs as though

set forth fully herein.

189.   An individual's right to substantive due process is violated when government action

either (a) infringes upon a fundamental right or (b) shocks the conscience. Plaintiff

suffered both violations due to Defendant Howard's sexual abuse.

190.   School children have a liberty interest in their bodily integrity that is protected by the

Due Process Clause of the Fourteenth Amendment.

191.   Plaintiff T.R. had a clearly established right under the Fourteenth Amendment to be

secure in her bodily integrity and free from sexual harassment and sexual abuse by her

high school teacher.

192.   Defendant Howard had notice of Plaintiff's clearly established right. *SH.A v. Tucumcari*

*Mun. Schs*, 321 F.3d 1285 (10th Cir. 2003).

193.   Sexual abuse by a teacher violates a student's substantive due process rights.

194.   Defendant Patrick Howard used his position of authority as a teacher and FFA advisor to

sexually abuse Plaintiff T.R.

195.   Defendant Howard repeatedly and continuously touched intimate and/or erogenous areas of Plaintiff T.R.'s body during the 2016-2018 school years.

196.   Defendant Howard repeatedly gave frontal hugs to Plaintiff T.R., with the intent to feel her breasts pressed against him, when she was his student.

197.   Defendant Howard repeatedly placed his hand on Plaintiff T.R.'s upper thigh, without her knowledge or consent, while she was sleeping.

198.   Defendant Howard grabbed and groped Plaintiff T.R.'s buttocks, without her consent, on multiple occasions while she was his student.

199.   Defendant Howard has pled guilty to Criminal Sexual Contact of a Minor (Person in Position of Authority) for touching Plaintiff T.R.'s buttocks on or about September 1, 2017.

200.   Defendant Howard repeatedly touched Plaintiff T.R.'s body, including her breasts, upper thighs, and buttocks, while she was his student, without her consent during the 2016-2017 and 2017-2017 school years.

201.   Defendant Howard touched Plaintiff to gratify his sexual impulses.

202.   Defendant Howard's sexual abuse of Plaintiff violated her fundamental right to bodily integrity in a manner that shocks the conscience.

203.   Defendant Howard violated Plaintiff's bodily integrity and her rights with his repeated and continuous touching of the intimate and/or erogenous parts of Plaintiff's body as described herein.

204.   Defendant Howard's touching of Plaintiff's body without her consent constitutes bodily injury.

205.    Defendant Howard's sexual abuse of Plaintiff caused her to suffer injuries and damages, including but not limited to humiliation, shame, fear, anxiety, self-doubt, and a lack of agency.

206.    As a direct and proximate result of Defendant Howard's sexual abuse of Plaintiff, she suffered injuries, damages, and the deprivation of her civil rights.

207.    Defendant Howard's actions were intentional, wanton, malicious and done in disregard of Plaintiff and her constitutional rights.

**COUNT II:**
**Defendant LCPS' Violations of Title IX of the Education Amendments of 1972:**

**Sexual Harassment and Abuse**

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully herein.

208.    Sexual harassment and sexual abuse by a teacher of a student is a form of discrimination on the basis of sex and is actionable under Title IX.

209.    Title IX's statutory language states, "No *person* in the United States shall on the basis of *sex*, be … subject to discrimination under any education program or activity receiving federal financial assistance …"

210.    Plaintiff is a "person" under the Title IX statutory language.

211.    Defendant LCPS receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. §1681(a), *et seq.*

212.    Defendant LCPS is required under Title IX to investigate allegations of sexual abuse and sexual harassment.

213.    The U.S. Department of Education's Office of Civil Rights has explained that Title IX

covers all programs of a school and extends to sexual harassment and abuse by teachers of students.

214.   Defendant Howard's actions and conduct were carried out, using his authority and access to students, in his capacity as a teacher and FFA advisor at Las Cruces High School.

215.   Defendant Howard's conduct and actions toward Plaintiff, including the sexual grooming and nonconsensual touching of Plaintiff T.R.'s body, including her breasts, thighs, and buttock, constitutes sex discrimination under Title IX.

