IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                                         Civ. No. 20-276 GBW/KRS

PATRICK HOWARD, *et al.*,

    Defendants,

and

TEACHERS INSURANCE COMPANY,

    Plaintiff-in-Intervention,

v.

T.R. and PATRICK HOWARD,

    Defendants-in-Intervention.

## ORDER GRANTING DEFENDANT CRITCHLOW'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT

THIS MATTER comes before the Court on Defendant Dana Critchlow's Motion for Judgment on the Pleadings and Memorandum in Support (the "Motion"). *Doc. 152*. Having reviewed the Motion and Plaintiff T.R.'s Notice of Non-Opposition to the Motion, *see doc. 176*, the Court will GRANT the Motion.

I. **BACKGROUND**

Plaintiff filed her First Amended Complaint for Damages for Violations of Civil Rights and State Torts on January 28, 2022, bringing claims against Defendants Dana Critchlow ("Critchlow"), Las Cruces Public Schools ("LCPS"), Gregory Ewing,[1] and Patrick Howard.  *See generally doc. 94*; *doc. 94* at ¶ 10.  On December 1, 2022, Defendant Critchlow filed her Motion for Judgment on the Pleadings and Memorandum in Support, requesting the Court to dismiss Plaintiff's claims against her because the Amended Complaint only brings claims against Defendant Critchlow in her official capacity and those official capacity claims are duplicative of Plaintiff's claims against Defendant LCPS.  *See doc. 152*.  On December 21, 2022, Plaintiff filed her Notice of Plaintiff T.R.'s Non-Opposition to Defendant Critchlow's Motion for Judgement [sic] on the Pleadings and Memorandum in Support.  *See doc. 176*.

II. **ANALYSIS**

Lawsuits brought against public officials in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978)).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects

---

[1] Mr. Ewing has subsequently been dismissed from this case pursuant to the parties' stipulation.  *See doc. 140*.

other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). "Damages awarded against a defendant in his official capacity are only recoverable against the governmental entity itself." *Browder v. City of Albuquerque*, No. CIV 13-599 RB/KBM, 2014 WL 12487667, at *3 (D.N.M. Mar. 13, 2014) (citing *Graham*, 473 U.S. at 166). Where a lawsuit names both a municipal entity itself and a municipal official in his or her official capacity, the claims are "redundant," *Vondrak v. City of Las Cruces*, No. CIV-05-0172 JB/LFG, 2009 WL 1300945, at *2 (D.N.M. Mar. 30, 2009), and courts "routinely" dismiss the official capacity claims to avoid confusion, *see, e.g.*, *Browder*, 2014 WL 12487667, at *3; *Doe v. Farmington Mun. Sch.*, No. CV 21-103 SCY/KK, 2022 WL 9956170, at *1 (D.N.M. Oct. 17, 2022) (collecting cases).

Here, Plaintiff only brings official capacity claims against Defendant Critchlow. *See doc. 94* at ¶ 10. In addition, Defendant LCPS's Answer to Plaintiff's First Amended Complaint (*doc. 98*) confirms that it has notice of Plaintiff's claims in this suit. Therefore, Plaintiff's claims against Defendant Critchlow are duplicative of her claims against Defendant LCPS. *See Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ.*, No. 1:21-cv-00978-KWR-JFR, 2022 WL 816501, at *3 (D.N.M. Mar. 17, 2022).

### III.     CONCLUSION

Because Plaintiff's claims against Defendant Critchlow are redundant, and because Plaintiff does not oppose the dismissal of her claims against Defendant Critchlow, *see doc. 176*, the Court will GRANT Defendant Critchlow's Motion for

Judgment on the Pleadings (*doc. 152*) and DISMISS Plaintiff's claims against Defendant Dana Critchlow WITH PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**