**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

T.R.,

     Plaintiff,

v.                                     Civ. No. 20-276 GBW/JHR

PATRICK HOWARD, *et al.*,

     Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF T.R.'S**
**MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT PATRICK**
**HOWARD FOR HIS VIOLATIONS OF PLAINTIFF'S RIGHTS TO SUBSTANTIVE**
**DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW AND DENYING**
**DEFENDANT PATRICK HOWARD'S CROSS-MOTION FOR SUMMARY**
**JUDGMENT**

THIS MATTER comes before the Court on Plaintiff T.R.'s Motion for Summary

Judgment as to Defendant Patrick Howard for His Violations of Plaintiff's Rights to

Substantive Due Process and Equal Protection Under the Law (*doc. 144*) ("Motion for

Summary Judgment") and Defendant Patrick Howard's Cross-Motion for Summary

Judgment (*doc. 150*). Having reviewed the Motions and their attendant briefing (*docs.*

*150, 164, 170*), and being otherwise fully advised, the Court will GRANT IN PART and

DENY IN PART Plaintiff's Motion for Summary Judgment and DENY Defendant

Patrick Howard's Cross-Motion for Summary Judgment.

## I.     BACKGROUND

The Court presumes familiarity with the factual background and procedural history of Plaintiff's claims against Defendant Patrick Howard ("Howard"), which has been included in previous orders and will not be repeated here.  *See doc. 214* at 2-4. Plaintiff filed her Motion for Summary Judgment on November 18, 2022, requesting the Court to enter summary judgment against Defendant Howard as to Plaintiff's substantive due process and equal protection claims against him.  *Doc. 144* at 1.  On November 30, 2022, Defendant Howard filed his Response and Cross-Motion for Summary Judgment, responding to Plaintiff's Motion for Summary Judgment as to her substantive due process and equal protection claims, moving for summary judgment against Plaintiff on those claims, and also moving for summary judgment on Plaintiff's battery and intentional infliction of emotional distress claims against him.  *See doc. 150* at 2.  Briefing on the parties' cross-motions for summary judgment is complete, *see docs. 165, 171*, and these motions are ready for decision.

## II.     UNDISPUTED MATERIAL FACTS

Plaintiff argues the Court should find that Defendant Howard has admitted all allegations in Plaintiff's First Amended Complaint by failing to file a timely answer or other responsive pleading.  *See doc. 144* at 12-14.  However, the Court has since granted Defendant Howard leave to file an untimely answer to the First Amended Complaint,

*see doc. 214* at 28, and he has done so, *see doc. 215*.  Therefore, the Court does not deem Plaintiff's allegations undisputed by virtue of Defendant Howard's failure to file an untimely answer and instead bases its factual findings on the parties' briefing and the record as a whole.

The Court finds the following material facts to be undisputed for purposes of the parties' cross-motions for summary judgment:

1. At all relevant times, Defendant Howard was employed by Las Cruces Public Schools ("LCPS") and acting within the course and scope of his employment with LCPS.  Plaintiff's Undisputed Material Facts ("PUMF") 1; *doc. 150* at 4.

2. During the 2016-2017 and 2017-2018 school years, Plaintiff was a minor and a female student at Las Cruces High School (LCHS), and Defendant Howard was an agricultural teacher at LCHS and a faculty advisor of the Future Farmers of America chapter of which Plaintiff was a member.  PUMFs 2, 3; *doc. 150* at 4.

3. Plaintiff's claims in this case are based on Defendant Howard's sexual grooming, sexual harassment, and sexual abuse of Plaintiff during the 2016-2017 and 2017-2018 school years.  *Doc. 94* ¶ 20; PUMF 4; *doc. 150* at 4.[1]

---

[1] Defendant Howard's contention that a fact is "immaterial" is insufficient to create a genuine dispute about that fact.  *See* D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.").  Therefore, for this and certain others of the Court's factual findings, the Court has found undisputed those facts which Defendant Howard asserts are "immaterial" without offering any other basis for finding them disputed.

