IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                                                                          Civ. No. 20-276 GBW/JHR

PATRICK HOWARD,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO ADMIT EVIDENCE OF SIMILAR ACTS OF SEXUAL ASSAULT

THIS MATTER comes before the Court on Plaintiff's Motion and Memorandum in Support of Motion to Admit Evidence of Similar Acts of Sexual Assault, Pursuant to Federal Rules of Evidence 413, 415, and 404(b) ("Motion").  *Doc. 221.*  In the Motion, Plaintiff requests that the Court permit her to introduce evidence at trial of Defendant Howard's inappropriate physical contact with several other female students, including C.H., V.D., S.O., H.R., and Estrella Caro, during the same time that he was engaging in misconduct with Plaintiff.  *Id.* at 6-10.

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act" if it is used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, evidence of any other crime, wrong, or act "may be admissible for another purpose, such as proving motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

At trial, Plaintiff will need to prove that Defendant Howard touched T.R. in various places on her body for purposes of his own sexual gratification. *See doc. 217* at 21-22. The evidence that Plaintiff seeks to admit regarding Defendant Howard's touching of other female students, in a similar fashion as he touched T.R., is relevant to establishing that his touching of T.R. was motivated by sexual desire. As a result, the Court finds that this evidence fits under the exceptions for motive and intent in Fed. R. Evid. 404(b). Further, the Court finds that because the probative value of the evidence regarding these other acts outweighs any prejudice to Mr. Howard, this evidence shall not be excluded under Fed. R. Evid. 403. Consequently, this evidence is admissible at trial.

Based on the foregoing reasons, as well as the reasons given in the hearing before the Court on January 26, 2024, *see doc. 255*, the Court will GRANT Plaintiff's Motion and permit Plaintiff to introduce evidence regarding Defendant Howard's sexual misconduct with C.H., V.D., S.O., H.R., and Estrella Caro.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**