UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.

    Plaintiff,

                                                                                   No. 20-cv-0276 GBW/JHR

v.

**PATRICK HOWARD**

    Defendant,

## PLAINTIFF T.R.'S OBJECTION TO DEFENDANT'S TRIAL WITNESSES AND MOTION TO STRIKE DEFENDANT'S WITNESSES DISCLOSED AFTER THE CLOSE OF DISCOVERY

Plaintiff T.R., by and through undersigned counsel, hereby submits her objections to Defendant Patrick Howard's Trial Witness List (Doc. 248) and requests the Court strike many of Defendant's designated trial witnesses due to his untimely disclosure, pursuant Federal Rules of Civil Procedure 26(a)(1) and Rule 37(c)(1). Defendant Howard opposes the relief sought.

## FACTUAL BACKGROUND

**A. Defendant Howard should not be permitted to introduce testimony from witnesses who were not disclosed during discovery or in a timely manner.**

On January 26, 2024, Defendant Howard served on Plaintiff his Second Supplemental Initial Disclosures, to include his "may call" witness list and numerous documents including Defendant Howard "confidential" therapy records from Viibe Wellness Center, awards, articles and other materials never before disclosed to Plaintiff T.R. – or any other Plaintiff's cases including former Plaintiff's C.H., V.D. and C.H.  Defendant's Trial Witness List, (Doc. 248) identifies after the close of discovery, and for the first time, nine additional "may call" witnesses, to include:

1. Tally May, Viibe Wellness Center Therapist (3)
2. Luis Urquidi, Defendant Howard's Probation Officer (4)
3. Emily Perry, a former student who "may" testify. (6)

4. Wyatt Neal, a former student who "may" testify. (7)
5. Kaily Parra, a former student who "may" testify. (9)
6. Kasin Talbot, a former student who "may" testify. (10)
7. Jayde Talbot, a former student who "may" testify. (11)
8. Denny Atchley, a former student who "may" testify; (12) and,
9. Peyton Ball, a former student who "may" testify. (13)

Plaintiff T.R. responded to this 11th hour disclosure by asking Defendant Howard to withdraw the nine late disclosed "may call" witnesses. Defendant Howard has agreed to withdraw of all of these witnesses except his Therapist Tally May and his Probation Officer Luis Urquidi. It is undisputed these witnesses were not disclosed during discovery, which ended October 31, 2022 (Doc. 138) nor in any Rule 26(a)(1) disclosures by any party or in any written supplemental disclosure provided to any Plaintiff prior to January 26, 2024 (Doc. 240, Order Extending Pre-Trial Deadlines) deadline.

In violation of this Court's Order (Doc. 240) Defendant Howard identified fifty-four (54) "may call" witnesses – and no "will call" witnesses, despite the clear instructions by the Court to identify both "will call" and "may call" witnesses. In so doing, Defendant Howard is attempting to sandbag Plaintiff by identifying 54 people who "may" testify, many of whom were never previously identified as having any relevant information and/or providing a vague statement as to the substance of their proposed testimony: "a former student at Las Cruces High School and may be called to testify to the allegations within the Complaint." (Doc. 248).

More than 15 months after the close of discovery, on the eve of trial, Defendant Howard chose to notify Plaintiff that both his therapist (Tally May); and his probation officer (Luis Urquidi) are "may call" witnesses who may testify about his post-conviction sex offender therapy. This is a ploy to incur sympathy for Defendant Howard. Defendant Howard would like to reduce the jury's punitive damages award by arguing this he has come a long way in therapy and on probation,

learned from his mistakes and has been punished enough by losing his teaching license and being on probation for the past 2 years.

Plaintiff can only speculate or deduce that these witnesses may be called to testify that Defendant Howard is hard on himself, has a supportive family, is a grandfather, punishes himself, and is contrite. Certainly, if Defendant Howard had placed his mental health at issue (by disclosing his therapist and probation officer overseeing his sex offender court-mandated therapy) during the discovery phase of this litigation, Plaintiff would have both taken the deposition of these witnesses, reviewed all their treatment records, therapy notes and testing, had her experts opine on their testimony, and asked for an independent medical examination, pursuant to Rule 35, of Defendant Howard to prepare for potential cross-examination of these witnesses.  As it stands Plaintiff has no ability to speak to these witnesses before trial because the HIPPA release for Defendant Howard is long expired and does not authorize Plaintiff to speak with his treating providers. Trial is scheduled to begin on March 4, 2024.  Therefore, Plaintiff moves to exclude Tally May (3) and Luis Urquidi (4) as trial witnesses.

