IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                                            Cause No.: 2:20-CV-00276-GBW-SMV

PATRICK HOWARD
AND LAS CRUCES PUBLIC SCHOOLS,

    Defendant.

### DEFENDANT PATRICK HOWARD'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTIONS

Defendant Patrick Howard submits the following objections to Plaintiff's proposed jury instructions, filed as Doc Number 283 as follows:

Plaintiff's jury instructions are based, in large part, upon jury instructions in a case filed in the United States District Court for the District of New Mexico entitled *Rebecca Sanchez, as Parent and Guardian of Minor Child L.S., Plaintiff v. Arthur R. Brokop*. The Complaint, filed February 6, 2004, in Cause No. 2:04-CV-00134 alleged violations of substantive due process and the equal protection clause of the 14th Amendment of the United States Constitution. It was alleged that Defendant, an employee of Farmington Municipal Schools, was a volunteer at Apache Elementary School, who was then hired as a substitute teacher by the School. The sexual contact between Mr. Brokop and the minor child is described in paragraph 8 of the Complaint, and consisted of Mr. Brokop placing the child on his lap, rubbing and fondling her vagina, while a video was playing in the classroom. On the same date, the Complaint alleged that Mr. Brokop molested two other female students. The Complaint alleged that the minor child suffered physical

{00600700}

and psychological injuries and severe emotional distress. The Complaint alleged that Mr. Brokop violated the student's substantive due process rights, as well as her equal protection rights.

In the *Sanchez v. Brokop* case, the defendant admitted liability. Many of the same jury instructions submitted by plaintiff in that case have been submitted in the present case, although slightly modified. In the present case, which is factually distinguishable from the *Brokop* case, the Court has found that the defendant's actions were a violation of TR's substantive due process rights, but that an issue of fact remains regarding equal protection. Another clear factual distinction in the *Sanchez v. Brokop* case was that, different from the case at bar, the teacher had direct contact with the vulva of the child.

The below objections are stated as to each instruction individually. If one of Plaintiff's requested jury instructions was not objected to, then the Court should assume the Defendant has no objection to the proposed instruction.

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

Plaintiff's Jury Instruction No. 3 are the proposed questions which Plaintiff requests permission from the Court to ask during voir dire. Some of the questions submitted are unduly prejudicial to the Defendant, or unduly emphasize the nature of the claims being made against the Defendant.

In particular the Defendant objects to instructions asking the panel members if they object to a law that places caps on damages since this tends to overemphasize the claims being made in the instant case. For instance, on page 7 of Document 283, Plaintiff describes the compensatory damages in detail which Plaintiff seeks to recover. The list is detailed and long and as such is overly argumentative, nor is there any anticipated evidence that these symptoms have all been experienced by the Plaintiff in this case, Ms. Ronga.

{00600700}

Plaintiff also submits questions about punitive damages, which Plaintiff defines as, "damages to punish and send a message" when in fact this is not the correct definition of the purpose of punitive damages. The Court not counsel should inform the jury regarding punitive damages, their purpose and the elements.

Finally, Defendant objects to Plaintiff's proposed voir dire objections that reference the words "sexual assault" and "sexual abuse." The Defendant was charged with and pled guilty to one count of "sexual contact with a minor." Defendant objects to terminology which references a crime which may be understandable to the jury members, and which might be confused with other crimes such as rape or molestation or other crimes involving under the clothes contact, with penile or digital insertion into an intimate body part.

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

In this instruction, Plaintiff proposes to inform the jury of the Court's findings of undisputed material fact pursuant to FRCP 56. Plaintiff has paraphrased 11 findings of fact, based upon the Court's order found at Doc. 217. First, Defendant objects to Plaintiff's paraphrasing of the findings. More importantly, it is not necessary for the jury to be instructed on each of the points which the Court found. There will not be any evidence that Mr. Howard's sexual contact with the Plaintiff lasted two consecutive years, and the reference to "an extended period of time" is misleading. The Defendant maintains that the touching took place over a matter of months, not years. Most importantly, simmply informing the jury that the Corut has determined that Defendant Howard's actions amounted to a violation of the Plaintiff's rights to substantive due process is sufficient. This is particularly true since the cross-examination of Mr. Howard will be lengthy and vigorous. To have the Court's findings disclosed to the jury as well as the cross-examination of Mr. Howard to take place will unduly emphasize these facts, and likely lead to a larger impact on

the jury. This emotional impact may sway the jury and cause them to render a verdict based on sympathy rather than one based on their evaluation of the facts and injuries claimed by the Plaintiff.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

Plaintiff's Requested Jury Instruction No. 6 references the term or phrase, "touched the intimate parts of T.R.'s body." This is in reference to the statute § 30-9-13 NMSA. The reference to intimate parts is, a reference under the statute, to touching of the buttocks. There is no evidence that Mr. Howard touched the Plaintiff's breasts, vulva, anus or vagina. Moreover there will be substantial evidence that Mr. Howard slapped boys on the butt as well as girls. Therefore using this term unduly emphasizes the issue and may lead to jury confusion, assuming that "intimate parts" refers to areas of the body which are not involved in this case.

