IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**T.R.,**

    **Plaintiff,**

v.

                  No.    2:20-CV-00276-GBW-JHR

**PATRICK HOWARD and**
**LAS CRUCES PUBLIC SCHOOLS,**

**MOTION TO EXCLUDE NEW OPINIONS BY PLAINTIFF'S EXPERT, DR. NEWRING**

Defendant Patrick Howard, through his undersigned counsel, submits his Motion to Exclude New Opinions By Plaintiff's Expert, Dr. Newring. Plaintiff opposes this Motion.

Plaintiff timely identified Kirk A. B. Newring, Ph.D. during discovery as an expert to provide opinions that involve psychological issues generally as they relate to sexual abuse. In forming his opinions, Dr. Newring did not interview or examine T.R. On Monday, February 19, 2024, Plaintiff's counsel Mollie McGraw emailed Defense counsel and stated,

> Counsel,
>
> T.R. will not sign a new HIPAA Release.
>
> However, Dr. Newring recently performed a forensic interview and CAPS-5 testing on T.R. in Washington state because he is licensed there and she now resides there. The results are included on the attached CAPS-5 summary sheet.
>
> Plaintiff is willing to have Dr. Newring share his raw data, but due to the proprietary nature of the test, Dr. Newring can only share his raw data directly with Dr. Siegel.
>
> Please advise if you would like us to make arrangements for Dr. Newring to share his raw data with Dr. Siegel via email or fax."

Plaintiff attached Dr. Newring's test results using the CPAS-5 Test. [1]

---

[1] The CAPS-5 is apparently "the gold standard in PTSD assessment. The CAPS-5 is a 30 item structed interview that can be used to make current and past diagnosis of PTSD" Questions target the onset and duration of symptoms, subjective e distress, impact of symptoms, improvement and overall response validity. See https://www.ptsd.va.gov/professional/assessment/adult-int/caps.asp

In Plaintiff's initial disclosure, Dr. Newring offered general opinions regarding how sex abuse can cause PTSD, the general affect of sexual abuse on the population, discussion of research into the area and a general discussion of how victim focused approaches to treatment can assist in patient care. He only reviewed documentation to set forth general areas of testimony such as his commentary about sexually offensive behaviors and their psychological consequences, an explanation of psychological research about the nature of sexual abuse disclosures, and a discussion of how victim-focused approaches can guide treatment for sexual abuse. None of the opinions disclosed pertain to T.R. specifically; rather, Dr. Newring opined about general psychological principles only.

Plaintiff's counsel disclosed on February 19, 2024, for the first time, that Dr. Newring performed a forensic interview of and psychological testing on T.R. Defendant has requested by has not been provided any further information such as a report, when the interview was arranged, when the testing was performed, and any notes taken by the doctor during the interview. Defendant objects to Dr. Newring testifying as to any new opinions not timely disclosed, and, particularly, offering any testimony based on his forensic interview and testing of T.R. Dr. Newring has raw data and information from his psychological evaluation that the defense expert cannot possibly evaluate and comment on prior to trial. Moreover, Defendant would not have the opportunity prior to trial to depose Dr. Newring to explore the validity or results of his psychological testing, which Defendant would have had the opportunity to do had the psychological testing been conducted and disclosed in a timely fashion. Likewise, Defendant is unable because of the late date to raise any *Daubert* challenges. Moreover, Defendant's psychological expert has not yet conferred with defense counsel regarding the new testing/opinions and their possible impact on the defense' expert's opinions.

Allowing Dr. Newring to offer opinions at the eleventh hour on such substantive matters without affording Defendant the opportunity to evaluate or challenge those opinions because of the impending trial would unduly prejudice Defendant. It would also violate Plaintiff's timely disclosure obligations pursuant to the pretrial scheduling deadlines, Rule 16, and Plaintiff's discovery obligations. Plaintiff has offered no reason why arrangements could not have been made for the psychological testing such that the results could have been disclosed in a timely manner. This Court should not entertain any attempt to present untimely expert opinions, especially when Plaintiff has never sought leave to offer them. This Court's scheduling deadlines may not be modified without a showing of good cause or the court's consent. *See, e.g., New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.,* 429 F. Supp. 3d 996, 1009 (D.N.M. 2019).

If the Court is inclined to allow Plaintiff to introduce Dr. Newring's undisclosed opinions based on psychological testing conducted at the eleventh hour, then Defendant requests the Court to continue the trial so that it has a meaningful opportunity to evaluate Dr. Newring's opinions, including the raw data underlying them, and to challenge those opinions through discovery, by way of expert testimony rebutting them, and by raising any *Daubert* objections, if appropriate, all of which Defendant would have had the opportunity to do had Dr. Newring timely conducted his psychological testing and had Plaintiff timely disclosed his opinions based thereon.

Plaintiff and Defendant have conferred at length regarding this new disclosure on February 21, 2024, and were not able to reach an agreement regarding any testimony from Dr. Newring about this new testing, his diagnosis of the plaintiff, and whether and under what circumstances the new opinions would be admissible.

WHEREFORE, Defendant respectfully requests the Court to exclude any opinion evidence offered by Dr. Newring that has not been previously disclosed, and, in particular, any opinions

resulting from his interview of T.R. or psychological testing, order a full and complete supplementation of the expert witness disclosure requirements, and alternatively, to continue the trial as set forth above, and for such further relief as the Court deems appropriate.

          Respectfully submitted,

          STIFF, GARCIA & ASSOCIATES, LLC

By */s/ John S. Stiff, Sr.*
John S. Stiff, Sr., Esq.
H. Nicole Werkmeister, Esq.
500 Marquette Ave. NW, Ste. 1400
Albuquerque, New Mexico 87102
Phone: (505) 243-5755
E-mail: jstiff@stifflaw.com
nwerkmesiter@stifflaw.com
*Attorneys for Patrick Howard*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of February 2024, the foregoing was electronically filed through the ECM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ John S. Stiff, Sr.*
John S. Stiff
H. Nicole Werkmeister