IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                                          Civ. No. 20-276 GBW/JHR

PATRICK HOWARD,

    Defendant.

## ORDER ON EXHIBITS AND MOTIONS IN LIMINE

THIS MATTER comes before the Court on the parties' stipulated and contested exhibit lists (*docs. 268*, *270*, *271*), Plaintiff's Motions in Limine and their attendant briefing (*docs. 241*, *269*, *242*, *266*, *250*, *253*, *259*, *286*, *292*, *278*, *289*), and Defendant's Motions in Limine and their attendant briefing (*docs. 251*, *274*, *244*, *276*). The Court held a Pretrial Conference on February 12, 2024 (*see doc. 297*), during which the parties presented argument. After considering the exhibits and motions, the parties' oral arguments, and the applicable law, and being fully advised, the Court rules as follows:[1]

**I.   EXHIBITS**

    1. The parties' Stipulated Exhibits 1-20 are **ADMITTED**.

---

[1] This Order memorializes the Court's rulings from the bench at the Pretrial Conference held February 12, 2024. *See doc. 297*. The parties should notify the Court of any discrepancies between this Order and their understanding of the Court's rulings at the hearing.

2. With proper foundation, Plaintiff's Contested Exhibits 21, 22, 23, 26, 32, and 45 will be **ADMITTED**.

3. Plaintiff's Contested Exhibit 46 is **ADMITTED** pursuant to the restrictions provided by the Court at the Pretrial Conference. In particular, the text up to and including the sentence "Denies trouble sleeping." on page 2 of the exhibit is admitted while the remainder of the exhibit is not admitted.

4. Plaintiff's Contested Exhibit 47 is **ADMITTED** pursuant to the restrictions provided by the Court at the Pretrial Conference, *see doc. 297*, and the *Daubert* hearing, *see doc. 323*. In particular, the portion of the audio recording which covers Defendant Howard's plea and disposition hearing is ADMITTED. The portion of the audio recording which covers Defendant Howard's sentencing hearing is NOT ADMITTED except for any statements made by Defendant Howard or Defendant Howard's attorney.

5. For the reasons explained at the Pretrial Conference, Plaintiff's Contested Exhibits 24, 25, 33, 50, and 52 are INADMISSIBLE.

6. The Court **DEFERS RULING** on Plaintiff's Contested Exhibits 27, 28, 29, 30, 31, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, and 51. As explained at the Pretrial Conference, these exhibits do not appear admissible as substantive evidence but may be used for other purposes such as refreshing memory, past recollection recorded, and impeachment as appropriate. Should Plaintiff

seek to admit any of these exhibits at trial, the Court will rule on its admissibility at that time.

7. Defendant's Contested Exhibit 53 is INADMISSIBLE as hearsay.

8. Defendant's Contested Exhibit 62 has been withdrawn as neither party is seeking its admission.

9. The Court **DEFERS RULING** on Defendant's Contested Exhibits 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 86.  As explained at the Pretrial Conference, these exhibits do not appear admissible as substantive evidence but may be used for other purposes such as refreshing memory, past recollection recorded, and impeachment as appropriate.  Should Defendant seek to admit any of these exhibits at trial, the Court will rule on its admissibility at that time.

II. **MOTIONS IN LIMINE**

1. Plaintiff's Motion in Limine to Prohibit Improper Statements (*doc. 241*) is **GRANTED** for the reasons stated at the Pretrial Conference.

2. Plaintiff's Motion in Limine to Exclude Testimony, Evidence, Reference, Innuendo, or Commentary on Prior Lawsuits or Settlements (*doc. 242*) is **GRANTED**.  As outlined in the Court's Order Granting Plaintiff's Motion to Admit Evidence of Similar Acts of Sexual Assault (*doc. 262*) and discussed during the Pretrial Conference, the Court will permit the introduction of

evidence about Defendant's inappropriate physical conduct with several other female students. However, Defendant may not introduce evidence of the lawsuits brought against him by other female students or of Mr. Howard's prior settlements with these students.

3. Plaintiff's Motion in Limine to Prevent Defendant Howard from Bringing Religious and Literary Props into the Courthouse (*doc. 253*) is **GRANTED IN PART AND DENIED IN PART**. Defendant Howard is permitted to bring a Bible into the courtroom but its presence should remain discrete. If it appears during trial that Defendant Howard is using his Bible as a prop to influence the jury, the Court may prohibit its presence for the remainder of the trial. Defendant Howard shall not bring any other literary material, including *The Scarlet Letter*, into the courtroom.

4. Plaintiff's Motion to Admit Defendant's Insurance Coverage as an Exhibit and Employer Indemnification Statute as a Jury Instruction to Rebut False Claim or Argument that Defendant Howard has Minimal Financial Resources (*doc. 259*) is **GRANTED IN PART AND DENIED IN PART**. As stated at the Pretrial Conference, evidence that Defendant Howard is insured and will not pay for any assessed punitive damages from his personal funds will not be admissible at trial unless Defendant introduces evidence of Defendant Howard's poverty. If Defendant introduces evidence of his poverty, the

Court will conduct an analysis pursuant to Fed. R. Evid. 403 and may admit evidence of Defendant's insurance if the prejudicial value of the insurance evidence does not outweigh its probative value. The Court **DEFERS RULING** on Plaintiff's motion with respect to jury instructions.

5. Plaintiff's Motion to Strike Defendant Howard's Untimely Objections (Doc. 287) and Counter Designations (Doc. 288) for S.O.'s and V.D.'s Depositions (*doc. 289*) is **DENIED** for the reasons stated at the Pretrial Conference. In accordance with the Court's Scheduling Order (*doc. 294*), the parties are directed to submit updated deposition designations, counter designations, and objections by February 20, 2024.

6. Defendant's Motion in Limine to Exclude References to His Challenged Conduct as "Sexual Assault" or "Sexual Abuse" (*doc. 244*) is **DENIED** for the reasons given at the Pretrial Conference.

7. The parties' cross motions relating to the admissibility of evidence relating to Defendant Howard's criminal proceedings (*docs. 250, 251*) are **GRANTED IN PART AND DENIED IN PART**. The Court will admit exhibits relating to Defendant Howard's criminal proceedings as described above.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**