IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                                              Civ. No. 20-276 GBW/JHR

PATRICK HOWARD,

    Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S WITNESSES DISCLOSED AFTER THE CLOSE OF DISCOVERY**

THIS MATTER comes before the Court upon Plaintiff T.R.'s Objection to Defendant's Trial Witnesses and Motion to Strike Defendant's Witnesses Disclosed After the Close of Discovery ("Motion"). *Doc. 278*. Plaintiff moves the Court to strike seventeen witnesses from Defendant's Witness List (*doc. 248*). Based on the following reasons, as well as the reasons given during the Pretrial Conference on February 12, 2024, *see doc. 297*, the Court will GRANT IN PART Plaintiff's Motion.

    **A. Late-Disclosed Witnesses**

Of the seventeen witnesses that Plaintiff moves the Court to strike, nine were disclosed to Plaintiff for the first time on January 26, 2024, *doc. 247*, fifteen months after the close of discovery on October 31, 2022, *see doc. 142*, and five weeks before trial. At the Pretrial Conference, Defendant agreed not to call seven of these late-disclosed witnesses (Emily Perry, Wyatt Neal, Kaily Parra, Kasin Talbot, Jayde Talbot, Denny

Atchley, and Peyton Ball). As a result, the two remaining contested late-disclosed witnesses are Tally May, Defendant Howard's therapist, and Luis Urquidi, Defendant Howard's probation officer. *See doc. 278* at 2.

Under Fed. R. Civ. P. 26(a)(1)(A)(i), parties must disclose the name and contact information of "each individual likely to have discoverable information." If a party later learns of a witness that should be disclosed to the opposing party, the party may file a supplemental disclosure "in a timely manner" under Fed. R. Civ. P. 26(e)(1)(A). A witness who is not disclosed in either the initial or supplemental disclosures may not be used at trial unless the failure to provide the witness's information was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). On a motion, the court may also apply additional sanctions in addition to or instead of exclusion, including (1) ordering payment of reasonable expenses and attorney's fees; (2) informing the jury of the disclosing party's failure; and (3) imposing other sanctions found in Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv). Fed. R. Civ. P. 37(c)(1)(A)-(C).

Although the determination of whether a late-disclosed witness is justified or harmless "is entrusted to the broad discretion of the district court," the Tenth Circuit has provided four factors to "guide [the district court's] discretion" including: (1) prejudice or surprise to the opposing party; (2) ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial setting; and

2

(4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

The admission of testimony from Defendant Howard's late-disclosed witnesses would certainly prejudice Plaintiff, and this prejudice could not be cured without moving the trial date. Given that trial was only five weeks away at the time of disclosure, Plaintiff would not have been able to depose the new witnesses which would have impaired her ability to prepare for trial. *See Ontiveros v. Biotest Pharm. Corp.*, 2014 WL 11845102, at *2 (D.N.M. Oct. 15, 2014). Further, because Mr. Howard was put on probation after his conditional discharge in 2021 and the therapy was one of his probation conditions, defense counsel could have disclosed Mr. Howard's probation officer and therapist as witnesses much earlier. *See Equal Emp. Oppor. Comm. v. BOK Fin. Corp.*, 2013 WL 12335318 (D.N.M. Feb. 5, 2013) (excluding late-disclosed witnesses in part because the disclosing party "was long aware of these witnesses"). Although the Court does not find any evidence that Defendant Howard acted in bad faith in disclosing these witnesses so close to trial,[1] this case has been pending for nearly four years, and the Court does not find that it is in the interest of justice to postpone trial so that Plaintiff can cure the prejudice caused by Defendant's late disclosure.

---

[1] Indeed, at the Pretrial Conference, counsel for Defendant Howard explained that the failure to disclose these witnesses in a timely manner was an oversight by counsel caused by several changes in the lead attorney handling Defendant's case.

3

### B. Remaining Witnesses

Plaintiff also moves to strike eight additional witnesses from Defendant's Witness List (*doc. 248*) including Alyssa Barrera, Kaitlyn Neal, Logan Neal, Colton McVaugh, Cerina Lucero, Logan Johnson, Arden Gardner, and Taylor Brittle. *See doc. 278* at 9. Although these witnesses were properly disclosed during discovery, Plaintiff argues that they "have no relevant information for the finder of fact." *Id.* On February 20, 2024, Defendant filed an Amended Trial Witness List which listed the first seven of these witnesses as "may call" witnesses and did not include Taylor Brittle. *See generally doc. 300.* At this time, the Court will not rule on whether to exclude the seven remaining contested witnesses. If Defendant calls one of these witnesses during trial, Plaintiff may object, and the Court will conduct a relevance analysis at that time.

IT IS THEREFORE ORDERED that Plaintiff T.R.'s Objection to Defendant's Trial Witnesses and Motion to Strike Defendant's Witnesses Disclosed After the Close of Discovery is GRANTED IN PART. Defendant Howard may not call Tally May or Luis Urquidi as witnesses. The Court DEFERS RULING on whether Defendant Howard may call Alyssa Barrera, Kaitlyn Neal, Logan Neal, Colton McVaugh, Cerina Lucero, Logan Johnson, or Arden Gardner as witnesses.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**