# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**T.R.**

     **Plaintiff,**

                                            **No. 20-cv-0276 GBW/JHR**

**v.**

**PATRICK HOWARD,**

     **Defendant,**

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16.  The parties conferred and hereby submit the following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try this action:

For Plaintiff T.R.:

                      Mollie C. McGraw,
                      McGRAW LAW, LLC
                      165 West Lucero Ave.
                      Las Cruces, NM 88005
                      P: (575) 523-4321
                      mollie@lawfirmnm.com
                      and

                      Shannon Kennedy
                      THE KENNEDY LAW FIRM, PC
                      505 CERRILLOS RD, SUITE A104
                      SANTA FE, NEW MEXICO 87501
                      P:  505-244-1400
                      skj@civilrightslaw.com

For Defendant Howard:

                      John S. Stiff

                      H. Nicole Werkmeister

500 Marquette Ave. NW, Ste. 1400
Albuquerque, New Mexico 87102
Phone: (505) 243-5755
E-mail:jstiff@stifflaw.com
          nwerkmesiter@stifflaw.com

Cody Rogers
2450 El Paseo Road, Suite D
Las Cruces, NM 88001
Phone: (575)288-1453
Email: crogers@serpeandrews.com

## II.  JURISDICTION AND RELIEF SOUGHT

**A.**   **Subject Matter Jurisdiction.**

    **1.**   **Was this action removed or transferred from another forum?** __ Yes _**X**_ No

If yes, was the action removed or transferred?

_____ Removed          _____ Transferred _____ Original forum.

    **2.**   **Is subject matter jurisdiction of this Court contested?**

_**X**_ Uncontested          _____ Contested   _____ Party contesting.

    **3.**   **Asserted basis for jurisdiction.**

_**X**_ Federal Question _____ Diversity   _____ Other

Statutory Provision(s) Invoked:  42 USC § 1983, 42 USC § 1988

**B.**   **Personal Jurisdiction and Venue.**

    **1.**   **Is personal jurisdiction contested?**

_**X**_ Uncontested          _____ Contested.

Identify the party contesting personal jurisdiction and basis for objection:

---

**2.     Is the venue contested?**

_**X**_ Uncontested      _____ Contested   _____ Party Contesting

Identify the party contesting personal jurisdiction and basis for objection:

_____

**C.     Are the proper parties before the Court?**

_**X**_ Uncontested       _____ Contested.

If contested, identify each missing party or improper party and the basis for contention:

_____

**D.     Identify the affirmative relief sought in this action.**

1.     Plaintiff T.R. seeks:  Compensatory damages for civil rights violations, personal physical injuries, humiliation, emotional distress, pain and suffering, nature, extent, and duration; punitive damages; attorney fees and costs incurred in bringing this action; pre- and post-judgment interest; and any such further relief as the Court deems just and proper.

2.     Defendant Howard seeks: Dismissal of Plaintiff's Complaint and such other and further relief as the Court deems just.

## III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**Plaintiff's claims:**  Plaintiff T.R. seeks compensatory and punitive damages against her former teacher, Patrick Howard, for violating her constitutional rights to equal protection and to bodily integrity.  Patrick Howard was indicted by a Dona Ana County Grand Jury on four third-

degree felony counts of Criminal Sexual Contact of a Minor in the Third Degree (Person in Position of Authority), in violation of NMSA 1978, § 30-9-13(C)(2), for touching or applying force to the intimate parts of T.R., to wit, her buttocks, and a fifth count for battery for his grabbing C.H.'s upper thigh, just below her butt cheek.  Three years later, on May 27, 2021, Howard entered a guilty plea to one third degree felony for Criminal Sexual Contact of T.R. and to criminal battery of C.H.,  Long before Defendant Howard was held criminally liable for his sexual harassment and physical abuse of T.R. and C.H., he abused his position of authority to sexually groom, harass and abuse multiple other females at LCHS daily, in front of his colleagues and their educational peers. Howard's pattern of sexualized behaviors toward his female students escalated from long, tight frontal hugs where his chest was pressed against their breasts and they were pelvis to pelvis, to rubbing his bare hands on their thighs, at times within inches of their vulvas, to unwanted massages where he would rub their shoulders, low back and bra lines, braiding their hair to gratify his fetish for girls' braids, to the grabbing of T.R.'s buttocks on multiple occasions.  Howard groomed both student, parents, fellow teachers, and school administrators to normalize his inappropriate sexual objectification, comments and touching of females at LCHS.  Howard also abused his power as an educator and FFA mentor to intimidate his female students to stay silent and complicit in their own sexual exploitation.

Instead of taking responsibility for his sexual batteries of T.R., when T.R. came forward to report his unlawfully touching of her intimate parts, admitting his guilt to his former students, their parents, and school administrators, Howard refused to admit his prurient conduct, and instead allowed his former students and T.R.'s peers who were on "Team Howard," to daily harass T.R., and the other reporting female students, including C.H. and V.D.  Because Howard drug out his criminal prosecution for years and refused to acknowledge his sexual misconduct, T.R. and the

other female victims were subjected to cruel gossip, reputation destruction, and daily bullying at school. T.R. feared physical violence from her peers at school who believed Howard was innocent of the sexual touching and T.R. was lying.─As a result, T.R. withdrew from the FFA team, in which she had served in leadership positions, suffering the loss of educational benefits and opportunities.

Due to Howard's grooming of T.R.'s fellow students, parents, and teachers, T.R.'s fellow students called her and other female students "the four bitches", "the four counts" [referencing the grand jury indictment], and "sluts."  Although he remained in contact with his former FFA students he refused to disabuse them of their incorrect assumption that T.R. and the other female students who reported him had falsely accused Howard of sexual assaults and harassment.

LCPS officials and educators who failed to report what they saw and knew to be wrong despite state laws mandating the report of sexual abuse and harassment, blatantly ignored and disregarded female students' complaints about Howard's educator sexual misconduct as "sniveling" and "gossip", and allowed Howard to resign, after being placed on leave with pay, without facing any repercussions or discipline to curtail future abuses.

Howard verbally and physically sexually harassed and discriminated against numerous female students, including C.H., S.O., V.D., H.R., and A.B., and a LCPS female staff member and his former student, Estrella Caro. Howard used his words to openly express his sexual predilection for the appearance of young, adolescent girls who wore their hair in braids, while touching their inner thighs, their buttocks, and their breasts, repeatedly over the course of the 2016-2017 and 2017- 2018 school years at LCHS and on school-sponsored FFA trips. Howard used his role as a well-liked teacher, FFA advisor, authority-figure, and mentor to sexually groom and sexually

objectify female students, while educating male students at LCHS. Howard's educator sexual misconduct towards female students was known to and witnessed by multiple LCPS school officials and teachers in the years leading up to his suspension on January 19, 2018, and his reckless and wanton conduct was emboldened by their silence, evincing a pattern of reprehensible behavior that merits a substantial punitive damages award.

For more than six years, a fellow teacher and co-advisor of FFA Jessica Gute repeatedly witnessed and heard about Howard's educator sexual misconduct with female students, including T.R., C.H., and V.D. Instead of taking action to report Howard's misconduct with underage female students, Ms. Gute confided her concerns in underage female students who she was obligated to protect. A vice principal, Dana Critchlow, was informed that a female student was so uncomfortable by Howard's sexual touching and comments about her appearance that she was making a concerted efforts to avoid him in the hallways of Las Cruces High School. Vice Principal Critchlow told Howard in passing that he was making the female student uncomfortable, and he should avoid her.  No other action was taken by the vice principal to stop Howard's sexual abuse of female at the school.  Head Principal, Jed Hendee, and Vice Principal Anne Marie Mora saw Howard sexually harass a former student, working as a receptionist at the school, on separate occasions, but did nothing.  The repeated deliberate indifference by educators and school officials insulated and emboldened Howard, and caused numerous underage female students, including T.R., C.H. and others, to suffer severe, pervasive, and objectively offensive sexual harassment by Howard. By so doing, Howard taught his female students that their physical autonomy, bodily integrity, and safety was expendable and their education less important than Howard's impulsive need to publicly fulfill his sexual desires toward adolescent girls.  Howard acted in a reckless and malicious manner when he exploited LCPS's permissive culture causing harm to T.R. and other

underage female students.  T.R. suffered anxiety, depression, post-traumatic stress disorder, and
suicidal ideation.  Defendant Howard's reprehensible conduct merits a punitive damages award.

