IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                           Civ. No. 20-276 GBW/JHR

PATRICK HOWARD,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE PLAINTIFF'S EXPERT, DR. NEWRING

THIS MATTER comes before the Court on Defendant's *Daubert* Motion to Exclude Plaintiff's Expert, Dr. Newring. *Doc. 151*. In the Motion, Defendant moves to exclude Plaintiff's expert Dr. Newring from testifying at trial. Based on the following reasons, the Court will GRANT IN PART and DENY IN PART Defendant's Motion.

**I.  DR. NEWRING'S EXPERT TESTIMONY**

Defendant moves to exclude all of Dr. Newring's expert testimony on the bases that his opinions are not relevant to the issues of the case or helpful for the trier of fact. *Doc. 151* at 4-11.

Federal Rule of Evidence 702 states that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based upon sufficient facts or data;

>  (c) the testimony is the product of reliable principles and methods; and
>  (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Like all evidence, expert evidence may be excluded if its probative value is outweighed by its prejudicial value. Fed. R. Evid. 403. In addition, expert testimony may be excluded if it is not helpful to the trier of fact. For example, "[w]hen the normal experiences and qualifications of laymen jurors are sufficient for them to draw a proper conclusion from given facts and circumstances, an expert witness is not necessary." *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002). *See also U.S. v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991) ("Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject."). A district court's admission of expert testimony is reviewed for abuse of discretion. *Wilson*, 303 F.3d at 1218.

Defendant provides his objections to Dr. Newring's testimony in four categories. The Court's rulings on each category are as follows:

1. *Testimony on Sexually Offensive Behaviors and Grooming*

Dr. Newring offers opinions regarding various types of sexual offenses that may be committed including rape and pedophilia, *doc. 180-1* at 32, and a definition and description of sexual grooming, *id.* at 33-37. Defendant objects to testimony regarding the sexual offenses of rape and pedophilia on the basis that Defendant Howard is not

2

accused of rape or pedophilia, and a discussion of these acts could bias the jury. *Doc. 151* at 4. Defendant also argues that expert testimony regarding grooming is not helpful to a jury because this topic is common knowledge within the general public.

At the *Daubert* hearing, Plaintiff agreed not to question Dr. Newring regarding the sexual offense of pedophilia. However, based on his testimony at the hearing, the Court will permit Dr. Newring to provide an opinion regarding the differing psychological consequences of stranger assault, including rape, and sexual contact from a known perpetrator. In addition, the Court will permit Dr. Newring to testify about sexual grooming, including his opinion that Defendant Howard's actions were consistent with grooming behaviors.

2. *The Common and Uncommon Psychological Consequences of Sexual Offenses Including a Diagnosis of Post-Traumatic Stress Disorder*[1]

Dr. Newring also offers opinions on the consequences of sexual boundary violations, including that one such consequence is Post-Traumatic Stress Disorder ("PTSD"). *Id.* at 48-50, 59. Defendant objects to this testimony on the basis that Dr. Newring never evaluated Plaintiff or diagnosed her with PTSD. *Doc. 151* at 8.

Based on Dr. Newring's testimony at the *Daubert* hearing, the Court finds that Dr. Newring has sufficient expertise to provide an opinion regarding the general

---

[1] Based on the similarity between the topics, the Court is including part of Defendant's first category of objections ("the common and uncommon psychological consequences of sexual offenses") with Defendant's second category of objections (PTSD diagnosis as a consequence of sexual abuse). *See doc. 151* at 7-8.

3

consequences of sexual boundary violations, including that one such consequence is a diagnosis of PTSD.

3. *The Nature of Sexual Abuse Disclosures, and the Psychological Impact on Plaintiff of the School's Investigation of and Litigation Related to Defendant's Actions*

Next, Dr. Newring offers opinions regarding the nature of sexual abuse disclosures, including considerations that victims of sexual offenses make when deciding whether to disclose their abuse. *Doc. 180-1* at 44-47. He also offers opinions regarding the potential psychological impact of Las Cruces Public School's ("LCPS") investigative process into Plaintiff's sexual abuse allegations, *doc. 151* at 29, 140:6-17, and the potential psychological impact of litigation, *doc. 180-1* at 55-59. Defendant objects to this testimony on the basis that it is overly prejudicial. *Doc. 151* at 9-10.

The Court finds that Dr. Newring has sufficient expertise to provide testimony about the nature of sexual abuse disclosures. The Court will also permit testimony regarding the impact of LCPS's investigation on Plaintiff. Because the school's investigation was a direct result of Defendant Howard's misconduct, the impacts of the investigation are relevant in determining the overall harm caused by Defendant's misconduct. The Court will not, however, permit testimony regarding the psychological impacts of litigation because the causal connection between Defendant Howard's misconduct and any harm resulting from litigation is too attenuated.

4

4. *Various Kinds of Treatments for Psychological Harm Caused by Sexual Abuse*

Finally, Dr. Newring offers opinions regarding the various kinds of psychological treatments for victims of sexual offenses. *Doc. 180-1* at 53, 55. Defendant argues that this testimony is not helpful to the jury because it is commonly understood information within the general public. *Doc. 151* at 10-11.

