IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.R.,

    Plaintiff,

v.                                Civ. No. 20-cv-276 GBW/JHR

PATRICK HOWARD,

    Defendant.

## COURT'S AMENDED PROPOSED FINAL JURY INSTRUCTION REGARDING PUNITIVE DAMAGES

Having further considered the law on punitive damages, any relevant objections filed by the parties, and the limiting instruction the Court gave during trial, the Court amends its proposed jury instruction on the matter of punitive damages as described below. While the deadline to object to the other final jury instructions proposed by the Court has passed, the parties will be permitted to object to these amendments at the final jury instruction conference on March 11, 2024.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

JURY INSTRUCTION 13 – PUNITIVE DAMAGES

In this case, Plaintiff Ronga seeks to recover punitive damages from Defendant Howard.   You may consider punitive damages only if you find that Plaintiff should recover compensatory damages.   Moreover, to award punitive damages, you must first find, by a preponderance of the evidence, that the conduct of the Defendant which caused injury or harm to Plaintiff was maliciously, or wantonly, or oppressively done.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Even if you make one or more of these findings, whether or not to make an award of punitive damages is a matter exclusively within your discretion. Punitive damages are

awarded for the limited purposes of punishment and to deter others from the commission of similar offenses.   The amount of punitive damages must be based on reason and justice, taking into account all the circumstances, including the nature and enormity of the wrong, the reprehensibility of Defendant's conduct, the likelihood that Defendant would repeat the conduct, and such aggravating and mitigating circumstances as may be present.   When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.   The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation, and not disproportionate to the circumstances.

Plaintiff has presented evidence of Defendant Howard's conduct with other female students.   With respect to punitive damages, you may consider that evidence when you are deciding whether his conduct toward Plaintiff Ronga was reprehensible, and if so, the degree of its reprehensibility.   However, you may not include any amount designed to punish Defendant Howard on account of harms allegedly caused to those other students.   This rule is in place because other persons may bring lawsuits of their own in which other juries can resolve their claims.