216.   LCPS' JICK Policy: *Sexual Harassment of Students*, in effect at all material times hereto, states "School officials, employees and volunteers shall not permit or tolerate sexual harassment of students and shall immediately report, intervene or stop sexual harassment of students that is threatened, found or reasonably known or suspected to be occurring."

217.   Defendant LCPS, through its JICK Policy: *Sexual Harassment of Students*, specifically authorizes and empowers "school officials, teachers and volunteers" to take corrective action by mandating that they "report, stop or intervene to stop sexual harassment of students."

218.   By so doing, Defendant LCPS made school officials, employees, and volunteers, including Defendant Dana Critchlow and Jessica Gute "appropriate persons."

219.   Defendant Critchlow, Ms. Gute, and multiple other LCPS personnel have testified to having this duty to "report, intervene or stop sexual harassment," and were clocked with such authority by LCPS, at all material times hereto.

220.   Multiple "appropriate persons" within LCPS had actual notice that Defendant Howard was sexually harassing and sexually abusing females at Las Cruces High School, including but not limited to Plaintiff.

221.  Jessica Gute, a teacher and FFA advisor at Las Cruces High School, had actual notice of Defendant Howard's sexual harassment and sexual abuse of female students and was deliberately indifferent to their plight.

222.  Ms. Gute testified she knew Howard braided female students' hair in class, and that she had first seen him braid a female student's hair in class in 2011, when she started at LCPS. She thought it was "odd", yet she never reported, intervened, or stopped his inappropriate behavior with female students.

223.  Ms. Gute also knew of Howard's inappropriate relations and conduct with, at least T.R., as of early Spring 2017, yet she failed to report, intervene, or stop the sexual harassment and abuse.

224.  Ms. Gute chose, instead, to "confide" in other female students in Spring 2017 about Defendant Howard's inappropriate behavior and interactions with T.R.

225.  Ms. Gute saw Defendant Howard give frontal hugs to female students, including V.D., and told V.D. that she thought it was "weird", yet she failed to report, intervene, or stop Defendant Howard.

226.  In December 2017, Defendant Howard slapped C.H. on her upper thigh, just below her buttock in his classroom. Immediately after this encounter, C.H. and another female student reported the unlawful touching to Ms. Gute who was in her classroom next door to Defendant Howard's classroom.

227.  Ms. Gute was deliberately indifferent to Defendant Howard's sexual misconduct, and never reported, intervened, or stopped Defendant Howard sexual abuse and unlawful touching of C.H., V.D., T.R., or any other female student.

228.  Ms. Gute's deliberate indifference put other female students, including Plaintiff, at risk of

suffering sexual harassment and sexual abuse at the hands of Defendant Howard; further, Defendant Howard actually engaged in repeated sexual harassment and sexual abuse of Plaintiff and other female students.

229.   Defendant Critchlow received a report in November 2017 from JROTC Instructor Maj. Stewart that Defendant Howard was sexually harassing H.R., a female student and that his conduct had made her so uncomfortable she was taking efforts to avoiding him at Las Cruces High School.

230.   Defendant Critchlow failed to initiate an investigation as required under Title IX and LCPS ACA-Regulation: *Sexual Harassment*.

231.   Defendant Critchlow did not take corrective action with Defendant Howard, instead, she mentioned to him in passing in a courtyard at Las Cruces High School that he was making H.R. uncomfortable and to avoid her.

232.   Defendant Critchlow's deliberate indifference put other female students, including Plaintiff, at risk of suffering sexual harassment and sexual abuse at the hands of Defendant Howard; further, Defendant Howard actually engaged in repeated sexual harassment and sexual abuse of Plaintiff and other female students.

233.   Principle Jed Hendee witnessed Defendant Howard sexually harass and assault E.C., a former female student and LCPS employee, yet he failed to act or initiate an investigation.

234.   Multiple "appropriate persons" within LCPS, with the responsibility to protect students and the authority to intervene and stop sexual harassment, knew Defendant Howard was engaged in conduct of a sexual nature with females at Las Cruces High School, yet failed to act, communicate, or investigate.