4.   During the relevant two school years, Defendant Howard would refer to Plaintiff as his "favorite student."  PUMF 9; *doc. 150* at 7.

5.   Defendant Howard would also comment on Plaintiff's appearance or give her compliments, such as telling her she "looked good" or "beautiful" or that he "didn't want other guys looking at her."  PUMF 11; *doc. 150* at 11.

6.   During the relevant school years, Defendant Howard would touch Plaintiff's and certain other female students' hair, shoulders and low backs during class, without their consent.  PUMF 6; *doc. 150* at 6 (failing to specifically dispute the portion of PUMF 6 pertaining to Defendant Howard's touching of students' hair, shoulders, and low backs).

7.   Defendant Howard repeatedly gave Plaintiff full frontal hugs that caused her breasts to be pressed against his body and that Plaintiff described as "too long and too close for comfort."[2]  PUMFs 6, 8, 12, 13; *doc. 144-4* at 2; *doc. 150* at 6 (failing to dispute that Defendant Howard gave Plaintiff frontal hugs).

---

[2] Plaintiff submits that the Court should find as an undisputed fact that Defendant Howard touched her breasts, because he purposely "held [her] in close frontal hugs that were too long, too close, and too tight, so [her] breasts were pushed against his body."  See PUMF 8, 12; *See also* PUMF 13 (asserting that Defendant Howard gave frontal hugs to Plaintiff "with the intent to feel her breasts pressed against him").  Defendant Howard admits that he hugged Plaintiff, but he contends that he did not touch Plaintiff's breasts and that he did not hug her with the intent of feeling her breasts.  *Doc. 150* at 6.  Plaintiff does not cite any specific evidence in support of her contention that Defendant Howard gave her frontal hugs for the purpose of feeling her breasts.  Therefore, the Court limits its factual finding to be that Defendant Howard's hugs caused Plaintiff's breasts to be pushed against his body.

8.  On at least five occasions, when Defendant Howard was driving a vehicle on a school-sponsored trip and Plaintiff was sitting next to him, he put his hand on her upper thigh over her clothing while she slept.  PUMF 14; *doc. 150* at 7; *doc. 144-5* at 37:01-40:08.

9.  Defendant Howard also touched Plaintiff on her thigh during class multiple times during the relevant time period.  For instance, Defendant Howard would go to Plaintiff's desk in his classroom and touch her thigh while talking to her. PUMFs 6, 12; *doc. 150* at 6, 7 (failing to dispute that Defendant Howard touched Plaintiff on her thigh multiple times); *doc. 144-2* at 14:05-14:06; *doc. 144-5* at 169:09-169:15.

10. On September 1, 2017, Defendant Howard gave Plaintiff a frontal hug in his classroom, placed his arms on her waist, and then slid his hands down and grabbed her buttocks.  PUMF 17; DUMF D; *doc. 150* at 7-8.

11. On another occasion, Defendant Howard grabbed Plaintiff's buttocks as he tried to stop her from falling after she tripped in the hallway at LCHS.  Defendant Howard's Undisputed Material Fact ("DUMF") D; *doc. 164* at 8.

12. On a third occasion, Defendant Howard slapped Plaintiff's buttocks with his hand as she was leaving his classroom and said "see you later."  PUMF 16; *doc. 144-2* at 13:24-14:02.[3]