The second category of recently disclosed "may call" witnesses are Defendant Howard's former students, who have no specific information to provide the fact finder on any issue at play. The description of their potential testimony is vague and unclear. Defendant Howard "may call" these students to testify to "allegations within the Complaint," even though none of these students are the subject of or mentioned in Plaintiff's Complaint (or Amended Complaint).  Some text messages amongst students who formed a "Free Howard," club may be between some of these students, but their support of Defendant Howard was wholly misplaced on their misunderstanding that he was innocent of sexually abusing T.R., as he established with his May 27, 2021 guilty plea to a third-degree felony for Criminal Sexual Contact of a Minor (Person in Position of Authority)

3

for his touching of T.R.'s buttocks. Howard's former students' opinions about him as an educator are irrelevant to any fact at issue in this litigation. There is no indication that any of these recently disclosed students personally observed conduct or overhead statements relevant to the claims or damages in this matter. Thus, Plaintiff moves to exclude the testimony of the following former students: (8) Alyssa Barrera, (48) Kaitlyn Neal, (49) Logan Neal, (50) Colton McVaugh, (51) Cerina Lucero, (52) Logan Johnson, (53) Arden Gardner, and (54) Taylor Brittle, as having no information relevant for the finders of fact. Fed. R. Evid. 401, 402.

## LEGAL ANALYSIS

### A. Defendant Howard's Failure to Disclose During Discovery is Prejudicial

Rule 26(a)(1) provides, in pertinent part, that a party must disclose, without awaiting a formal discovery request, " the name . . . of each individual likely to have discoverable information *-- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment." *See* Rule 26(a)(1)(A)(i) (emphasis added). Rule 26(a)(1)(A)(i) does not require the identification of every individual that may know something about the matter in dispute. Rather, Rule 26's disclosure obligation is limited to those individuals who are likely to have discoverable information "that the disclosing party may use" to support its claims or defenses. Rule 26(a)(1)(A)(I) also requires the disclosing party to identify "the subjects of the information" that a disclosed individual may provide. Defendant Howard has not disclosed the "subjects of information" these witnesses may provide.

Rule 26(a)(1) disclosures are designed to accelerate the exchange of basic information and "help focus the discovery that is needed and facilitate preparation for trial or settlement." *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a). To that end, initial disclosures should provide an opposing party "with information essential to the proper

4

litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement." *Windom v. FM Industries, Inc.*, No. 8:00CV580, 2003 WL 21939033, at *2 (D. Neb. Aug. 12, 2003) (quoting *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992)). *See also Ollier v. Sweetwater Union High School District*, 768 F.3d 843, 863 (9th Cir. 2014) (" An adverse party should not have to guess which undisclosed witnesses may be called to testify." ); *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (noting that Rule 26(a) seeks to " 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement" ).

More to the point, initial disclosures should be "complete and detailed," and should " give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation." *Crouse Cartage Co. v. National Warehouse Investment Co.*, No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. Jan. 13, 2003) (quoting *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001)). "Indicating briefly the general topics on which such persons have information should not be burdensome and will assist other parties in deciding which depositions will actually be needed." *See* Fed.R.Civ.P. 26(a) advisory committee's note to 1993 amendment. Further reflecting the important role that initial disclosures play in the discovery process, Fed.R.Civ.P. 26(g)(1)(A) provides that an attorney or party, by signing initial disclosures, certifies to the best of their " knowledge, information, and belief formed after a reasonable inquiry" that the disclosure is "complete and correct as of the time it is made."  There is no indication that the therapy and probationary records provided on January 25, 2024.

"Litigants should not indulge in gamesmanship with respect to the disclosure obligations." *See* Fed.R.Civ.P. 26(a) advisory committee's note to 1993 amendment. *See also Fitz,*

*Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 589 (D.N.J. 1997) (Rule 26 disclosure requirement should be applied with common sense). Counsel who makes the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions.

Fed. R. Civ. P. 26(e) imposes a self-executing obligation to supplement initial disclosures to the extent their disclosures are "incomplete or incorrect." *See A PDX Pro Co., Inc. v. Dish Network Service, LLC*, 311 F.R.D. 642, No. 12-cv-01699-RBJ-CBS, 2015 WL 7717199, at *5 n.5 (D. Colo. Nov. 30, 2015). *See also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1226 (10th Cir. 2015). As the court noted in *Dayton Valley Investors, LLC v. Union Pacific R. Co.*, No.2:08-cv-00127-ECR-RJJ, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010), Rule 26(e) "creates a duty to supplement, not a right" and does not "create a loophole" to be exploited by a party to its advantage. There is, however, no affirmative duty to supplement initial disclosures "if the additional or corrective information" has "otherwise been made known to the other parties during the discovery process or in writing." *See* Fed.R.Civ.P. 26(e)(1)(A).  Here, during the discovery process, which ended more than 15 months ago, Defendant Howard never made it known his defense was her would call his therapist or his probation officer or his former students to vouch for him.  The failure to disclose this information is harmful to Plaintiff.  There is no justification for Defendant Howard's failure to disclose a defense that is hidden in his incomplete set of therapy records and probationary counseling records.

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that where a party fails to make a disclosure required by Rule 26(a) or Rule 26(e)(1), that party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. See Fed.R.Civ.P. 37(c)(1). The non-moving party has the

6

burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D. Kan. 1995). While Rule 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. See *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (recognizing that Rule 37(c) vests broad discretion with the trial court). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Rule 37(c)(1)); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations).