## PLAINTIFF'S REQUEST TO JURY INSTRUCTION NO. 8

The Defendant does not object to this instruction.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

Instruction No. 9 references "sexual abuse." That term is not defined. The Court has indicated that it is leaning towards allowing the lawyers to describe the conduct and the words which they choose, leaving this to argument, and intends to instruct the jury that the statements of the lawyers are not evidence. Requested Jury Instruction No. 9, if given, would take one of these terms, "sexual abuse," and clothe it with the Court's authority. Mr. Howard did not plead guilty to sexual abuse. Mr. Howard did not agree that he had touched any of Ms. Ronga's body parts under the clothes. Mr. Howard did not touch Ms. Ronga's breasts, anus, genitalia or vulva. To allow the use of the term "sexual abuse" will likely lead to confusion, and would be an unfair prejudice to the Defendant.

{00600700}

The second paragraph of Plaintiff's requested Jury Instruction No. 9 informs the jury of the Court's ruling that Mr. Howard violated Ms. Ronga's substantive due process claim. It goes further and purports to give three points which the jury instruction argues forms the basis for the Court's ruling. This paragraph is not necessary and is unduly prejudicial to the Defendant. It also references the phrase "repeatedly over the course of two school years," which leaves an impression of two calendar years, when this is not in fact the case.

Finally, although the Court has ruled that Mr. Howard violated Ms. Ronga's rights to substantive due process, the Court has not taken the issues of causation or the amount of damages from the jury. The last paragraph of Plaintiff's Instruction No. 9 instructs the jury that they must find that there was some damage, and award some amount. It would be possible for a jury to listen to this evidence, find that Ms. Ronga has suffered emotional distress, but further find that it was not proximately caused by Mr. Howard. The last paragraph of Plaintiff's Requested Jury Instruction No. 9 attempts to take this issue from the jury.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

Plaintiff's Requested Jury Instruction No. 10 would, if given, instruct the jury that it is not necessary to find that Defendant Howard had a specific intent. The crime, as described in the statute of §30-9-13 does not require that Defendant's specific intent is part of the burden of proof that the statute has been violated. Thus instructing the jury that they need not find specific intent is likely to confuse the jury. Further, the jury will also be instructed that they must find that Defendant Howard acted intentionally, willfully, maliciously, or recklessly in order to award punitive damages. This instruction is likely to confuse the jury and lead to the assumption that because the Court has ruled that evidence of Mr. Howard's guilty plea is admissible, that they therefore must award punitive damages.

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12

Plaintiff's Requested Jury Instruction No. 12 unduly emphasizes the Court's determination that Defendant Patrick Howard violated Ms. Ronga's substantive due process rights. The Court has already made this determination and it is not necessary to inform the jury as to the Court's reasoning. The cross-examination of Mr. Howard is likely to be vigorous and all of these areas which were mentioned in the Court's order granting in part Plaintiff's motion for summary judgment will probably be explored. It is not necessary to reemphasize them in this jury instruction, and to do so would be unduly prejudicial to the Defendant. Such repetition may lead the jury to render its verdict based on passion rather than reason. To do so, would result in a deprivation of Patrick Howard's rights to substantive due process.

Next, the instruction attempts to describe the conditions under which the jury is to consider an award of compensatory damages. This is in the seventh full paragraph of the instruction. For instance, the instruction states that the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but ignores that the Plaintiff must prove the damages have been suffered as a result of the wrong to a reasonable degree of certainty. Moreover the instruction cites to the case of *Sanchez v. Brokop*, however, this instruction was not given to the jury.

Last, the instruction unduly emphasizes the Plaintiff's claimed damages, repeating the categories of damages at least twice, if not arguably three times, which is unduly prejudicial to the Defendant.