Plaintiff additionally claims, without limitation, as follows:

1.  Defendant Howard was sexually attracted to adolescent female students.

2.  Defendant Howard sexually groomed certain current and prior female students, including
    but not limited to T.R., S.O., V.D. and C.H., and then acted upon his sexual impulses by
    touching them.

3.  During the 2016-2017 and 2017-2018 school years, Defendant Howard gave certain
    female students frontal hugs, shoulder massages, and touched their hair, shoulders,
    breasts, thighs, buttocks, and low backs during class.

4.  Defendant Howard gave certain female students, including T.R., S.O., V.D and C.H.,
    frontal hugs that were too long, too close, and too tight.

5.  Defendant Howard is attracted to the female body shape, and, particularly, in female
    breasts.

6.  Defendant Howard purposely held female students in close frontal hugs so that their
    breasts were pushed against his body, and his pelvis was against their pelvis.

7.  Defendant Howard repeatedly touched T.R., S.O., V.D. and C.H., including pressing their
    breasts against his body, without their consent, during the Spring 2017 and Fall 2017
    semesters at Las Cruces High School.

8.  Defendant Howard sat his favorite female students near his desk, and next to him in
    school vehicles on school-sponsored trips so he could be near them and touch them.

9.  Defendant Howard would frequently comment on the physical appearance of certain
    females, including T.R., S.O., V.D., H.R., E.C., and C.H., including calling out "Hello

gorgeous!" to V.D., and telling these female students they were "beautiful", and that he liked it when their wore their hair in braids, in the hallway of Las Cruces High School, during class, and on school-sponsored excursions.

10. Defendant Howard frequently spent time alone with at least T.R.

11. Defendant Howard sent private text messages to T.R. and S.O. about non-school related matters.

12. Defendant Howard sent text messages to three female students, including S.O. and T.R., in a group chat when he was on a school-sponsored trip to Indianapolis, Indiana, including sending them "selfies" of himself, and telling the three-underage female students he missed them.

13. Defendant Howard sent a text message to the same three female students, including S.O. and T.R., inviting them to ice cream with him in the summer of 2017 after having not seen them for two weeks.

14. Defendant Howard would touch females' hair and cup their faces, including T.R., S.O., H.R. and E.C., sometimes doing so as he staired into their eyes.

15. Defendant Howard would tell female students that he "liked it when girls wear braids", and he would braid and play with female students' hair in his classroom and on school-sponsored excursions.

16. Defendant Howard placed his hand on T.R., V.D. and S.O.'s thighs, without their consent.

17. Defendant Howard received sexual gratification by sexually grooming, sexually harassing, and sexually abusing female students, including prior female students.

18. Defendant Howard abused his position of authority as teacher, FFA advisor and mentor to T.R., S.O., V.D., C.H., and other female students at Las Cruces High School during the 2016-2017 and 2017-2018 school years.

19. Howard's actions towards T.R., S.O., V.D., and C.H. meets the definition, as set forth in LCPS' JICK Policy on Sexual Harassment, of "conduct of a sexual nature."

20. C.H.'s father reported Defendant Howard's touching of C.H. on January 19, 2018.

21. Defendant Howard touched his female students, including T.R., S.O., V.D., and C.H., on their bodies without their consent.

22. Defendant Howard touched his female students, including T.R., S.O., V.D., and C.H., on their bodies, including their breasts, buttocks, thighs, low backs, shoulders, faces and hair.

23. Defendant Howard knew that touching female students on their buttocks constituted sexual harassment under LCPS policies.

24. Defendant Howard knows that the female students who accused him of sexual grooming, sexual harassment, and sexual abuse at Las Cruces High School, including specifically T.R., S.O., V.D., and C.H., are credible, honest, and trustworthy.

25. Defendant Howard used his position of authority as a teacher, FFA advisor, and mentor to force T.R. to submit to his sexual grooming, sexual harassment, and sexual abuse to satisfy his sexual impulses.

26. In the 2016-2017 and 2017-2018 school years, T.R. was a 15- and 16-year-old student at Las Cruces High School and an FFA member.

27. Defendant Howard engaged in common sexual grooming behaviors with T.R.

28. Defendant Howard also groomed T.R.'s family and environment prior to moving into the next stage of sexual grooming which was testing her physical boundaries.

29. Defendant Howard took methodical steps to build a relationship with T.R. and gain her trust.

30. Defendant Howard referred to T.R. as his "favorite student," he spent time alone with her unsupervised, he sent private text messages to T.R., and included her in group text messages (i.e., "group chats") with two other female students.

31. Defendant Howard would find time to be alone with T.R. in his classroom, have her sit close to his desk during class, and have her sit next to him while he drove school vehicles on school-sponsored trips.

32. It was on a school-sponsored trip to Santa Fe in February 2017, when the evidence indicates Defendant Howard escalated his testing and pushing of physical contact on T.R. by touching T.R. in a sexually inappropriate manner by placing his hand on T.R.'s upper thigh, near her crotch as she slept.

33. Defendant Howard kept his hand on T.R.'s upper thigh until another female student noticed his hand, and he pulled it away.

34. Defendant Howard placed his hand on T.R.'s thigh while she was sleeping at least five times during the Spring 2017 and Fall 2017 semesters.

35. Defendant Howard gave T.R. long frontal hugs that were too long and too close, causing her breasts to press against his body.

36. Defendant Howard gave T.R. frontal hugs frequently and publicly.

37. Defendant Howard had T.R. sit on his lap.

38. Defendant Howard kept a photo of T.R. on his desk.

39. Defendant Howard would comment on T.R.'s appearance, stating she "looked good", "beautiful", and he told her he didn't want other guys looking at her.

40. Defendant Howard told T.R. he liked it when she wore her hair in braids because it made her look younger, and he didn't want her to grow up.

41. Defendant Howard sent text messages to T.R. from his personal cell phone about non-school related matters.

42. Defendant Howard would tell T.R. he missed her when he didn't see her for a while.

43. Defendant Howard groped and grabbed T.R.'s buttocks at Las Cruces High School on multiple occasions.

44. On one occasion, Defendant Howard pretended to try to help T.R. as she was falling and took that opportunity to grab her buttocks.

45. After that incident, Defendant Howard apologized for grabbing T.R.'s buttocks because he recognized that what he did was wrong.

46. Although he knew it was wrong to grab T.R. on her buttocks, he did so again, this time during the Fall 2017 semester, without the guise of stopping her from tripping.

47. Defendant Howard gave T.R. a frontal hug, placed his arms on her back and slid them down to her buttocks and grabbed her buttocks with both of his hands.

48. Defendant Howard hugged T.R. and grabbed her buttocks intentionally, in front of another female student at Las Cruces High School during the Fall 2017 semester.

49. During this same time, while at school, Defendant Howard put his hand on T.R.'s inner thigh and rubbed her leg, up her thigh towards her crotch, and reached around to touch her buttocks on at least two different occasions.

50. On other occasions, Defendant Howard patted and squeezed T.R. directly on the buttocks.

51. Defendant Howard often massaged T.R.'s shoulders and back near her bra strap during 2017.

52. T.R., along with other female students, told Jessica Gute, a teacher and FFA advisor at Las Cruces High School, they were feeling uncomfortable around Defendant Howard.

53. Despite being a teacher with a duty to protect and keep students safe, Ms. Gute confided in female high school students during the Spring 2017 and Fall 2017 semesters that Howard's interaction with female students, including T.R., was "inappropriate," and made her "uncomfortable".

54. Ms. Gute chose not to report, intervene, or stop Defendant Howard's sexual misconduct, exposing T.R and other female students to continued sexual misconduct by Defendant Howard.

55. Ms. Gute was an appropriate person and could have halted Mr. Howard's sexual harassment of female students, including T.R.

56. Ms. Gute knew Defendant Howard was a substantial risk of abuse to students based on her observations of his interactions with his female students and the reports she received from students.

57. At the same time Defendant Howard was sexually grooming, harassing, and abusing T.R., Defendant Howard was doing the same to other females at Las Cruces High School.

58. S.O., was a female student at Las Cruces High School.

59. During the 2017-2018 school year, when she was a high school Junior at Las Cruces High School, and an FFA member, S.O. was between the ages of 15 and 16.