The Court will exclude any testimony from Dr. Newring regarding various kinds of treatments for psychological harm caused by sexual abuse. Because Dr. Newring did not treat Plaintiff, he can only provide general testimony that there exist various kinds of treatments for psychological harm. This information is not helpful to the jury. In addition, there will be other witnesses, such as Plaintiff's medical provider, who can testify to treatments that Plaintiff received for psychological harm that she experienced.

II.   **DR. NEWRING'S REBUTTAL EXPERT TESTIMONY**

Defendant also moves the Court to exclude any rebuttal testimony from Dr. Newring on the methodology or conclusions of Plaintiff's expert, Dr. Siegel. *Doc. 151* at 11.

Plaintiff disclosed Dr. Newring as her expert witness on April 15, 2022, and Defendant disclosed Dr. Siegel as his expert witness on June 20, 2022. *See docs. 108, 123*. On August 17, 2022, Defendant deposed Dr. Newring. *See doc. 151* at 23-29. During the deposition, counsel for Defendant asked Dr. Newring a variety of questions regarding his opinion of Dr. Siegel's expert report, and Dr. Newring provided general criticisms of

5

the diagnostic tests used by Dr. Siegel when he conducted a psychological evaluation of T.R. *See doc. 151* at 26-29. Plaintiff never filed a rebuttal expert report in response to Dr. Siegel's initial report.

Fed. R. Civ. P. 26(a)(2)(D)(ii) governs expert rebuttal disclosures:

> [I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [the expert disclosure must be made] within 30 days after the other party's disclosure.

Expert disclosures must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B).

Generally, late-disclosed evidence, including late-disclosed expert rebuttal testimony, is deemed inadmissible at trial unless the late disclosure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Although the determination of whether a late-disclosure is justified or harmless "is entrusted to the broad discretion of the district court," the Tenth Circuit has provided four factors to "guide [the district court's] discretion" including: (1) prejudice or surprise to the opposing party; (2) ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial setting; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

In the Motion, Defendant argues that Dr. Newring should not be permitted to testify "about the propriety of defense expert witness Dr. Siegel's testing methods or that they were improper" because these opinions were not disclosed in either Dr. Newring's initial expert report or a rebuttal report. *Doc. 151* at 11. Plaintiff responds

6

that Dr. Newring should be permitted to testify regarding his criticisms of Dr. Siegel's opinions because the opposing testimony from Dr. Newring will be helpful to the jury. *Doc. 180* at 9-10.

Contrary to Plaintiff's argument, the pertinent issue for deciding whether to admit Dr. Newring's rebuttal testimony is not whether the testimony is relevant and helpful to the jury, but whether Defendant received adequate notice regarding the content of the rebuttal testimony such that Defendant could prepare for Dr. Newring's deposition and prepare to question Dr. Newring at trial. Because it is undisputed that Plaintiff did not file a rebuttal expert report in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii), the Court finds that Defendant did not receive adequate notice of Dr. Newring's rebuttal testimony.

Plaintiff argued in her response and at the *Daubert* hearing that the information that Dr. Newring provided during his deposition about Dr. Siegel's report provided Defendant with sufficient notice about the content of Dr. Newring's rebuttal testimony. *Doc. 180* at 9. However, a party cannot cure deficient expert reports with depositions. *See Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 595 (D. Colo. 2009) ("allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2): to shorten or decrease the need for expert depositions") (citation omitted). Without the ability to review a rebuttal report prior to the deposition, Defendant could not adequately prepare to question Dr. Newring about

7

his criticisms of Defendant's expert.  *Leon v. FedEx Ground Package Sys., Inc.*, 2016 WL 1158079, at \*10 (D.N.M. Mar. 1, 2016) (stating that the expert disclosure requirement exists "to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition").  In addition, although Dr. Newring provided the general substance of his rebuttal testimony during deposition, he has never provided the scientific basis for his rebuttal.  Without this information, Defendant is unable to prepare fully for any testimony given at trial by Dr. Newring regarding his criticisms of Dr. Siegel's report.

In addition, the Court finds that the *Woodworker* factors do not support admitting the late-disclosed rebuttal testimony during Plaintiff's case-in-chief.  As detailed above, Defendant would be prejudiced by the admission of Dr. Newring's rebuttal testimony.  Although the Court does not find that Plaintiff acted in bad faith by failing to file an expert rebuttal report, curing the prejudice caused by this failure would necessitate extending the trial date such that Plaintiff can file a rebuttal report and Defendant can re-depose Dr. Newring.  Given that this case has been pending for nearly four years and trial is now imminent, the Court will not extend the trial date.  *See, e.g., Long v. Eastern New Mexico Univ. Bd. of Regents*, 2015 WL 13665401, at \*3 (D.N.M. Mar. 4, 2015)

The Court will prohibit Dr. Newring from testifying during Plaintiff's case-in-chief about his opinions regarding Dr. Siegel's expert report.  However, the Court will

defer ruling on any attempt by Plaintiff to present Dr. Newring's criticisms in her rebuttal case.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant's *Daubert* Motion to Exclude Plaintiff's Expert, Dr. Newring (*doc. 151*) is GRANTED IN PART and DENIED IN PART. Dr. Newring may give testimony at trial consistent with the rulings provided in this Order.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**