235.   Defendant Critchlow, Ms. Gute, Principal Hendee and others were deliberately indifferent to Defendant Howard's sexual misconduct, in gross dereliction of their duty and obligation to protect young females at Las Cruces High School – students and employees – from the predatory, sexual misconduct of Defendant Howard because he was well-liked and considered to be a good teacher.

236.   LCPS personnel with actual notice and authority to halt the sexual harassment and abuse of female students, failed to respond, causing Plaintiff and other female students to suffer further sexual harassment and sexual abuse, or made them vulnerable to the potential for such further harassment and abuse.

237.   Defendant LCPS is liable for the sexual harassment and sexual abuse of Defendant Howard, a teacher under its supervision and employment, because the school district had actual notice of his sexual misconduct and acted with deliberate indifference to such misconduct.

238.   As a direct and proximate result of Defendant LCPS deliberate indifference, Plaintiff suffered injuries, damages, and the deprivation of her civil rights.

**Peer-on-Peer Retaliation**

239.   Title IX prohibits peer-on-peer retaliation against individuals who have reported sexual harassment.

240.   Plaintiff T.R. engaged in protected activity by reporting Howard's sexual harassment and sexual abuse of her and other female students.

241.   Plaintiff T.R.'s peers engaged in "retaliatory conduct" that constituted "materially adverse" action against her.

242.   In the Spring 2018 semester, Plaintiff suffered adverse action, including isolation and

alienation and severe and pervasive bullying by her peers at Las Cruces High School in the aftermath of Howard's suspension on or about January 19, 2018.

243.   The severe and pervasive bullying by Plaintiff's peers, went unchecked by LCPS, and included:

    a.   Making obscene gestures towards and about Plaintiff and the other female student victims;

    b.   Isolating Plaintiff, continuously excluding her, and purposely making her feel unwelcome;

    c.   Plaintiff was forced to see "Free Howard" signs posted throughout LCPS, including on the doors to the shop class attached to Mr. Howard's old classroom, and in hallways and on sidewalks, some of which were written in chalk. These signs were not removed by LCPS, and the chalk signs remained until the rain eventually washed them away.

    d.   Plaintiff was frequently called "one of the four bitches," or one of the "four counts," (referring to the charges in the Grand Jury Indictment in the criminal prosecution by the State of New Mexico of Patrick Howard).

    e.   Plaintiff endured repeated claims that she and the other female students were lying about Howard's sexual harassment and abuse of her for attention.

    f.   Plaintiff was alienated by her peers and FFA members as a result of her being visibly sexually harassed and abused by Howard at LCHS.

231.   Defendant LCPS school officials, teachers and volunteers knew about the peer-on-peer retaliation of Plaintiff and failed to adequately act to address it.

232.   Defendant LCPS responded with deliberate indifference to the peer-on-peer retaliation.

233. There is a causal connection between Plaintiff's protected activity and the adverse action she suffered.

234. Plaintiff T.R. became withdrawn and depressed, and experienced pain, suffering and severe emotional distress because of the retaliatory conduct she endured following Defendant Howard's suspension and arrest.

235. As a result of the pervasive and offensive peer-on-peer retaliation, and Defendants deliberate indifference to it, Las Cruces High School became a hostile environment for Plaintiff.

236. The retaliation by Plaintiff's peers was so pervasive, severe, and objectively unreasonable, it caused Plaintiff to suffer injuries, damages, and the deprivation of her civil rights.

**Defendant LCPS' Retaliatory Action Against Plaintiff**

237. Plaintiff suffered retaliation and a hostile learning environment by Defendant LPCS because she engaged in protected activity by reporting Patrick Howard's sexual harassment and sexual abuse of her and other female students.

238. Defendant LCPS retaliated against Plaintiff, and Defendant Howard's other female student victims in the following ways:

   a. Defendant LCPS officials, including Principal Jed Hendee, and School Resource Officers pulled T.R., S.O., V.D., C.H. and others out of class multiple times, in front of their peers to be questioned without a parent present and without another female present.

   b. After being questioned, the female student victims were promptly sent back to class despite being emotionally upset.

c.  LCPS failed to offer supportive measures, as required by Title IX, to any of the female students who reported being sexually harassed, abused, and touched, without their consent, by Defendant Howard.

d.  After learning of Defendant Howard's misconduct, LCPS failed to monitor the female student victims or otherwise ensure their safety and protection at Las Cruces High School.