---

[3]      Defendant Howard admits that he touched Plaintiff's buttocks on two specific occasions—once when he tried to stop her from falling as she tripped, and once when he gave Plaintiff a hug and cupped her buttocks with his hands—and disputes that he touched Plaintiff's buttocks more than twice.  *See* DUMF D; *doc. 150* at 7; *doc. 144-5* at 43:25-45:03.  Defendant Howard testified at his deposition that he only touched Plaintiff's buttocks twice and argues that the transcript of his plea disposition hearing corroborates that these were the only two occasions on which he touched Plaintiff's buttocks.  *See doc. 150* at 7.  However, the facts Defendant Howard admitted as part of his guilty plea to Criminal Sexual Contact of a Minor in state court describe an occasion on which "[Plaintiff] was leaving the defendant's classroom, and he slapped her on the buttocks with his hand and said, 'See you later.'"  *See doc. 144-2* at 13:24-14:02.  That additional incident—*i.e.*, slapping Plaintiff's buttocks with his hand while she was leaving his classroom—could not reasonably be interpreted to be one of the two expressly undisputed instances of touching, because it describes conduct that occurred in a different location and in a different manner than that of the two undisputed incidents.  *Compare id. with* UMFs 10, 11.  Therefore, the Court finds that Defendant Howard's position in this lawsuit that he only touched Plaintiff's buttocks twice is contradicted, not corroborated, by the factual basis for his guilty plea in state court, even though the factual basis for his guilty plea only describes two incidents on which Defendant Howard touched Plaintiff's buttocks.

     To the extent Defendant Howard is now asserting that he never touched Plaintiff's buttocks on a third occasion when he slapped Plaintiff's buttocks while she was leaving his classroom, the Court finds that he should be judicially estopped from taking that position.  The doctrine of judicial estoppel is a "broad, discretionary remedy which courts may invoke to protect the integrity of the judicial process."  *Spurlock v. Townes*, No. 9-CV-786 WJ/DJS, 2010 WL 11470391, at *5 (D.N.M. May 26, 2010).  Where a party has admitted certain facts as part of an earlier criminal plea agreement, courts may apply judicial estoppel to preclude a party from contesting those facts in a later civil proceeding.  *S.M. v. Bloomfield Sch. Dist.*, Case No. 16-cv-823 SCY/WPL, 2017 WL 3159166, at *3 (D.N.M. June 12, 2017).  Although the operation of judicial estoppel is "probably not reducible to any general formulation of principle," there are three principles courts consider when determining whether judicial estoppel is appropriate: (1) whether a party's later position is clearly inconsistent with its earlier position, and whether that position is one of fact rather than law or legal theory; (2) whether the party succeeded in persuading a court to accept its earlier position, such that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advance or impose an unfair detriment on the opposing party if not estopped.  *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (citations omitted).  Here, Defendant Howard's position of fact with respect to the number of times he touched Plaintiff's buttocks and the circumstances surrounding the touching is inconsistent with part of the factual basis for his plea agreement, which he—through his counsel—affirmed the State of New Mexico could prove beyond a reasonable doubt.  *See doc. 144-2* at 13:24-14:02, 15:03-15:16.  The Court therefore finds that the factors relevant to determining the applicability of judicial estoppel support

13. On March 2, 2018, a Dona Ana County grand jury found probable cause for the State of New Mexico to prosecute Defendant Howard for four third degree felony sexual offenses for his sexual touching of Plaintiff's buttocks when she was his underage student.  PUMF 29; *doc. 150* at 9.

14. On May 27, 2021, Defendant Howard pled guilty to Criminal Sexual Contact of a Minor in the Third Degree, in violation of N.M. Stat. Ann. § 30-09-13(D)(2) (1978), based on the September 1, 2017, incident in which Defendant Howard hugged Plaintiff and then grabbed her buttocks in his classroom.  PUMF 31; *doc. 150* at 9.

### III.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the movant meets this burden, the non-moving party is required to designate specific facts showing that "there are . . . genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either

---

estopping Defendant Howard from taking the position that he only touched Plaintiff's buttocks on two occasions.

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex*, 477 U.S. at 324. "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted).

In applying this standard, the Court must draw all "reasonable inferences" in the light most favorable to the non-moving party. *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998). Summary judgment is appropriate only "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A). All material facts set forth in the motion and response which are not specifically controverted are deemed undisputed. D.N.M.LR-Civ. 56.1(b).

## IV.   ANALYSIS

The Court previously dismissed Plaintiff's battery and intentional infliction of emotional distress claims against Defendant Howard, *see doc. 214* at 28, so Defendant Howard's Cross-Motion for Summary Judgment is moot as to these two claims. The claims against Defendant Howard which remain in this case following the Court's

Order Granting Defendant Patrick Howard's Opposed Motion for Leave to File an

Answer to Plaintiff's First Amended Complaint, Denying Plaintiff's Motion for

Judgment on the Pleadings as to Defendant Howard, and Granting in Part and Denying

in Part Defendant Patrick Howard's Cross-Motion for Judgment on the Pleadings (*doc.