New Mexico's versions of Rules 26 and 37 also support the basic legal premise that the purpose of witness disclosure rules, and related Scheduling Orders, are to give all parties a fair opportunity to test the credibility of the witnesses and to eliminate surprise and gamesmanship. *State v. Ruiz*, 119 N.M. 515, 521, 892 P.2d, 968 (Ct. App. 1995). "The discovery rules were adopted in the first place to eliminate surprise and allow for a full preparation of a case." *Redman v. Bd. of Regents*, 1984-NMCA-117, 102 N.M. 234, 238, 693 P.2d 1266, 1270. "Adequate trial preparation requires timely disclosure of expert witnesses." *Shamalon Bird Farm, Ltd. v. U.S. Fid. & Guar. Co.,* 1991-NMSC-039, ¶ 8, *111 N.M. 713, 809 P.2d 627* (internal quotation omitted). Timely disclosure is needed so that the opposing party can "properly prepare for cross examination." *Id.*

Failing to meet witness disclosures should not be taken lightly. A party's failure to comply with the duty to seasonably disclose witnesses subjects a party to Rule 1-037 discovery sanctions.

*Allred ex rel. Allred v. Bd. of Regents Univ. of N.M.,* 1997 NMCA 70, ¶ 19, 123 N.M. 545, 943 P.2d 579 (applying Rule 1-037(B)(2) to the failure to supplement answers to interrogatories). Further, in relation to Rule 1-037 sanctions, "[e]xcluding a witness, while still a drastic remedy, is 'one of the lesser sanctions' available to the court." *Shamalon Bird Farm, Ltd. v. United States Fid & Guar. Co.,* 111 N.M. 713, 716, 809 P.2d 627, 630 (1991) (internal citation omitted); *see also Lewis ex rel. Lewis v. Samson,* 2001-NMSC-035, ¶¶ 13-17, 131 N.M. 317, 35 P.3d 972 (affirming an order excluding witnesses that were not properly disclosed in discovery responses); *Aguilar v. Finalosky,* 2016 N.M. App. Unpub. LEXIS 360, at *2 (Ct. App. Oct. 5, 2016) (affirming trial court's decision to exclude Plaintiff from testifying at trial after he "failed to list himself as a witness"); *Sanchez v. Borrego,* 2004-NMCA-033, ¶ 17, 135 N.M. 192, 86 P.3d 617 (affirming trial court's decision to exclude Plaintiff from introducing witnesses due to failure to disclose witnesses in discovery); *Herrera v. Springer Corp.,* 1976-NMCA-015 ¶¶ 13-16, 89 N.M. 45, 546 P.2d 1202 (affirming the exclusion of a witness who was not properly disclosed in a pretrial order).

Plaintiff T.R. asks this Court to enforce the purpose of Rule 26, and in accordance with Rule 37, disallow Defendant Howard from calling the nine witnesses he disclosed on the same day he filed his Trial Witness List, and strike the other former students who Defendant has failed to show have any relevant information to share with the finder of fact but whom Defendant Howard now seeks to use as proxy apologists.

WHEREFORE, Plaintiffs ask that the Court strike the following witnesses first disclosed by Defendant after the close of discovery:

1. Tally May, Viibe Counselor
2. Luis Urquidi, Probation Officer
3. Emily Perry
4. Wyatt Neal
5. Kaily Parra
6. Kasin Talbot

7. Jayde Talbot
8. Denny Atchley
9. Peyton Ball

And the following former students who have no relevant information for the finder of fact:

1. Alysssa Barrera
2. Kaitlyn Neal
3. Logan Neal
4. Colton McVaugh
5. Cerina Lucero
6. Logan Johnson
7. Arden Gardner
8. Taylor Brittle

Plaintiff T.R. respectfully requests the Court issue an order prohibiting Defendant Howard from calling the nine previously undisclosed "may call" witnesses and the eight former student "may call" witnesses at trial.

Respectfully Submitted,

*Electronically Submitted*

*/s/ Mollie C. McGraw*
Mollie C. McGraw
McGraw & Associates, LLC
165 West Lucero Ave.
Las Cruces, NM 88005
Ph: (575) 523-4321
mollie@lawfirmnm.com

and

Shannon L. Kennedy
The Kennedy Law Firm, P.C.
P.O. Box 26776
Albuquerque, NM 87125-6776
P: 505-244-1400 / F: 505-244-1406
slk@civilrightslaw.com

*Attorneys for Plaintiff T.R.*

## CERTIFICATE OF SERVICE

I, Mollie C. McGraw, hereby certify that on February 1, 2024, a copy of the foregoing pleading was caused to be served via the CM/ECF filing system on all counsel of record.

                                          "*Electronically Submitted*"

                                          */s/ Mollie C. McGraw*
                                          Mollie C. McGraw