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14

Plaintiff's Requested Jury Instruction No. 14 instructs the jury that the Defendant has a right to invoke his 5th Amendment privilege. While it is unlikely that the Defendant will invoke his 5th Amendment right to privilege, the Court has ruled that evidence of Mr. Howard's actions

{00600700}

towards other female students is admissible to prove motive. The statute of limitations, or the period during which Mr. Howard could be charged criminally with violations, has not expired, and will not until some months after the time of this jury trial. Proceeding with the jury trial under these circumstances, with the Court's ruling that evidence of other crimes, wrongs or acts is admissible in the present case, may amount to a violation of Mr. Howard's substantive due process rights. This could result because Mr. Howard would be forced to choose between ensuring that he is not incriminating himself during Plaintiff's cross-examination by admitting to acts with other female students, versus choosing to undergo the jury's assumption that his invocation of the 5th Amendment rights likely means that he did anything and everything with which he has been accused. Under these circumstances, in the event Mr. Howard invokes the 5th Amendment, it is respectfully suggested that the jury should not be instructed that his decision to invoke the 5th Amendment probably means that the answer to the question posed to him would have been unfavorable. Instead, the standard under the 5th Amendment is that a defendant "*may*" invoke the 5th Amendment when the answer to a question possibly could incriminate him.

      The Fifth Amendment can be invoked whenever an individual has a reasonable fear that providing truthful testimony might incriminate him in a future criminal proceeding. *Kastigar v. United States*, 406 U.S. 441, 444-445 (1972). A witness may properly invoke the privilege when he "reasonably apprehends a risk of self-incrimination, . . . though no criminal charges are pending against him, . . . and even if the risk of prosecution is remote." *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084, 1087, n. 5 (5th Cir. 1979) (citations omitted). The fear may be "remote," but is must be more than a "fanciful" fear. *In re Corrugated Container Antitrust Litig.*, 620 F.2d 1086, 1091-1092 (5th Cir. 1980) (quoting *In re Folding Carton Antitrust Litig.*, 609 F.2d 867, 871 (7th Cir. 1979)).

{00600700}

When a party invokes the Fifth Amendment privilege against self-incrimination in a civil case, the court is permitted to instruct the jury that it may draw an adverse inference that the answer would have been against the party's interest. *Mitchell v. United States*, 526 U.S. 314, 328, 119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999). However,

> [t]he adverse inference instruction is an "extreme sanction and should not be taken lightly." *Moore v. Gilead Sciences, Inc.* 2012 WL 669531 at *5 (N.D.Cal. 2012) (internal citations omitted). Although an adverse inference jury instruction is available as a sanction for invocation of Fifth Amendment rights in a civil case, *Baxter v. Palmigriano*, 425 U.S. 308, 316-18 (1976), the Ninth Circuit instructs that courts must first balance the hardships caused to each party. Recognizing that there is a tension between one party's Fifth Amendment right and the other party's right to a fair proceeding, consideration of when to allow the adverse inference and not to allow it must be determined on a "case-by-case basis under the microscope of the circumstances of that particular civil litigation." *Nationwide Life Ins. Co. v. Richards*, 541F. 3d 903, 912 (9th Cir. 2008); Doe v. Glanzer, 232 F. 3d 1258, 1264 (9th Cir. 2000).

*Prime Media Grp., LLC v. Acer Am. Corp.*, Case No. 12-cv-05020-BLF, slip op. at 3-4 (N.D. Cal. Feb 06, 2015).

Thus, Plaintiff's request for this instruction is premature. Moreover, even if Defendant does invoke the 5th Amendment, Plaintiff must still demonstrate that 1) there is a substantial need for the information; 2) there is not a less burdensome way of obtaining that information; and 3) there is independent evidence of the fact about which the party refuses to testify. *Nationwide*, 541 F. 3d at 912. The court must further determine whether the "value of presenting the evidence is substantially outweighed by the danger of unfair prejudice to the party asserting the privilege." *Nationwide* at 912; see also FRE 403; *Prime Media Grp., LLC v. Acer Am. Corp.*, Case No. 12-cv-05020-BLF (N.D. Cal. Feb 06, 2015).

For these reasons, the Defendant objects to Plaintiff's Requested Jury Instruction No. 14.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15

This instruction unduly emphasizes the evidence which will be put in front of this jury. The Defendant pled guilty to one charge of criminal sexual contact with a minor. The Court has ruled that not only will the conviction be admissible and used as impeachment, but that the Defendant may be cross-examined why he did not stop other students at the high school from "bullying and ostracizing" Ms. Ronga or the other three female students who also complained about Mr. Howard. Under these circumstances, allowing the instruction to the jury on the elements of the charge to which he pled unduly emphasizes the nature of the evidence and raises the danger of unfair prejudice to Mr. Howard's defense.

WHEREFORE for the reasons stated above, Mr. Howard prays that the Court not instruct the jury on the Plaintiff's jury instructions to which objection has been raised and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By _____
John S. Stiff, Esq.
500 Marquette Ave. NW, Suite 1400
Albuquerque, New Mexico 87102
Phone: (505) 243-5755
E-mail: jstiff@stifflaw.com
*Attorney for Patrick Howard*

{00600700}