60. Defendant Howard engaged in common sexual grooming behaviors with S.O., and he took methodical steps to build a relationship with S.O. and gain her trust.

61. S.O. and T.R. were best friends during their time at Las Cruces High School, including during the 2016-2017 and 2017-2018 school years.

62. S.O. trusted Defendant Howard because of his relationship with T.R.

63. Defendant Howard sent private text messages to S.O. and T.R. from his personal cell phone.

64. Defendant Howard sent text messages to S.O., T.R. and A.B. in a group chat from his personal cell phone.

65. Defendant Howard invited S.O. and T.R. and another female student to ice cream.

66. Defendant Howard sexually harassed and abused S.O. in the following ways without her consent: a. tight frontal hugs that forced her breasts to be pressed against his body, while he moved his hands up and down her back. b. caressing her face as he grabbed her braids and said, "You're so beautiful" and "I love it when you wear your hair like this." c. touching and placing his hands on her upper thighs in class while helping her with schoolwork; d. rubbing her shoulders in class; e. telling her he missed her face.

67. V.D., a female student at Las Cruces High School.

68. Defendant Howard used position of authority as a teacher to force V.D. to submit to his sexual harassment and sexual abuse to satisfy his sexual impulses.

69. During the 2017-2018 school year, V.D. was a high school sophomore at LCHS and an FFA member. V.D. was between the ages of 15 and 16.

70. Defendant Howard engaged in common sexual grooming behaviors with V.D.

71. During the Fall 2017 semester, Defendant Howard gave V.D. long, tight frontal hugs that forced her breasts to be pressed up against his body.

72. Defendant Howard gave V.D. too long, too close frontal hugs every time he would see her during the Fall 2017 semester.

73. Defendant Howard would restrain V.D. while giving her frontal hugs, preventing her from pulling away.

74. Defendant Howard frequently commented on V.D.'s appearance and clothing, calling her "beautiful" and "gorgeous," sometimes yelling the compliments down the hallway in front of students and Ms. Gute.

75. Ms. Gute took no action, and chose not to report, intervene, or stop Defendant Howard's sexual misconduct of V.D., exposing her and other female students to continued sexual misconduct by Defendant Howard.

76. In August or September 2017, Defendant Howard asked V.D. to write on the board at the front of the class when she wore these pants, and when she went to sit back down in her seat, he told her "I was just doing the football players a favor."

77. In approximately September 2017, while a movie was showing during class, Defendant Howard placed his hands on V.D.'s knees while she sat backwards in a chair with her legs hanging over the back of the chair. Defendant Howard then slid his hands down V.D.'s thighs, directing his hands towards her hip bones/crotch area.

78. Defendant Howard returned his hands to V.D.'s knees after she "gave him a look," and left his hands on her knees for several minutes before removing them when he walked away.

79. Defendant Howard ran his hands down V. D's thighs in front of other students in his classroom.

80. In Fall 2017, H.R., an underage female student at Las Cruces High School, was sexually groomed and sexually harassed by Defendant Howard, including when he gave inescapable frontal hugs where her breasts were pushing against his body, by repeatedly commenting on her appearance, and by holding her head in a way that she couldn't move away while telling her that he liked it when she wore her hair in braids.

81. In November 2017, H.R. reported to her Junior ROTC Instructor, Major Stewart, that Patrick Howard was making her uncomfortable because of his comments and the way he touched her, and she was trying to avoid him at school.

82. M.S., an underage female student at Las Cruces High School, confided in H.R. that she found Howard creepy and that he made her uncomfortable when he placed his hands on her thighs in class.

83. H.R. in turn confided in M.S. that Howard was also making her uncomfortable with his touching and comments of her.

84. E.C., was a former female student at Las Cruces High School and LCPS employee 2016-2018

85. E.C. is a female, a former Las Cruces High School student, and was the front office receptionist at Las Cruces High School.

86. Defendant Howard gave E.C. frontal hugs at Las Cruces High School during the 2016-2017 and 2017-2018 school years.

87. Defendant Howard has admitted under oath that he gave E.C. a frontal hug at Las Cruces High School as he whispered in her ear, "If only you weren't my daughter's age."

88. Defendant Howard grabbed E.C.'s upper thigh at Las Cruces Public School and said, "I better not do it, or they'll get me for sexual harassment."

89. Principal Hendee and Vice Principal Mora witnessed Howard's sexual harassment and abuse of E.C.

90. C.H., was a female student at Las Cruces High School.

91. Defendant Howard pled guilty to battery of C.H. for unlawfully touching her upper thigh, under buttocks, without her consent, in December 2017 while she was a student, and he was her teacher and FFA advisor at Las Cruces High School.

92. During the 2017-2018 school year, when C.H. was a 15-year-old sophomore student at Las Cruces High School and an FFA member, Defendant Howard engaged in common grooming behaviors with C.H. and he took methodical steps to build a relationship with C.H. and gain her trust.

93. Defendant Howard knew C.H.'s father from college and exploited this relationship to gain C.H.'s trust.

94. Defendant Howard complimented C.H. on her physical appearance multiple times.

95. Defendant Howard gave C.H. too tight frontal hugs that forced her breasts to be pushed against his body.

96. C.H. could not escape from Defendant Howard's frontal hugs because they were so strong and tight.

97. In December of 2017, Defendant Howard grabbed C.H. on the back of her upper thigh, under her buttocks, in his classroom.

98. C.H. immediately reported this incident to Ms. Gute, and reenacted the incident with another female student, who had witnessed the incident.

99. Ms. Gute took no action, and chose not to report, intervene, or stop Defendant Howard's touching of C.H.

100.    In January 2018, Defendant Howard massaged C.H.'s shoulders, and prevented her from pulling away from his grasp, in front of her peers at Las Cruces High School.

101.    When C.H.'s father learned Defendant Howard had touched his daughter inappropriately, he immediately went to Las Cruces High School and demanded action.

102. Plaintiff T.R. engaged in protected activity by reporting Howard's sexual harassment and sexual abuse of her and other female students.

103. In the Spring 2018 and 2018-2019 school year, T.R.'s peers bullied her by:

   a)  Making obscene gestures towards and about T.R. and the other female student victims.

   b)  Isolating T.R., continuously excluding her, and purposely making her feel unwelcome.

   c)  Forcing T.R. to see "Free Howard" signs posted throughout LCPS, including on the doors to the shop class attached to Mr. Howard's old classroom, and in hallways and on sidewalks, some of which were written in chalk. These signs were not removed by LCPS, and the chalk signs remained until the rain eventually washed them away.

   d)  T.R. was frequently called "one of the four bitches," or one of the "four counts," (referring to the charges in the Grand Jury Indictment in the criminal prosecution by the State of New Mexico of Patrick Howard) and calling her a "slut."

e) T.R. endured repeated claims that she and the other female students were lying about Howard's sexual harassment and abuse of her for attention.

f) T.R. was alienated by her peers and FFA members because of her being visibly sexually harassed and abused by Howard at LCHS.

104. As a result of the severe and pervasive bully T.R. endured she dropped out of FFA, and suffered emotional distress and suicidal ideations.

105. LCPS school officials, and teachers and volunteers knew about the peer-on-peer retaliation of T.R. and failed to adequately act to address it.

**B.    Defendant's defenses:**

Patrick Howard denies the Plaintiff's claims and states that while Plaintiff characterizes Mr. Howard's actions as predatory and sexual abuse, Mr. Howard never touched Plaintiff under her clothes, and never touched her genitals, breast, vulva, anus, or other sexual organ.  Plaintiff claims that Mr. Howard touched her breast is based on Mr. Howard's hugs of both male and female students which necessarily involved an embrace, but which did result in direct contact between Mr. Howard's hands or arms on any student's breast.  Plaintiff's claim that Mr. Howard touched the inner thigh of TR is denied. Plaintiff's argument that Mr. Howard's actions flowed from his prurient desire to gratify his sexual impulses relies on mischaracterizations of the record and ignores the undisputed evidence that Mr. Howard never touched the Plaintiff under her closing and did not engage in the challenged conduct for sexual gratification.