239.  Defendant LCPS' conduct and deliberate indifference to Defendant Howard's female student victims at Las Cruces High School created a hostile environment for Plaintiff.

240.  As a result of the Defendant LCPS' retaliatory conduct and deliberate indifference, Plaintiff T.R. suffered injuries, damages, a violation of her civil rights, and the deprivation of educational opportunities and benefits.

**COUNT III:**
**First Amendment Retaliation under Section 1983**

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully herein.

241.  Plaintiff engaged in constitutionally protected activity by reporting Howard's sexual misconduct of her and others.

242.  Defendant LCPS caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity.

243.  Defendant LCPS's adverse action was substantially motivated by Plaintiff's constitutionally protected conduct.

244.  As a direct and proximate result of Defendant LCPS's adverse action, Plaintiff suffered injuries, damages, and the deprivation of her civil rights.

**COUNT IV:**
**Defendant Patrick Howard's Violation of Plaintiff's Rights Under the Equal Protection**
**Clause, as guaranteed by the Fourteenth Amendment of the U.S. Constitution,**
**pursuant to 42 U.S.C Section 1983**

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth herein.

245. Sexual harassment and sexual abuse by schoolteachers violate the Equal Protection Clause.

246. Plaintiff enjoyed the right to equal protection of the law under the Fourteenth Amendment, at all times material.

247. Defendant Howard's male students were similarly situated to Plaintiff.

248. Defendant Howard sexually harassed and sexually abused Plaintiff, a female student, and a member of a protected class: female.

249. Defendant Howard did not, however, sexually harass and sexually abuse male students, as he did Plaintiff.

250. Defendant Howard sexually harassed and sexually abused Plaintiff because she is female, for his own sexual gratification.

251. In doing so, Defendant Howard violated Plaintiff's Fourteenth Amendment right to equal protection of the law.

252. At all times material to Defendant's sexual misconduct of Plaintiff and the other female students at Las Cruces High School, it was clearly established that a teacher's abuse of his authority for his own sexual gratification violated the Equal Protection Clause. *SH. A v. Tucumcari Mun. Schs.*, 321 F.3d 1285 (10th Cir. 2003).

253. Defendant Howard's acts were intentional, wanton, malicious, and in reckless disregard of, or deliberate indifference to, Plaintiff's constitutional rights.

254.   Defendant Howard acted with the purpose of causing harm to and victimizing Plaintiff

T.R., and not to accomplish any legitimate goal.

255.   As a direct and proximate result of Defendant Howard's unlawful conduct setforth above,

Plaintiff suffered injuries, damages, and the deprivation of her civil rights.

**COUNT V:**
**Defendants LCPS, Ewing and Critchlow's Violation of Plaintiff's Rights**
**Under the Equal Protection Clause, as guaranteed by the Fourteenth Amendment of the U.S.**
**Constitution, pursuant to 42 U.S.C Section 1983**

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully

herein.

256.   Despite Defendant Howard's open and obvious conduct of a sexual nature towards

multiple female students during class, in the hallways, library and administrative front

office at Las Cruces High School, and in the presence of school officials and teachers,

Defendants utterly failed to intervene or stop Defendant Howard from sexually

grooming, sexually harassing, and sexually abusing female students for more than a year,

until January 2018.

257.   Defendants Ewing and Critchlow failed to take adequate stops to stop Defendant

Howard's sexual misconduct, subjecting these supervisors and LCPS to liability.

258.   Defendants Ewing and Critchlow failed to exercise control, give LCPS personnel

direction, and failed to appropriately train LCPS personnel how to identify and respond to

sexual grooming, sexual harassment, and sexual abuse.

259.   Defendant LCPS did provide training to *students* on educator sexual misconduct,

including how to identify and respond to sexual grooming, sexual harassment, or sexual

abuse by educators, at any time material.

260.   The violation of Plaintiff's civil rights was a "highly predictable" or "plainly obvious"

34

consequence of Defendants' failure to train LCPS school officials, teachers and volunteers in specific skills needed to handle recurring high-risk situations, including specifically educator sexual misconduct within the school district, thus presenting an obvious potential for constitutional violations.