214*) are claims for violations of Plaintiff's rights under the Fourteenth Amendment to

substantive due process and equal protection.  *See id.*; *doc. 94* ¶¶ 189-207, 245-55.  Both

of these claims are subject to the instant cross-motions for summary judgment.

Because Plaintiff brings her equal protection and substantive due process claims

pursuant to 42 U.S.C. § 1983, Plaintiff must show: (1) that Defendant Howard violated

her rights guaranteed by the Constitution or federal law and (2) that he committed the

violation of her rights under color of state law.  42 U.S.C. § 1983; *Chavez v. Bd. of Cnty

Comm'rs of Sierra Cnty*, 899 F. Supp. 2d 1163, 1177 (D.N.M. 2012).  It is undisputed that

Defendant Howard was acting under color of state law at all relevant times, *see* UMF 1,

so the Court's analysis is focused on whether Defendant Howard violated Plaintiff's

rights to substantive due process and equal protection.  For the reasons explained

below, the Court finds that Plaintiff is entitled to judgment as a matter of law on her

substantive due process claim and that a genuine dispute precludes the Court from

entering summary judgment for either side on Plaintiff's equal protection claim.

### A.  Substantive Due Process

Government action that deprives someone of life, liberty, or property in a manner so arbitrary it 'shocks the conscience'" is actionable under the substantive due process clause of the Fourteenth Amendment.  *Abdi v. Wray*, 942 F.3d 1019, 1027 (10th Cir. 2019) (internal citations omitted).  The challenged conduct must be "conscience shocking[] in a constitutional sense," *Brown v. Montoya*, 662 F.3d 1152, 1172 (10th Cir. 2011) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)), which means the conduct must far exceed mere negligence, *Halley v. Huckaby*, 902 F.3d 1136, 1155 (10th Cir. 2018.  Conduct shocks the conscience when it is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency."  *See Lewis*, 523 U.S. at 847 (quoting *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957)).

In the Tenth Circuit, sexual abuse of a student by a public school teacher violates the student's substantive due process right to bodily integrity when the abuse constitutes "a brutal and inhuman abuse of official power literally shocking to the conscience."  *Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19*, 77 F.3d 1253, 1255, 1257-58 (10th Cir. 1996).  Not all teacher-on-student sexual physical misconduct meets the threshold of being 'conscience-shocking.'  *See S.M. v. Bloomfield Sch. Dist.*, Case No. 16-cv-823 SCY/WPL, 2017 WL 3159166, at *7 (D.N.M. June 12, 2017) (collecting cases in which sexually motivated touching of a student by a school

employee was not found to be unconstitutional).  Although the Tenth Circuit affirmed

in *Abeyta* that a schoolteacher's "[s]exual assault or molestation" of a student violates

that student's substantive due process rights, the *Abeyta* court did not delineate the type

of misconduct that would constitute 'sexual assault or molestation.'  77 F.3d at 1255.

Courts therefore undertake a "highly fact specific" inquiry to determine whether

improper sexual touching of a student by a teacher is sufficiently offensive and

egregious to be deemed conscience shocking.  *See Garrity v. Governance Bd. of Cariños*

*Charter Sch.*, Civ. No. 19-95 JAP/JHR, 2020 WL 5074385, at *3 (D.N.M. Aug. 27, 2020).