Moreover, Plaintiff now seeks to add new theories to their claims against Mr. Howard as if the Plaintiff can still put on evidence that somehow, he instigated or caused the Las Cruces Public Schools to retaliate or harass the Plaintiff and the other three students who have since settled their claims.  This is an attempt to incorporate new claims against Patrick Howard which were never set forth in the Plaintiff's First Amended Complaint and Mr. Howard objects to any late amendment of the pleadings to include new theories of liability.  Moreover, Mr. Howard was not present at the High School at the time of the alleged "bullying" and the actions of the Las Cruces School District employees are not relevant to the jury's determination of the claims against Mr. Howard. While the Court has ruled that evidence of Mr. Howard's actions toward other students are relevant to a motive and intent to act for sexual gratification, Mr. Howard's treatment of the other plaintiffs was consistent with how he interacted with other, male students. Moreover, evidence under Rule 404(b)(2) must not be too remote in time, place or person to prove Mr. Howard's state of mind more or less probable.

Throughout this case, Plaintiff has mischaracterized Mr. Howard's behavior as "sexual assault", "sexual abuse" and "predatory behavior".  This is highly inflammatory and ignores that

Mr. Howard's conduct did not involve non-sexual contact with the anus or genitals and therefore does not constitute "sexual assault" under 18 U.S.C. 109a's provisions.

Mr. Howard contests that all of Plaintiff TR's claimed emotional consequences are a result of his actions and draws attention to TR's counseling records which refer to other, unrelated causes. T R, to her credit, has been successful in pursuing her scholastic career and is presently enrolled in a graduate program for Veterinary Medicine.  Enrollment is highly competitive and for each spot in the class, many applicants have not been successful, but TR was accepted and continues to perform well in school.

Defendant Howard objects to evidence of acts or failures to act of the School District employees under FRE 401, 402 and 403.  In addition, any hearsay statements of the School District employees is not admissible under FRE 801(D)(2) since they are no longer a party.

To summarize, Defendant Howard denies Plaintiff's claims and raises the affirmative defenses of failure to mitigate damages, that Plaintiff's evidence of other crimes, wrongs or acts is too remote in time, place or person, and lack of causal connection, Defendant Howard contests that all of the Plaintiff's claims state a claim for which relief can be granted.  To the extent that Plaintiff has added new theories of liability, Defendant Howard objects to new theories and does not consent to the trial of such claims under FRCP 15(B)(1) and (2).

## IV.  UNCONTROVERTED FACTS

### A.    Stipulated Factual Contentions and Admissions

The parties agree to the following stipulated facts and admissions listed separately below:

1.  Plaintiff T.R. was a resident of Dona Ana County, New Mexico at all material times.

    Plt's Am. Complaint (Doc. 94, ¶ 1); Def. Howard's Answer (Doc. 215, ¶ 1)

2.  Defendant Howard was a resident of Dona Ana County, New Mexico. Plt's Am.

    Complaint (Doc. 94, ¶ 16); Def. Howard's Answer (Doc. 215, ¶ 16)

3.  Defendant Howard was a high school teacher and Future Farmers of America (FFA)

    faculty advisor at Las Cruces High School at all material times, until his resignation in

    February 2018. Plt's Am. Complaint (Doc. 94, ¶ 15); Def. Howard's Answer (Doc. 215, ¶

    15)

4.  At all material times, Las Cruces Public Schools operated Las Cruces High School.  Plt's Am. Complaint (Doc. 94, ¶ 304); Def. Howard's Answer (Doc. 215, ¶ 304)

5.  Defendant Howard was employed by Las Cruces Public Schools at all material times. Plt's Am. Complaint (Doc. 94, ¶ 17); Def. Howard's Answer (Doc. 215, ¶ 17)

6.  Plaintiff T.R. was always a minor material.  Plt's Am. Complaint (Doc. 94, ¶ 2); Def. Howard's Answer (Doc. 215, ¶ 2)

7.  During the 2016-2017 and 2017-2018 school years, T.R., S.O., V.D and C.H. were underage female students at Las Cruces High School under Defendant Howard's supervision. Plt's Am. Complaint (Doc. 94, ¶ 45); Def. Howard's Answer (Doc. 215, ¶ 45); Def. Howard's admissions to Pltf V.D.'s RFA Nos. 1, 2, 3, 4.

8.  During the 2016-2017 and 2017-2018 school years, Defendant Howard was an agriculture teacher at Las Cruces High School, and a faculty advisor for the FFA chapter, of which T.R., C.H., V.D. and S.O. were members.  Plt's Am. Complaint (Doc. 94, ¶ 46); Def. Howard's Answer (Doc. 215, ¶ 46)

9.  Defendant Howard gave female students, including but not limited to T.R., C.H., V.D. and S.O., full frontal hugs during the 2017-2018 school year at Las Cruces High School. Def. Howard's admissions to Pltf V.D.'s RFA Nos. 7.

10. Defendant Howard sent text messages to T.R.'s during the 2017-2018 school year.   Def. Howard's admissions to Pltf V.D.'s RFA Nos. 8.

11. In 2017, Defendant Howard was part of a group chat with Las Cruces Public School students, T.R., S.O. and A.B., in which he sent selfies and a text message stating he missed them. Def. Howard's admissions to Pltf V.D.'s RFA Nos. 16.

12. Defendant Howard touched T.R.'s thigh while she slept in the middle front seat while he drove a Las Cruces Public School vehicle on or about February 2017. Def. Howard's admissions to Pltf V.D.'s RFA Nos. 5.

13. Defendant Howard placed his hand on T.R.'s thigh while she slept on a school-sponsored road trip on more than one occasion.  Def. Howard's admissions to Pltf V.D.'s RFA Nos. 6.

14. Defendant Howard touched T.R.'s butt on more than one occasion during the 2017-2018 school year.   Def. Howard's admissions to Pltf V.D.'s RFA Nos. 9.

15. Defendant Howard kept a photo of T.R. in his classroom during the 2017-2018 school year.  Def. Howard's admissions to Pltf V.D.'s RFA Nos. 10.

16. In November 2017, Vice Principal Dana Critchlow informed Defendant Howard that it had been reported he had made an underage female student at Las Cruces High School uncomfortable.   Def. Howard's admissions to Pltf V.D.'s RFA Nos. 15.

17. In December 2017, Defendant Howard touched Plaintiff C.H. in his classroom at Las Cruces High School on the back of her thigh close to her butt. Def. Howard's admissions to Pltf V.D.'s RFA Nos. 17.

18. Defendant Howard testified under oath that on January 19, 2019, when Principal Hendee instructed Defendant Howard to report to LCPS' Human Resources Department, Howard asked Principal Hendee whether he was "hugging and touching the girls too much." Plt's Am. Complaint (Doc. 94, ¶ 76); Def. Howard's Answer (Doc. 215, ¶ 76)

19. On March 2, 2018, a Dona Ana County Grand Jury found there was probable cause to charge Defendant Howard with four felony counts of Criminal Sexual Contact of a Minor in the Third Degree (Person in Position of Authority) for his touching and applying force

to the intimate parts of T.R. and a fifth count of Battery for his unlawful touching of C.H. Plt's Am. Complaint (Doc. 94, ¶ 77); Def. Howard's Answer (Doc. 215, ¶ 7)

20. On May 27, 2021, Defendant Howard pled guilty to one count of Criminal Sexual Contract of a Minor (Person in Position of Authority), a third-degree felony, pursuant to NMSA 30-9-13(C), for touching or applying force to the intimate parts of T.R., to wit, her buttocks on or about September 1, 2017, and to one count of battery for his unlawful, unconsented touching of C.H.'s buttocks in December 2018. Plt's Am. Complaint (Doc. 94, ¶¶ 83, 199); Def. Howard's Answer (Doc. 215, ¶ 83, 199); Pltf C.H.'s Am. Complaint (C.H. - Doc. 62, ¶ 198); Def. Howard's Answer (C.H. - Doc. 241, ¶ 198)

21. Defendant Patrick Howard pled guilty to using his position of authority to engage in criminal sexual contact with T.R., while she was a student, and he was her teacher and FFA advisor at Las Cruces High School. Plt's Am. Complaint (Doc. 94, ¶ 84); Def. Howard's Answer (Doc. 215, ¶ 84)

22. Defendant Howard did not sexually harass and sexually abuse male students, as he did Plaintiff T.R.  Plt's Am. Complaint (Doc. 94, ¶ 249); Def. Howard's Answer (Doc. 249, ¶ 84)

23. Defendant Howard's teaching license was never suspended or revoked.  Def. Howard's admissions to Pltf V.D.'s RFA No. 19.