261.   Defendant LCPS either did not have adequate policies to protect students or did not enforce its policies, to the foreseeable risk of its students.

262.   As a result, Defendants had "official de facto policies" that arise from "failing to adopt various policies to adequately protect "a class of persons.

263.   Defendants Ewing and Critchlow promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that caused the complained of constitutional harm and purposefully discriminated against female students.

264.   LCPS had no Title IX Compliance Officer / Coordinator in 2016-2018, as mandated by Title IX, 34 CFR 106.8

265.   No one at LCPS directed any of Defendant Howard's female student victims, including Plaintiff, to an LCPS Title IX Coordinator at any time.

266.   No one at LCPS offered any of Defendant Howard's female student victims, including Plaintiff, supportive measures (i.e., counseling, changes to class schedules, etc.)

267.   No one at LCPS advised any of Defendant Howard's female student victims, including Plaintiff, of their right to make a formal complaint under Title IX.

268.   None of Defendant Howard's victims were kept apprised of Defendant LCPS' investigation – as recommended by Title IX.

269.   Assistant Principal Anne Maria Mora, who was assigned by LCPS to interview and investigate the allegations against Defendant Howard on behalf of LCPS, had no training

in Title IX.

270.   Assistant Principal Mora testified under oath that, as an LCPS administrator, she has a
       legal obligation to comply with Title IX.

271.   Assistant Principal Mora testified under oath that she couldn't say whether her
       investigation into Howard's misconduct complied with Title IX, because she was not
       familiar with Title IX.

272.   Assistant Principal Mora testified under oath that she did not consult any Title IX policies
       during her investigation into Defendant Howard's educator sexual misconduct with
       multiple female students.

273.   Upon information and belief, LCPS provided no Title IX compliance training to LCPS
       personnel and administrators, until 2020.

274.   Defendants intentionally acted through a policy of deliberate indifference by providing
       grossly inadequate training, non-compliance with Title IX and incompetent guidance,
       which were clearly necessary for the effective implementation and enforcement of Title
       IX regulations, LCPS JICK Policy: *Sexual Harassment of Students* and LCPS-ACA
       Regulation: *Sexual Harassment.*

275.   Defendants' acts did not further a government interest.

276.   As a direct and proximate result of Defendants' failures, Plaintiff experienced the
       deprivation of her civil rights, and she suffered injuries and damages as set forth below.

**COUNT VI:**
*Monell Claim* **– Custom or Policy Leading to Constitutional Violations**

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully
herein.

277.   Defendant LCPS is charged with the responsibility for appointing, supervising, training,

instructing, disciplining, and promoting LCPS teachers, administrators, and employees, including all individually named Defendants.

278. Prior to 2017, LCPS developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of students attending Las Cruces Public Schools.

279. It was the policy and/or custom of LCPS to fail to adequately supervise and train its school officials, teachers, and employees regarding students' constitutional rights, including protections under Title IX.

280. At all material times hereto, it was LCPS policy and custom not to provide any or sufficient training to school officials, teachers, employees and volunteers on sexual grooming, Title IX, sexual harassment, and sexual abuse by educators, despite actual or constructive knowledge of the high prevalence of sexual misconduct in educational institutions.

281. When Defendant Critchlow and Assistant Principal Mora were promoted to Assistant Principals in 2017, it was LCPS policy and custom not to provide additional training to explain their new duties and responsibilities as LCPS school officials.

282. It was LCPS policy and custom not to provide training to *students* on educator sexual misconduct, including how to identify and respond to sexual grooming, sexual harassment, or sexual abuse by educators, at any time material.

283. The violation of Plaintiff's civil rights was a "highly predictable" or "plainly obvious" consequence of LCPS's policies and customs not to train school officials, teachers, volunteers, and students in specific skills needed to handle recurring high-risk situations, including specifically educator sexual misconduct within the school district, thus presenting an obvious potential for constitutional violations.

284.   Defendant LCPS either did have adequate policies and/or customs to protect students or did not enforce its policies, to the foreseeable risk of its students.