This fact-specific inquiry is guided by "general principles" that bear on whether

conduct meets the high threshold of offensiveness and egregiousness required for a

substantive due process violation.  *See id.*  First, "a teacher's sexually motivated,

unwelcome physical contact with a student is not necessarily conscience shocking."  *Id.*

(quoting *N.F. on behalf of M.F. v. Albuquerque Pub. Sch.*, Case No. 14-cv-699 SCY/RHS,

2015 WL 13667294, at *4 (D.N.M. Jan. 30, 2015)).  Second, "inappropriate touching of a

student is much more likely to be actionable under the due process clause if it involves

the touching of certain erogenous zones, such as the genitals, the breasts, or the

buttocks."  *Id.*  Third, "teacher abuse is more likely to be considered brutal, inhumane,

and conscience shocking if it happens more than once or repeatedly occurs over a long

period of time."  *Id.*

In light of the foregoing legal standards and undisputed facts, Plaintiff is entitled to judgment as a matter of law on her substantive due process claim.  It is undisputed that, over the course of two school years, Defendant referred to Plaintiff as his "favorite student"; gave her compliments or otherwise commented on her physical appearance; touched her shoulders, hair, and low back during class without her consent; repeatedly gave her long frontal hugs which caused her breasts to be pushed against his body and which she described as "too long and too close for comfort"; and on at least five occasions put his hand on her thigh while she was asleep and sitting next to him in vehicles on school trips.  UMFs 4-8.  Further, it is also undisputed that Defendant Howard touched Plaintiff on her thigh during class multiple times and grabbed or slapped her buttocks on at least three occasions: first when he gave her a frontal hug in which he placed his hands on her waist and slid his hands down and grabbed her buttocks, second when he grabbed her buttocks as he tried to stop her from falling after she tripped in the hallway at LCHS, and third when he slapped Plaintiff's buttocks with his hand as she was leaving his classroom.  UMF 9-12.[4]

---

[4] Plaintiff argues that the Court should also find as an undisputed fact that Defendant Howard gave shoulder massages to certain female students, including Plaintiff, and pulled Plaintiff onto his lap in his classroom during class.  PUMF 6, 12, 15.  Although Plaintiff cites her pleadings and her own deposition testimony in support these assertions, *see* PUMF 6 (citing *doc. 94* ¶ 50); PUMF 12 (citing *doc. 144-6* at 91:23-92:09); PUMF 15 (citing *doc. 144-6* at 219:12-220:07, 227:11-228:03), Defendant Howard testified at his deposition that he does not remember giving Plaintiff shoulder massages or pulling her onto his lap, *see doc. 150* at 6 (citing *doc. 144-5* at 97:16-17); *doc. 150* at 7 (citing *doc. 144-5* at 97:11-15).  As a result, the Court does not find that this conduct is undisputed.

For several reasons, the undisputed physical and non-physical misconduct alleged by Plaintiff rises to the level of being conscience shocking.  First, Defendant Howard either grabbed or slapped Plaintiff on her buttocks—an area of the body considered intimately private for purposes of determining whether sexual touching shocks the conscience—on at least three occasions.  UMFs 10-12; *Sh.A as Next Friend of J.A. v. Tucumcari Mun. Sch.*, No. CV 00-727 JP/DJS-ACE, 2001 WL 37124734, at *4 (D.N.M. Oct. 17, 2001).  Second, the three incidents in which Defendant Howard grabbed or slapped an intimate area of Plaintiff's body did not occur in isolation; they were part and parcel of a broader pattern of repeated physical and non-physical misconduct that spanned two school years and took place in the hallways of LCHS, in Defendant Howard's classroom, and off-campus at school-sponsored events.  *See* UMFs 3-12.  Therefore, both hallmarks of sexual misconduct that is actionable under the substantive due process clause—that the conduct involved the touching of an intimate area of the body and occurred repeatedly or over a long period of time—are present here.

The Court is not persuaded by Defendant Howard's argument that *N.F. on behalf of M.F. v. Albuquerque Public Schools* supports the conclusion that the physical misconduct alleged by Plaintiff is insufficient as a matter of law even though Defendant Howard touched Plaintiff's buttocks.  In *N.F.*, a student's sixth grade English teacher

and special education sponsor stared at the student's buttocks; asked her to sit in a chair known as the "cuddle chair"; "cornered" her and "lightly" slapped her buttocks, stomach, and upper thighs; reached into her back pants pocket to quiet a ringing cellphone; and intentionally touched her genitals over her clothing. *See* 2015 WL 13667294, at \*5. In finding that the teacher's conduct plausibly supported a substantive due process claim, the *N.F.* court relied heavily upon the fact that the defendant slid his hand across the plaintiff's genitals. *Id.* at \*4-5. Defendant likens the conduct in this case to the conduct in *N.F.* and argues that because he did not touch Plaintiff's genitals, the holding in *N.F.* suggests that Defendant's conduct is not conscience shocking. *See doc. 150* at 17.