24. Defendant Howard was not terminated from Las Cruces High School; he resigned.  Def. Howard's admissions to Pltf V.D.'s RFA No. 20.

## B.    Factual and Legal Matters of Law

The following facts are established as a matter of law by the Court:

1. At all relevant times, Defendant Howard was employed by Las Cruces Public

Schools ("LCPS") and acting within the course and scope of his employment with LCPS.  Doc. 217, at ¶ 1;

2. During the 2016-2017 and 2017-2018 school years, T.R. was a minor and a female student at Las Cruces High School (LCHS), and Defendant Howard was an agricultural teacher at LCHS and a faculty advisor of the Future Farmers of America chapter of which Plaintiff was a member.  Doc. 217, at ¶ 2

3. T.R.'s claims in this case are based on Defendant Howard's sexual grooming, sexual harassment, and sexual abuse of her during the 2016-2017 and 2017- 2018 school years.  Doc. 217, at ¶ 3

4. During the relevant two school years, Defendant Howard would refer to T.R. as his "favorite student."  Doc. 217, at ¶ 4

5. Defendant Howard would also comment on T.R.'s appearance or give her compliments, such as telling her she "looked good" or "beautiful" or that he "didn't want other guys looking at her."  Doc. 217, at ¶ 5

6. During the relevant school years, Defendant Howard would touch T.R.'s and certain other female students' hair, shoulders, and low backs during class, without their consent.  Doc. 217, at ¶ 6

7. Defendant Howard repeatedly gave T.R. full frontal hugs that caused her breasts to be pressed against his body and that she described as "too long and too close for comfort."   Doc. 217, at ¶ 7

8. On at least five occasions, when Defendant Howard was driving a vehicle on a school-sponsored trip and T.R. was sitting next to him, he put his hand on her upper thigh over her clothing while she slept.  Doc. 217, at ¶ 8

9. Defendant Howard also touched T.R. on her thigh during class multiple times during the relevant time.  For instance, Defendant Howard would go to T.R.'s desk in his classroom and touch her thigh while talking to her. Doc. 217, at ¶ 9

10. On September 1, 2017, Defendant Howard gave T.R. a frontal hug in his

classroom, placed his arms on her waist, and then slid his hands down and grabbed her buttocks.  Doc. 217, at ¶ 10

11. On another occasion, Defendant Howard grabbed T.R.'s buttocks as he tried to stop her from falling after she tripped in the hallway at LCHS.  Doc. 217, at ¶ 11

12. On a third occasion, Defendant Howard slapped T.R.'s buttocks with his hand as she was leaving his classroom and said, "see you later." Doc. 217, at ¶ 12

13. On March 2, 2018, a Dona Ana County grand jury found probable cause for the State of New Mexico to prosecute Defendant Howard for four third degree felony sexual offenses for his sexual touching of T.R.'s buttocks when she was his underage student.  Doc. 217, at ¶ 13

14. On May 27, 2021, Defendant Howard pled guilty to Criminal Sexual Contact of a Minor in the Third Degree, in violation of N.M. Stat. Ann. § 30-09-13(D)(2) (1978), based on the September 1, 2017, incident in which Defendant Howard hugged T.R. and then grabbed her buttocks in his classroom.  Doc. 217, at ¶ 14.

15. By entering his guilty plea, Defendant Howard admitted that he intentionally touched an intimate part of T.R.'s body, and that he did so either to arouse or gratify his sexual desire or in a way that intruded on T.R.'s bodily integrity or personal safety. *See* Doc. 217, at 18.

16. After reviewing all the evidence, the Court has determined that Plaintiff T.R. is entitled to judgment as a matter of law on her substantive due process claim against Defendant Patrick Howard for violating her constitutional right to bodily integrity because he repeatedly or over a long period of time touched the intimate areas of T.R.'s body.  *See* Doc. 217, at 13.

17. Defendant Howard either grabbed or slapped Plaintiff T.R. on her buttocks—an area of the body considered intimately private for purposes of determining whether sexual touching shocks the conscience—on at least three occasions.  The three incidents in which Defendant Howard grabbed or slapped an intimate area of T.R.'s body did not occur in isolation; they were part and parcel of a broader pattern of repeated physical

and non-physical misconduct that spanned two school years and took place in the hallways of LCHS, in Defendant Howard's classroom, and off-campus at school-sponsored events.  As a result, this Court has found Defendant Howard's conduct towards Plaintiff T.R. to be "conscious shocking." Doc. 217, at 13.

18. After reviewing the evidence, this Court has found Plaintiff T.R. is entitled to judgment as a matter of law on her substantive due process claim because (1) the undisputed conduct includes the touching of an erogenous area of her body on at least three separate occasions, (2) the totality of the physical and non-physical misconduct in this case occurred repeatedly over the course of two school years and included multiple instances of physical misconduct, and (3) it is undisputed that Defendant Howard touched Plaintiff in a way that amounted to criminal sexual contact on at least one occasion. Doc. 217, at 19.

## C.      Contested Material Facts.

1.      Plaintiff's Contentions:

Defendant Howard should be judicial estop from asserting facts distinct from those established during his guilty plea to criminal sexual contact of a minor, T.R. and CH per (Doc. 217, footnote 3).

Defendant Howard was a proximate cause of the compensatory damages alleged by T.R,

And

Defendant Howard was motived by an urge to fulfil sexual gratification when he touched T.R. and other female students.

And

Defendant Howard's conduct toward T.R. was reprehensible, willful, wonton, or deliberate and merits a punitive damages instruction.

2.      Defendants' Contentions:

1.      What was Defendant Howard's motivation for the acts to which he has admitted he committed, proximate causation, and nature, and extent of damages?

2.      Whether Defendant Howard's acts toward T R were motivated by a desire for sexual gratification?

3.      What is the nature, degree and severity of T R's emotional injuries and the cause of same?

4.      Whether the jury should consider awarding punitive damages against Mr. Howard, and if so, in what amount?

5.      Plaintiff's statements of undisputed facts reference touching T.R., C.H., SO, and V.D's body parts.  Defendant Howard has not admitted that the area of the touching included the inner thigh close to the crotch.  Defendant Howard denies touching the inner thigh close to the crotch but generally admits that the area of the leg above the knee on the anterior portion of the human figure is described as the "thigh", and that this was his intent in his discovery answers and deposition testimony.


## V.  APPLICABLE LAW

**A.      Do the parties agree which law controls the action?**

        **X** Yes _____ No

**If yes, identify the applicable law:**

        -   42 USC 1983
        -   42 USC 1988
        -   NMSA 1978, § 30-9-13(C)(2)

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

1.      Plaintiff T.R.

2.      Defendant Howard

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1.      Plaintiff T.R.

Plaintiff T.R. has filed a Motion for Summary Judgment, denied in part, and granted in part (Doc. 217), in which she claims she should prevail, given the undisputed material facts, on both her substantive due process and equal protection claims federal constitutional claims against Defendant Howard as an individual under Section 1983. Plaintiff claims the jury should be charged on damages both compensatory and punitive damages.

2.      Defendant Howard

Defendant Howard has filed a Cross Motion for Summary Judgement, denied, in which he claimed that his conduct did not rise to the level of a violation of the equal protection clause because he was not motivated by a desire for sexual gratification, or a violation of the Plaintiff's rights to substantive due process. Mr. Howard preserves his right to appeal the Court's order granting summary judgment in part to the Plaintiff that Mr. Howard violated the Plaintiff's right to substantive due process.  Next, the Court has ruled that Plaintiff may introduce evidence of other crimes, wrongs or acts, under FRE

404(B)(2), regarding C.H., V.D., S.O., and Estrella Caro.  However, the Court has not allowed evidence of any harm alleged by these persons as a result of their interactions with Mr. Howard.  Defendant raises FRE 401 and 403 as to any such evidence, and further that FRE 404(B)(2) testimony should not be too remote from the time period at issue, nor too dissimilar,  lest the unfair prejudice outweigh the relevance.  As to punitive damages, Defendant Howard disputes Plaintiff's claim that evidence of insurance is relevant, and this evidence should not be allowed considering the prejudicial impact and marginal relevance.  Evidence of Defendant Howard's insurance policy is not relevant to liability and in any event, the Tort Claims Act provides that the insurer can recoup its payment from Mr. Howard following satisfaction of the judgment. Plaintiff may attempt to introduce evidence of the failure of Mr. Howard to apologize at his sentencing hearing, and such evidence should not be admitted since it is not relevant, prejudicial, is not a statement, and in any event, if it is a statement, it does not fall within any exception to the hearsay rule.