285.   As a result, Defendants had "official de facto policies" that arise from "failing to adopt various policies to adequately protect "a class of persons.

286.   It was LCPS policy and custom not to have a Title IX Compliance Officer / Coordinator in 2016-2018, as mandated by Title IX, 34 CFR 106.8

287.   It was LCPS policy and custom not to direct female student victims of sexual harassment, including Plaintiff, to an LCPS Title IX Coordinator at any time.

288.   It was LCPS policy and custom not to offer female student victims of sexual harassment, including Plaintiff, supportive measures (i.e., counseling, changes to class schedules, etc.)

289.   It was LCPS policy and custom not to advise female student victims of sexual harassment, including Plaintiff, of their right to make a formal complaint under Title IX.

290.   It was LCPS policy and custom not to keep victims of sexual assault apprised of Defendant LCPS' investigation of the allegations – as recommended by Title IX.

291.   It was LCPS policy and custom not to train administrators assigned by LCPS to interview and investigate allegations of sexual harassment, assault, or abuse behalf of LCPS, in Title IX.

292.   It was LCPS policy and custom not to conduct investigations of sexual harassment in compliance with Title IX.

293.   Upon information and belief, it was LCPS policy and custom not to provide Title IX compliance training to LCPS personnel and administrators until 2020.

294.   These acts and failures to act constitute official policies and customs of the school district, or were taken by school officials, including but not limited to Defendants Ewing

and Critchlow, with policy making authority.

295.   These policies and practices were moving forces behind the violation of Plaintiff's civil

rights.

296.   As a direct and proximate result of the LCPS's policies and customs, Plaintiff suffered

injuries and damages as outlined below.

**COUNT VII:**
**Negligent Operation of a Building,**
**Pursuant to the New Mexico Tort Claims Act**

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully

herein.

304.   At all material times hereto, Defendant LCPS operated Las Cruces High School.

305.   Defendant LCPS owed a duty to maintain Las Cruces High School for the safety of its

students.

306.   Defendant Howard testified under oath that he touched Plaintiff's body, including her

breasts, buttocks, and thighs, repeatedly, without her consent, during the 2016-2017 and

2017-2018 school years at Las Cruces High School.

307.   Las Cruces High School was not safe for students, because Defendant Howard was

employed at the school and allowed to use his position, authority, and access to female

students to sexually groom, sexually harass, and sexually abuse T.R., S.O., V.D., C.H.

and other females.

308.   The premises of Las Cruces High School were unsafe because school officials,

employees and volunteers created a dangerous condition by failing to respond to educator

sexual misconduct. This failure didn't just create a danger for one student, but to the class

of female students attending Las Cruces High School.

309.   Defendant LCPS's indifference to Howard's sexual misconduct made it more likely that female students at Las Cruces High School, including Plaintiff, were at risk of being sexually harassed and sexually abused.

310.   Defendant LCPS knew or should have known that Defendant Howard presented a danger to female students attending Las Cruces High School.

311.   It was foreseeable that Defendant Howard's actions would continue, and that female students would be victimized.

312.   Despite Defendant Howard's open and obvious conduct of a sexual nature towards multiple female students during class, in the hallways, library and administrative front office, Defendant LCPS took no steps to prevent Defendant Howard sexually grooming, sexually harassing, and sexually abusing female students, until late January 2018.

313.   Defendant LCPS either did have adequate policies to protect students or did not enforce its policies, to the foreseeable risk to students.

314.   Defendant LCPS's indifference to Howard's behavior made it more likely that students at LCHS, including T.R., S.O., V.D. and C.H., were at risk of being sexually harassed and sexually abused.

315.   As a direct and proximate result of LCPS' wrongful conduct set forth above, Plaintiff T.R. suffered injuries and damages.

## COUNT VIII:
### Battery

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully herein.

316.   In undertaking the repeated touching of Plaintiff's body without her consent as described herein, Defendant Howard intended to cause harmful and offensive contacts.

317.   Plaintiff did not know and/or did not consent to these harmful and offensive contacts.

318.   In undertaking his unwanted contacts with Plaintiff as described herein, Defendant

Howard caused Plaintiff T.R. to repeatedly endure offensive, unwanted touching during

the 2016-2017 and 2017-2018 school years.