The Court disagrees with Defendant's interpretation of *N.F.* on two fronts. First, the *N.F.* court did not hold that the touching of the plaintiff's genitals was determinative. Nor did it hold that an allegation that a defendant touched a plaintiff's buttocks fails to give rise to a substantive due process claim as a matter of law when the plaintiff does not also allege that the defendant touched his or her genitals. These holdings would be somewhat in tension with the principle—recited by the *N.F.* court— that touching is more likely to be conscience shocking if it involves certain erogenous zones, to include the buttocks. *See* 2015 WL 13667294, at \*4. Although it is true that the *N.F.* court placed significant weight upon the allegation that the defendant had

14

intentionally touched the plaintiff's genitals, the court made clear that its holding was based on its consideration of the plaintiff's allegations in the aggregate.  *Id.* at *4-5. Second, the Court disagrees that the conduct in this case is similar to the conduct that was before the *N.F.* court.  In *N.F.*, the circumstances surrounding the touching of the plaintiff's buttocks were that the defendant had "cornered" the plaintiff and "lightly slapped" her buttocks on one occasion.  *Id.* at *1.  Here, the undisputed facts are that Defendant Howard either grabbed or slapped Plaintiff's buttocks on three separate occasions, and the circumstances surrounding the September 1, 2017, incident in which Defendant Howard hugged Plaintiff and then reached down and grabbed her buttocks are more "overtly sexual" than the "light slap" that occurred in *N.F. See id.*; UMF 10.  In addition, the extent of the additional undisputed conduct in this case—including multiple instances of Defendant Howard giving Plaintiff frontal hugs that were "too long" and "too close for comfort" and touching her thigh in his classroom and on school trips—exceeds the extent of the physical misconduct in *N.F.*, which was comprised of three incidents.[5]  *See* 2015 WL 13667294, at *1; UMFs 6-9.

---

[5] For these same reasons, the Court disagrees with Defendant Howard that the conduct in this case is similar to the conduct in *Gilliam v. USD No. 244 School District*, where the court found that the allegations that a teacher inappropriately put his arm around the plaintiff, touched the plaintiff by leaning over her desk, and rubbed up against her one time by pressing his torso into her back were insufficient for a substantive due process claim, 397 F. Supp. 2d 1282, 1288 (D. Kan. 2005).

The Court also disagrees with Defendant Howard that the conduct is this case is less egregious than the conduct in *Sh.A. ex rel. J.A. v. Tucumcari Municipal Schools*, where the court held that allegations by two boys in the fifth and sixth grades that a teacher rubbed and touched their backs and chests—sometimes under their shirts—and touched them on their thighs underneath their shorts above their knees, did not support a substantive due process claim. *See* 2001 WL 37124734, at *1, 5. As the *Sh.A.* court acknowledged, that case "involved no touching of any body part considered intimately private such as buttocks, nipples, or genitals." *Id.* at *4. Because the undisputed conduct here includes the touching of an intimate area of Plaintiff's body which occurred at least three times, as well as multiple instances of different types of physical misconduct, the Court rejects the notion that the instant pattern of conduct is less conscience shocking than the conduct at issue in *Sh.A.*