## VII.  MOTIONS

**A.**     **Pending Motions (indicate the date filed): None. Court has ruled on all motions.**

**B.**     **Motions which may be filed:**

1.     Plaintiff T.R.

2.     Defendant Howard

## VIII.  DISCOVERY

**A.**     **Has the discovery been completed?   __X__ Yes _____ No**

If no, discovery terminates on _____.

**B.      Are there any discovery matters of which the Court should be aware?**

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.      Plaintiff T.R.'s Witnesses:**

Plaintiff has not yet determined the availability of her witnesses.  For those witnesses who will testify by deposition, Plaintiff will designate their deposition experts on January 30, 2024 or as near to that deadline as feasible. Plaintiff will call or may call at trial the following witnesses:

1.  Plaintiff T.R.

     T.R. was an underage female student at Las Cruces High School, and a member of FFA. T.R. will testify to Defendant Howard's sexual grooming, sexual harassment and sexual abuse of her and other underage female students at Las Cruces High School in 2016-2017 and 2017-2018.  She will testify to the harms and losses she has suffered as a result of Howard's educator sexual misconduct of her, from knowing others witnessed her be sexually harassed and abused by him, from watching her female peers and friends be sexually harassed and abused by him, and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy she endured after Howard's suspension and arrest because, for years, Howard refused to admit and acknowledge he sexually abused her.

2.  C.H.

     C.H. was an underage female student at Las Cruces High School, and a member of FFA. C.H. will testify to Defendant Howard's sexual grooming, sexual harassment and sexual abuse of her and other underage female students, including T.R., at Las Cruces High School in 2016-2017 and 2017-2018.  She will testify about reporting Howard's educator sexual misconduct immediately to Ms. Gute, and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy she and other female students, including T.R., endured after Howard's suspension and arrest.

3.  V.D.

V.D. was an underage female student at Las Cruces High School, and a member of FFA. She will testify to Defendant Howard's sexual grooming, sexual harassment and sexual abuse of her and other underage female students, including T.R., at Las Cruces High School in 2016-2017 and 2017-2018.  She will testify about Howard's comments to her about her hair and body, his calling up to the board to give the male students "a show" and his rubbing his hands up her thighs during class, and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy she and other female students, including T.R., experienced as a result of Howard's educator sexual misconduct.

4.  S.O.

S.O. was an underage female student at Las Cruces High School.  She will testify to Defendant Howard's sexual grooming, sexual harassment and sexual abuse of her and other underage female students, including T.R., at Las Cruces High School in 2016-2017 and 2017-2018.  She will testify about Howard's comments to her about her hair and appearance, and his touching of her thighs and low back during class, and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy she and other female students, including T.R., experienced  as a result of Howard's educator sexual misconduct.

5.  H.R.

H.R. was an underage female student at Las Cruces High School and was responsible for morning announcements during the 2017-2018 school year. Defendant Howard would touch H.R.'s face and hold her head near his face, and give her long, tight frontal hugs that she could not escape from, and he made comments to her about her appearance, telling her she was beautiful and that he liked it when she wore her hair in braids.  H.R. will testify that in November 2017, she reported Howard's misconduct to her ROTC instructor, Maj. Gary Stewart, and told him that Howard's conduct towards made her so uncomfortable she was taking steps to avoid him at school. H.R. confided in a fellow female student, M.S., who worked as Howard's TA after M.S. confided in her that Howard made her feel uncomfortable because he would grab her thighs in class.

6.  M.S.

M.S. was an underage female student at Las Cruces High School. She will testify that she was Howard's Teaching Assistant at Las Cruces High School. Howard made her uncomfortable with his comments and his touching of her upper thighs in class. M.S. confided in H.R.

7.  J.G.

J.G. was an underage female student at Las Cruces High School, and a member of FFA. She will testify to Defendant Howard's sexual grooming, sexual harassment and sexual abuse of underage female students, including T.R., C.H. and V.D., that she witnessed at

Las Cruces High School in 2016-2017 and 2017-2018. She will testify about confronting Howard about his special treatment of T.R. and his response.  She will testify that Ms. Gute confided in her that she was uncomfortable with Howard's time alone with T.R., and physical and non-physical misconduct with female students.  She will testify about how T.R. was harmed / effected by Howard's educator sexual misconduct and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy that flowed from his misconduct.

8. Estrella Caro  (E.C.)

Ms. Caro is a former student of Defendant Howard's and was working as the receptionist at Las Cruces High School during the 2016-2017 and 2017-2018 school years, when Defendant Howard's sexually harassed and abused her.  She will testify to how Howard touched her body inappropriately, that he whistled at her when he saw her, and the sexual comments Howard said to her while he was touching her, including "I better not do that or they'll get me for sexual harassment" and "if only you weren't my daughter's age." Ms. Caro will also testify that Head Principal Hendee and Vice Principal Mora acknowledged to her that they had witnessed Howard's physical and non-physical misconduct towards her.

9. Defendant Patrick Howard

Defendant Howard was a teacher at Las Cruces High School, and a co-advisor of the FFA chapter. He will testify to any and all matters set forth herein, including but not limited to his grooming, sexual harassment and abuse of T.R. and other underage female students at Las Cruces High School, his suspension and resignation, the support he received from his students and their families ("Pro Howard" or "Team Howard"), the State of New Mexico's criminal prosecution of him and his guilty plea, his sentence and probationary status, and his knowledge of the consequences of his actions on T.R. and the other underage students.

10. Jessica Gute né Corrie

Ms. Gute was a teacher and a co-advisor of Future Farmers of America (FFA) chapter at Las Cruces High School.  She will testify that she witnessed Defendant Howard braiding female students' hair in class as far back as 2011, but that she did not report or stop his inappropriate behavior. She witnessed Howard's physical and non-physical misconduct with underage female students, including T.R., C.H. and V.D., during the 2016-2017 and 2017-2018 school years.  She will testify she never reported Howard or confronted him about his misconduct with underage female students; instead, she shared her concerns with J.G., another underage female student. Ms. Gute will also testify about the repeated, severe and pervasive bullying, reputation destruction and invasions of privacy underage female students, including T.R., endured after Howard's suspension and arrest. Ms. Gute will testify about her training (or lack thereof) in sexual grooming and teacher-on-student sexual harassment. She will testify that she failed to protect the underage female students who were victimized by Howard.

11. Dana Critchlow

Ms. Critchlow was a Vice Principal at Las Cruces High School. Ms. Critchlow will testify that in November 2017, ROTC Instructor Maj. Gary Stewart informed her that an underage female student, H.R., reported that Howard's physical and non-physical educator misconduct at Las Cruces High School was making her so uncomfortable that she was taking concerted efforts to avoid him at school. She will testify that she did not document this report until February 2018 (at the request of LCPS officials during its investigation into Howard), speak to H.R. or her parents, or report it to any other school official within the Las Cruces Public Schools.  Vice President Critchlow Vice President Critchlow will testify that she told Howard to stay away from H.R. because he was making her uncomfortable, but she took no other action to protect H.R. or other female students. She will also testify about her knowledge of the severe and pervasive bullying, reputation destruction and invasions of privacy the underage female students, including T.R., endured after Howard's suspension and arrest.

12. Allice Chavez-Villa

Ms. Chavez-Villa was the Associate Director of Human Resources for Las Cruces Public Schools. Ms. Chavez-Villa was responsible for overseeing LCPS' investigation into Patrick Howard for sexual harassment of multiple female students after his suspension, and the findings of the investigation as set forth in LCPS' Investigative Report. She will testify that the allegations against Howard were serious, and constituted sexual harassment. She will testify that Howard's misconduct, including braiding hair and long frontal hugs, should have been reported by teachers and school officials.  She will testify that Howard's comments about female students' appearance, including how he liked female students when they wore their hair in braids, were inappropriate and indicative that he was sexual grooming underage female students. She will testify that LCPS never questioned Howard as part of the LCPS investigation into his misconduct because he resigned.