319.   Defendant Howard's unlawful touching of Plaintiff T.R. caused her to suffer bodily

injury, severe emotional distress, and needless pain, anguish and suffering, and other

damages as set forth herein.

320.   Defendant Howard's actions, as described in the preceding paragraphs, constitute battery,

among other offenses, in violation of New Mexico law.

### COUNT IX:
### Intentional Infliction of Emotional Distress

Plaintiff hereby incorporates all previously alleged paragraphs as though set forth fully

herein.

321.   Defendants allowed Defendant Howard to be in a position where he could sexually harass

and abuse female students, even though they knew or should have known of his sexual

misconduct with students,

322.   A reasonable person would not expect LCPS to tolerate or permit a teacher, and their

employee, to carry out sexual harassment and abuse after they knew or should have

known of Defendant Howard's inappropriate relations with and educator sexual

misconduct of female students.

323.   The conduct of the Defendant LCPS and Defendant Howard were extreme and

outrageous, given their obligation as educators to protect and keep students safe.

324.   As a direct and proximate result of Defendants LCPS and Howard, Plaintiff has suffered

and continues to suffer extreme and severe emotional distress due to the shame,

humiliation, fear, anxiety, and self-doubt that comes from knowledge of having been severely exploited by a teacher, role model, advisor, and mentor whom Plaintiff trusted and looked up to.

**PROXIMATE CAUSE,**
**COMPENSATORY DAMAGES AND PUNITIVE DAMAGES**

Plaintiff T.R. hereby restates and incorporates all previously alleged paragraphs as though set forth fully herein.

325.    As a direct and proximate result of Defendants' conduct as alleged in the foregoing Counts I-IX, Plaintiff suffered deprivation of her civil rights. Plaintiff T.R. has suffered, and will continue to suffer damages, including:

a.    Bodily injury from unconsented, unlawful touching by Defendant Howard;

b.    Pain and suffering of mind and body;

c.    Shock;

d.    Discomfort;

e.    Humiliation and shame;

f.    Fear;

g.    Self-doubt;

h.    Lack of agency;

i.    Emotional distress and anxiety attendant to the harm inflicted upon her by Defendants' misconduct;

j.    Loss and diminution in the enjoyment and quality of her life;

k.    Loss in the quality and nature of her relationships, including those with family members and intimate partners; and,

l.    Damages for the nature, extent, and duration of her injuries.

326.  Punitive damages in an amount a jury deems sufficient to deter Defendants and other school districts and educators from acting in reckless disregard of, or indifference to, the rights and safety of students.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff T.R. respectfully requests this Court enter judgment in her favor, including:

a.  Awarding Plaintiff an award of compensatory damages to compensate her for the harm she suffered and will continue to suffer as a result of Defendants' wrongful conduct;

b.  Punitive damages in an amount a jury deems sufficient to deter Defendants and other school districts and educators from acting in reckless disregard of, or indifference to, the rights, well-being, and safety of their students;

c.  Awarding reasonable costs and attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988 and Title IX;

d.  For an award of pre- and post-judgment interest and costs; and

e.  For such other and further relief as the Court deems just and reasonable.

## JURY DEMAND

Plaintiff T.R. renews her demand for a civil trial by jury, pursuant to the Seventh Amendment of the U.S. Constitution.

Respectfully Submitted,

**McGraw & Associates, LLC**

*Electronically Submitted*

*/s/ Mollie C. McGraw*
Mollie C. McGraw
Amanda S. Carmody
165 West Lucero Ave.
Las Cruces, NM 88005
Ph: (575) 523-4321
mollie@lawfirmnm.com
amanda@lawfirmnm.com

*Attorneys for Plaintiff T.R.*

## CERTIFICATE OF SERVICE

I, Amanda S. Carmody hereby certify that on January 28, 2022, a copy of the foregoing pleading was caused to be served via the CM/ECF filing system on all counsel of record.

*"Electronically Submitted"*

/s/ Mollie C. McGraw
Mollie C. McGraw