Finally, and importantly, a third basis for the Court's finding that the undisputed conduct in this case satisfies the 'shocks the conscience' standard is Defendant Howard's guilty plea to one count of Criminal Sexual Contact of a Minor in the Third Degree under N.M. Stat. Ann. § 30-09-13(D)(2) based on the September 1, 2017, incident in which he grabbed Plaintiff's buttocks while hugging her in his classroom. UMF 14. Criminal sexual contact of a minor is classified as a "serious violent offense" pursuant to N.M. Stat. Ann. § 33-2-34 (1978). The parties do not dispute that Defendant Howard

entered this guilty plea, so it is necessarily undisputed that Defendant Howard

perpetrated conduct on Plaintiff that amounted to criminal sexual contact on at least

one occasion.  *See* UMF 13; *S.M.*, 2017 WL 3159166, at *7 (finding that the court did not

need to determine whether the touching at issue rose to the level of sexual assault or

molestation because the defendant had admitted to felonious sexual contact of a minor

by virtue of his guilty plea to criminal sexual contact of a minor).  For purposes of § 30-

9-13, Criminal Sexual Contact of a Minor is defined as "the unlawful and intentional

touching of or applying force to the intimate parts of a minor or the unlawful and

intentional causing of a minor to touch one's intimate parts."  N.M. Stat. Ann. § 30-09-

13(A).  Under the statute, "'intimate parts' means the primary genital area, groin,

buttocks, anus or breast."  *Id.*  The New Mexico Supreme Court has held that a

necessary element of the offense of Criminal Sexual Contact of Minor is that the

touching was "unlawful," which means that it was done in a "wrongful manner[,] . . .

regardless of the actor's specific intent."  *State v. Osborne*, 808 P.2d 624, 630 (N.M. 1991).

The New Mexico Supreme Court has further explained that conduct is done in a

wrongful manner if it is "done in a manner calculated to arouse or gratify sexual desire,

or otherwise to intrude upon the bodily integrity or personal safety of the victim."  *Id.* at

631.  The legislatively protected interests that § 30-09-13 aims to vindicate are the

protection of children's bodily integrity and personal safety.  *State v. Pierce*, 792 P.2d

408, 412 (N.M. 1990).

Consequently, by entering his guilty plea, Defendant Howard admitted that he

intentionally touched an intimate part of Plaintiff's body, and that he did so either to

arouse or gratify his sexual desire or in a way that intruded on Plaintiff's bodily

integrity or personal safety.[6]  The Court need not conclude that the elements of § 30-09-

13 necessarily establish conscience-shocking conduct on their own.  *See Sanchez as Next*

*Friend of L.S. v. Brokop*, No. CIV 04-0134 RB/RLP, 2004 WL 7337874, at *3 (D.N.M. June

10, 2004) (denying summary judgment on the plaintiff's substantive due process claim

where there was no evidence before the court of conscience-shocking conduct except for

the fact that the defendant had pled guilty to criminal sexual contact of a minor).

However, in view of all of the undisputed conduct here, the Court cannot conclude that

Defendant Howard's intentional touching of Plaintiff's buttocks (i) in a way calculated

to arouse or gratify his sexual desire, or (ii) in a way that intruded upon Plaintiff's

bodily integrity or personal safety was not a violation of Plaintiff's right to bodily

integrity guaranteed by the substantive due process clause.  *See Abeyta*, 77 F.3d at 1255

---

[6] As is discussed at greater length in *infra* Section IV.B, the transcript and audio recording of Defendant Howard's plea and disposition hearing that have been provided to the Court do not indicate whether or not Defendant Howard admitted that his conduct was done for his own sexual gratification.  *See doc. 144-2*; *doc. 144* Ex. B-2. However, unlike the equal protection claim, the substantive due process claim does not require that the conduct be sexual in nature.

(stating that "[s]exual assault or molestation by a school teacher violates a student's substantive due process rights" and "is an intrusion of the student's bodily integrity"). Therefore, the Court gives Defendant Howard's guilty plea significant weight in finding that Plaintiff is entitled to judgment as a matter of law on her substantive due process claim. *Cf. S.M.*, 2017 WL 3159166, at *7 (relying on the elements of § 30-09-13 and the legislatively protected interests involved, in addition to the defendant's admission that he had acted for his own sexual gratification, to find that "no reasonable factfinder could determine that [the defendant] did not sexually molest" the plaintiff).