13. Pamela Cort

Ms. Cort was T.R.'s French teacher at Las Cruces High School, and designated "safety person" on T.R.'s Safety Plan following Howard's suspension.  Ms. Cort will testify as to the harms and losses she witnessed T.R. and S.O. suffer, including the difference in their appearance, demeanor and behavior, during the 2017-2018 school year. Ms. Cort will testify as to statements T.R. made to her, including that Defendant Howard smacked her on the butt and that he would wait for her in the parking lot at school. Ms. Cort will testify as to her role as a teacher, and creating a safe environment for all students to learn.

14. Ann Marie Mora

Ms. Mora was a Vice Principal at Las Cruces High School, and was tasked with conducting interviews as part of LCPS investigation into Howard's educator sexual

misconduct.  She will testify about the LCPS investigation, the facts and information she learned during the investigation, the individuals she interviewed, and the findings of the investigation. She will testify to misconduct involving Defendant Howard that she witnessed, and the severe pervasive bullying and harassment that T.R. and other underage female students experienced after Howard's suspension and arrest.

15. Gary G. Stewart, MAJ(R) USA

Major Stewart was an ROTC instructor at Las Cruces High School.  In November 2017, H.R. reported to Maj. Stewart that Defendant Howard had been touching her and making comments to her, including calling her beautiful and telling her he liked it when she wore her hair in braids. H.R. reported to him that she had become so uncomfortable with Defendant Howard's conduct that she went the opposite direction when she saw him at school. Maj. Stewart will testify that the conduct H.R. described constituted sexual harassment, and he promptly reported it to Vice Principal Critchlow because "nobody should be put in that situation."

16. Kathleen Gardner

Ms. Gardner is an employee of Las Cruces Public Schools, and the mother of J.G. She will testify about learning in January 2018 that Howard had smacked / grabbed C.H. on/near her butt in his classroom, and her subsequent email to Las Cruces School District reporting his misconduct.  She will testify that prior to her report, she had seen Howard alone in a vehicle with T.R., and she learned Howard and T.R. had been alone at her house together. She will testify that prior to Howard's suspension, she knew that T.R. was teased for being Howard's favorite and the special attention he gave her, and that she had discussed Howard's conduct towards T.R. with her colleagues (including Ms. Gute) but it was not reported.

17. Tony Ronga

Mr. Ronga is T.R.'s father.  He will testify to the harms and losses his daughter suffered and continues to suffer as a result of Howard's educator sexual misconduct and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy that followed his suspension and arrest. He will also talk about how Howard's sexual harassment and sexual abuse of T.R. has affected the Ronga family, his relationship with his daughter, and the concerns he has for his daughter's well-being into the future.

18. Michelle Ronga

Ms. Ronga is T.R.'s mother, and an employee of Las Cruces Public Schools. She will testify to the harms and losses his daughter suffered and continues to suffer as a result of Howard's educator sexual misconduct and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy that followed his suspension and arrest. Ms. Ronga will also testify that she had to request a Safety Plan / Pass for her

daughter as a result of the bullying and harassment. She will also talk about how Howard's sexual harassment and sexual abuse of T.R. has affected the Ronga family, her relationship with her daughter, and the concerns she has for her daughter's well-being into the future.

19. Lane Hauser

Mr. Hauser is C.H.'s father. Mr. Hauser was notified of Howard's touching of C.H. on or about January 19, 2018 and immediately went to Las Cruces High School to speak with Principal Hendee. Mr. Hauser will testify to the harms and losses his daughter suffered as a result of Howard's educator sexual misconduct and the repeated, severe and pervasive bullying, reputation destruction and invasions of C.H.'s privacy that followed Howard's suspension and arrest, and the ongoing effects of Howard's misconduct on C.H. Mr. Hauser's testimony is relevant to the reprehensibility of Defendant Howard's educator sexual misconduct, and the extent of the harms he has caused.

20. Agustin Diaz

Mr. Diaz is V.D.'s father. He will testify to the harms and losses his daughter suffered as a result of Howard's educator sexual misconduct and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy that followed his suspension and arrest and the concerns he has had for V.D.'s well-being. Mr. Diaz's testimony is relevant to the reprehensibility of Defendant Howard's educator sexual misconduct, and the extent of the harms he has caused.

21. Alanna Giusto, Counselor

Ms. Guisto is a licensed clinical social worker. She served as T.R.'s counselor beginning in mid-2018, following Howard's suspension and arrest. She will testify to the harms and losses T.R. suffered as a result of Howard's educator sexual misconduct and the repeated, severe and pervasive bullying, reputation destruction and invasions of her privacy that followed his suspension and arrest. She will testify about the letter she sent to the State criminal court judge regarding the release of T.R. private mental health records to Defendant Howard.

22. Kirk A. B. Newring, Ph.D.

Dr. Newring is Plaintiff's expert witness. He will testify as an expert on the assessment and treatment of perpetrators and victims of sexual abuse. Dr. Newring testify as an expert as to the psychological trauma and injuries, past and future, suffered by victims of sexual violence, the common sequalae for victims of harmful sexual behaviors, and treatment approaches. He will also testify about sexual abuse by adults in positions of authority, including teacher-on-student sexual grooming and abuse, and the common features of the teacher-student-abuse dynamic, including the selection and targeting of victims.

23. Edward (Ned) Siegel, Ph.D.

Dr. Siegel is Defendant's expert witness.  He performed Rule 35 mental health examinations on T.R. and C.H. He will testify to his findings, including that Defendant caused T.R. to suffer emotional distress and she requires mental health treatment as a result.  He will also testify as to harms and long-term effects experienced by victims of sexual abuse by people in positions of authority, and the harms suffered by witnessing the sexual abuse of one's peers.

24. Charol Shakeshaft, PhD

Dr. Shakeshaft is Plaintiff's expert witness.  She will testify as an expert on educator sexual misconduct, including grooming, sexual harassment and sexual abuse. She will testify about the "red flags" and boundary violations of educator sexual misconduct, and appropriate responses to red flags and boundary violations.  She will also testify to the negative impact of educator sexual misconduct on students. Her testimony and opinions will be based on her four decades of experience researching, writing, and teaching on equity in schools, including the prevention of educator sexual misconduct.

25. Christopher Eide, formerly of NMPED

Mr. Eide was the Director of Educator Quality for the New Mexico Public Education Department.  He will testify about NMPED's investigation into Patrick Howard's educator sexual misconduct, its Investigative Report and findings, and its Notice of Contemplated Action, and the status of Defendant Howard's teaching license.

26. Phillip J. Gloudemans, NMPED

Mr. Glouderrmans is the Chief Administrative Prosecutor for the New Mexico Public Education Department.  He will testify about NMPED's investigation into Patrick Howard's educator sexual misconduct, its Investigative Report and findings, and its Notice of Contemplated Action, and the status of Defendant Howard's teaching license.

27. Jeremy J. Garcia, NMPED

Mr. Garcia is the Chief Investigator for Prosecutor for the New Mexico Public Education Department.  He will testify about NMPED's investigation into Patrick Howard's educator sexual misconduct, its Investigative Report and findings, and its Notice of Contemplated Action, and the status of Defendant Howard's teaching license.

28. Detective Adrian Alva, Las Cruces Police Department

Det. Alva conducted the criminal investigation into Defendant Howard.  He will testify about his investigation, the individuals he interviewed and Defendant Howard's statements, his testimony to the grand jury, the criminal prosecution of Defendant Howard and his guilty plea and sentencing.

29. All foundational witnesses.

30. All rebuttal or impeachment witnesses.

31. All witnesses listed by Defendant Howard who may or will be called at the jury trial of
this matter.

**B.**     **Defendant's Witnesses:**

Defendant may call or have available at trial the following witnesses:

1.     Plaintiff T.R.
       c/o The Kennedy Law Firm PC
       Shannon L. Kennedy
       Joseph P. Kennedy
       PO Box 26776
       Albuquerque, NM 87125
       (505) 244-1400

       T.R. is expected to testify to the allegations contained in her Complaint.

2.     Defendant Patrick Howard
       c/o John S. Stiff, Esq.
       Stiff, Garcia & Associates, LLC
       500 Marquette Ave. NW, Ste. 1400
       Albuquerque, NM 87102
       (505) 243-5755

       Mr. Howard is expected to testify to the allegations contained in Plaintiff's
Complaint.