To summarize, Plaintiff is entitled to judgment as a matter of law on her substantive due process claim because (1) the undisputed conduct includes the touching of an erogenous area of her body on at least three separate occasions, (2) the totality of the physical and non-physical misconduct in this case occurred repeatedly over the course of two school years and included multiple instances of physical misconduct, and (3) it is undisputed that Defendant Howard touched Plaintiff in a way that amounted to criminal sexual contact on at least one occasion.

### B.  Equal Protection

The Fourteenth Amendment provides that "[n]o [s]tate shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  A denial of equal protection of the laws under color of state law is actionable under

42 U.S.C. § 1983.  *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1124 (10th Cir. 2008).  It is well established in the Tenth Circuit that a state actor who commits sexual harassment violates the equal protection clause.  *Shepherd v. Robbins*, 55 F.4th 810, 817 (10th Cir. 2022) (citing *Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989)).  Additionally, the Tenth Circuit has recognized that the cause of action under the equal protection clause for sexual harassment by a state actor encompasses sexual harassment in the teacher/student context.  *Sh.A. ex rel. J.A. v. Tucumcari Mun. Sch.*, 321 F.3d 1285, 1289 (10th Cir. 2003).  To establish that a state actor's conduct constituted sexual harassment under the equal protection clause, a plaintiff must show that the state actor abused his governmental authority for purposes of his own sexual gratification.  *Shepherd*, 55 F.4th at 817.

Here, the parties dispute whether Defendant Howard touched Plaintiff for purposes of sexual gratification.  Plaintiff argues it is undisputed that Defendant Howard touched Plaintiff for his own sexual gratification based on his guilty plea to criminal sexual contact of a minor in violation of N.M. Stat. Ann. § 30-09-13, his deposition testimony that an impulse "can . . . also be a sexual impulse," and various allegations in her First Amended Complaint.  *See doc. 144* at 25 (citing PUMFs 5, 10-11, 31).  In response, Defendant Howard argues it is undisputed that he did not touch Plaintiff for his own sexual gratification based on his deposition testimony in which he

denied obtaining sexual gratification from touching Plaintiff and other minor female

students at LCHS or 'liking' touching Plaintiff.  *See* DUMF E.

The Court disagrees with Plaintiff that Defendant Howard's guilty plea to

criminal sexual contact of a minor in violation of N.M. Stat. Ann. § 30-09-13 constitutes

an admission that he engaged in conduct for purposes of his own sexual gratification.

As explained previously, conduct is "unlawful" within the meaning of § 30-9-13 if it is

"done in a wrongful manner[,] . . .  regardless of the actor's specific intent."  *Osborne*,

808 P.2d at 630.  Because conduct may violate § 30-09-13 if it is not calculated to gratify

sexual desire but it nevertheless intrudes on a victim's bodily integrity or personal

safety, the bare fact that Defendant Howard pled guilty to criminal sexual contact of a

minor does not necessarily establish that he engaged in the charged conduct for

purposes of his own sexual gratification.  The Court has reviewed the transcript and

audio recording of Defendant Howard's May 27, 2021, plea disposition hearing and

finds no evidence that Defendant Howard admitted to undertaking conduct for sexual

gratification as part of his plea.  *See doc. 144-2*; *doc. 144* Ex. B-2.

Moreover, having reviewed the other evidence cited by Plaintiff and Defendant

Howard in support of their cross motions for summary judgment on Plaintiff's equal

protection claim, the Court finds that, on the record before the Court, a credibility

determination is required on the issue of whether Defendant Howard undertook the

undisputed conduct in this case for purposes of his own sexual gratification.  Therefore, judgment as a matter of law on this claim is improper.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff T.R.'s Motion for Summary Judgment as to Defendant Patrick Howard for His Violations of Plaintiff's Rights to Substantive Due Process and Equal Protection Under the Law (*doc. 144*) is GRANTED IN PART as to Plaintiff's substantive due process claim and DENIED IN PART as to Plaintiff's equal protection claim.  Defendant Patrick Howard's Cross-Motion for Summary Judgment (*doc. 150*) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**