3.     Edward (Ned) Siegel, Ph.d
       c/o John S. Stiff, Esq
       Stiff, Garcia & Associates, LLC
       500 Marquette Ave NW, Ste. 1400
       Albuquerque, NM 87102
       (505) 243-5755

Dr. Siegel is a clinical psychologist.  Dr. Siegel may testify concerning the report he
prepared.

4.     Jessica Gute (Identified in Plf's Initial Disclosures)
       c/o Bryan Evans, Esq.

> Atwood, Malone, Turner & Sabin, P.A.
> P.O. Drawer 700
> Roswell, NM 88202-0700
> (575) 622-6221
> Counsel for Las Cruces Public Schools

Ms. Gute was a teacher at Las Cruces High School and may testify to the allegations contained within the Complaint.

5.    David Carrillo (Identified in Plf's Initial Disclosures)
> c/o Bryan Evans, Esq.
> Atwood, Malone, Turner & Sabin, P.A.
> P.O. Drawer 700
> Roswell, NM 88202-0700
> (575) 622-6221
> Counsel for Las Cruces Public Schools

Mr. Carrillo was the Principal at Las Cruces High School and may testify  to the allegations contained within the Complaint.

6.    Gary Stewart (Identified in Plf's Supp Initial Disclosures)
> c/o Bryan Evans, Esq.
> Atwood, Malone, Turner & Sabin, P.A.
> P.O. Drawer 700
> Roswell, NM 88202-0700
> (575) 622-6221
> Counsel for Las Cruces Public Schools

Mr. Stewart was a teacher at Las Cruces High School and may testify to the allegations contained within the Complaint.

7.    Dana Critchlow (Identified in Plf's Supp Initial Disclosures)
> c/o Bryan Evans, Esq.
> Atwood, Malone, Turner & Sabin, P.A.
> P.O. Drawer 700
> Roswell, NM 88202-0700
> (575) 622-6221
> Counsel for Las Cruces Public Schools

Ms. Critchlow was a teacher at Las Cruces High School and may testify to the allegations contained within the Complaint.

8.    Ana Marie Mora (Identified in Plf's Supp Initial Disclosures)
> c/o Bryan Evans, Esq.
> Atwood, Malone, Turner & Sabin, P.A.
> P.O. Drawer 700

Roswell, NM 88202-0700
(575) 622-6221
Counsel for Las Cruces Public Schools

Ms. Mora was an employee of Las Cruces Public Schools and may be called to testify to the allegations contained within the Complaint.

9.      Pamela Cort (Identified in Plf's Supp Initial Disclosures)
        c/o Bryan Evans, Esq.
        Atwood, Malone, Turner & Sabin, P.A.
        P.O. Drawer 700
        Roswell, NM 88202-0700
        (575) 622-6221
        Counsel for Las Cruces Public Schools

Ms. Cort was a teacher at Las Cruces High School and may testify to the allegations contained within the Complaint.

10.     Janell Ramsey
        Address and phone number unknown

Ms. Ramsey may be called to testify as to the allegations within the Complaint.

11.     Alice Chavez-Villa
        c/o Bryan Evans, Esq.
        Atwood, Malone, Turner & Sabin, P.A.
        P.O. Drawer 700
        Roswell, NM 88202-0700
        (575) 622-6221
        Counsel for Las Cruces Public Schools

Ms. Chavez-Villa worked in Human Resources for Las Cruces Public Schools and may be called to testify as to the allegations within the Complaint.

12.     Sergeant Adrian Alva (Identified in Plf's Initial Disclosures)
        Las Cruces Police Department
        217 E. Picacho Ave.
        Las Cruces, NM 88001
        (575) 526-0795

Sergeant Alva investigated the claims of Plaintiff and may be called to testify as to the allegations contained within the Complaint.

13.     Alanna Giusto (Identified in Plf's Supp Initial Disclosures)
        c/o Steven S. Scholl
        Dixon, Scholl, Carillo, P.A.

P.O. Box 94147
Albuquerque, NM 87199
(505) 244-3890

Ms. Guisto is a treatment provider for T.R. and may be called to testify as to the treatment provided to her and the allegations contained within the Complaint.

14.     Officer Daniel Lopez (Identified in Plf's Initial Disclosures)
        Las Cruces Police Department
        217 E. Picacho Ave.
        Las Cruces, NM 88001
        (575) 526-0795

Officer Lopez investigated the claims of Plaintiff and may be called to testify as to the allegations contained within the Complaint.

15.     Medical providers of T.R.

Medical providers of T.R. may be called to testify as to any treatment provided and the allegations contained within the Complaint.

16.     Psychiatric providers of T.R.

Psychiatric providers of T.R. may be called to testify as to any treatment provided and the allegations contained within the Complaint.

17.     Kaitlyn Neal (Identified in Plf's Supp Initial Disclosures)
        Address and Phone Number Unknown

Ms. Neal was a student at Las Cruces High School and may be called to testify as to the allegations within the Complaint.

18.     Logan Neal (Identified in Plf's Supp Initial Disclosures)
        Address and Phone Number Unknown

Mr. Neal was a student at Las Cruces High School and may be called to testify as to the allegations within the Complaint.

19.     Colton McVaugh (Identified in Plf's Supp Initial Disclosures)
        Address and Phone Number Unknown

Mr. McVaugh was a student at Las Cruces High School and may be called to testify as to the allegations within the Complaint.

20.     Cerina Lucero (Identified in Plf's Supp Initial Disclosures)
        Address and Phone Number Unknown

Ms. Lucero was a student at Las Cruces High School and may be called to testify as to the allegations within the Complaint.

21.     Logan Johnson (Identified in Plf's Supp Initial Disclosures)
        Address and Phone Number Unknown

Mr. Johnson was a student at Las Cruces High School and may be called to testify as to the allegations within the Complaint.

22.     Arden Gardner (Identified in Plf's Supp Initial Disclosures)
        Address and Phone Number Unknown

Mr. Gardner was a student at Las Cruces High School and may be called to testify as to the allegations within the Complaint.

23.     Any and all necessary records custodians.

24.     Any and all necessary witnesses necessary for authentication.

25.     Any and all necessary rebuttal, impeachment, or foundation witnesses.

## X.  TRIAL PREPARATION

**A.     Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than March 4, 2024.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than March 4, 2024.

Two physical copies of marked exhibits must be delivered, along with a numbered index, to chambers by March 4, 2024.

All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.**     **Witness Lists.**

Witness lists have been finalized as of March 1, 2024.

**C.**     **Voir Dire.**

1.     If allowed, do the parties wish to participate in voir dire?

Plaintiff                         __**X**__  Yes  _____ No

Defendant                    _**X**_ Yes  _____ No

Other Party                   _____ Yes  _____ No

2.  The Court will issue a Supplemental Juror Questionnaire prior to voir dire and allow for individual and group voir dire.

3.  The court has ruled on parties' submission for voir dire.

**D.**     **Jury Instructions and Verdict.**

**1.     In General.**   Preliminary Jury Instructions have been finalized (*doc. 327*). Submissions for final non-preliminary jury instructions should be made pursuant to *doc. 328*.

**E.**     **Statement of Case.**

Parties' have agreed upon and submitted a statement of the case.

# XI. OTHER MATTERS

**A.**    **Settlement Possibilities.**

1.    The possibility of settlement in this case is considered:

__ **X** __  Poor _____ Fair _____ Good _____ Excellent _____ Unknown

2.    Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____ Yes  __ **X** __  No   If yes, when?

If a settlement conference has already been held, indicate approximate date: **The parties attended Settlement Conferences on January 19, 2022 and January 23, 2024, with Judge Yarbrough**

Would a follow-up settlement conference be beneficial?      _____ Yes   __**X**__ No

3.    Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify: _____

If no, explain why not: **Plaintiff attended two settlement conferences with Defendant; additional attempts to resolve this matter will not be beneficial.**

**B.**    **Length of Trial and Trial Setting.**

1.    This action is a _____ Bench Trial  ___**X**___ Jury Trial of eight (8) persons.

2.    The case is set for trial on March 4, 2024 with jury selection on March 4, 2024 at 9:30 a.m. *See doc. 208.*

3.      The estimated length of trial is 6 day(s) including voir dire.

## XII. EXCEPTIONS

**Plaintiff's Additional Proposed Factual Stipulations**

**Defendants' Response**

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.  This Pretrial Order is based upon the proposed order submitted by the parties and has been modified by the Court.


_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**