## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

T.R.,

      Plaintiff,

v.                                      Civ. No. 20-cv-276 GBW/JHR

PATRICK HOWARD,

      Defendant.

### <u>COURT'S FINAL JURY INSTRUCTIONS</u>

The Court will provide the following instructions and special verdict form to the

jury after the presentation of evidence, and before closing arguments and deliberation.

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

JURY INSTRUCTION 1 – GENERAL INSTRUCTIONS FOR CHARGE

Members of the Jury:

You have heard the evidence in this case.   I will now instruct you on the law that you must apply.   Please pay close attention to these instructions.   I will read them only once, but the written instructions will be given to you to take to the jury room.

It is your duty to follow the law as I give it to you.   On the other hand, you the jurors are the judges of the facts.   Do not consider any statement that I have made in the course of the trial or make in these instructions as an indication that I have any opinion about the facts of this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.   Statements and arguments of the attorneys are not evidence and are not instructions on the law.   They are intended only to assist the jury in understanding the evidence and the parties' contentions.

JURY INSTRUCTION 2 – STATEMENT OF THEORIES FOR RECOVERY and
CONTENTIONS; STATEMENTS OF DENIALS and DEFENSES

In this civil case brought by Plaintiff Teah Ronga, she seeks compensatory and punitive
damages against her former teacher, Defendant Patrick Howard, for alleged violations
of her constitutional rights.   Ms. Ronga alleges that Mr. Howard abused his position of
authority as her high school teacher and advisor to sexually groom, harass and abuse
her and multiple other females at Las Cruces High School during the 2016-2017 and
2017-2018 school years.

For her first claim, Ms. Ronga alleges that Mr. Howard violated her substantive due
process right to bodily integrity through his abuse of his official power as a school
teacher.

For her second claim, Ms. Ronga alleges that Mr. Howard violated her constitutional
right to equal protection by using his position of authority as a teacher to sexually
harass her.

Plaintiff Ronga claims that, by committing these violations, Defendant Howard has
caused her to suffer unlawful touching, bullying, shock, discomfort, fear, betrayal,
humiliation and shame, pain and suffering of mind and body, to include severe anxiety,
depression, suicidal thoughts, sleep loss, nightmares, dissociation, loss of enjoyment

and quality of life, loss of self-esteem and self-confidence, loss of educational opportunities, and loss in the nature and quality of her close relationships, including those with family members and intimate partners.   She seeks compensatory damages for the nature, extent, and duration of her injuries.

Plaintiff Ronga alleges that Defendant Howard's misconduct with her has caused extensive harm to her, was reckless and wanton conduct, and was a pattern of reprehensible behavior that merits a substantial punitive damages award.

Defendant Patrick Howard denies Plaintiff's claims regarding causation and harm and says that Plaintiff may have failed to mitigate her damages.

## JURY INSTRUCTION 3 – SUBSTANTIVE DUE PROCESS CLAIM

With respect to Plaintiff's first claim, the Court has determined that, as a matter of law, Defendant Howard did violate this constitutional right of Plaintiff Ronga.   This conclusion was reached prior to this trial after the Court's review of evidence presented by motion.   The Court made this finding based on the nature of Defendant Howard's conduct, the frequency and duration of the conduct, and the fact that at least one of the incidents was sufficient to establish the state crime of criminal sexual contact of a minor in the third degree.   The Court has not expressed, and does not now express, any opinion on whether Plaintiff Ronga suffered any compensable damages for this violation or, if she did, the extent of those damages.   The Court also has not expressed, and does not now express, any opinion about the appropriateness of punitive damages. Thus, for this claim, the jury will determine the amount of compensatory damages, if any, to compensate Plaintiff Ronga.   If you find any compensatory damages have been established, you will also determine if punitive damages should be awarded.

JURY INSTRUCTION 4 – EQUAL PROTECTION CLAIM

Plaintiff's second claim is that Defendant violated her constitutional right to equal

protection.    Following the close of evidence, Defendant admits to this violation in that:

    (1) Defendant abused his governmental authority;

    (2) That abuse was directed at Plaintiff; and

    (3) Defendant committed the abuse for the purpose of his own sexual gratification.

For this claim, the jury will determine the amount of compensatory damages, if any, to

compensate Plaintiff Ronga.    If you find any compensatory damages have been

established, you will also determine if punitive damages should be awarded.

JURY INSTRUCTION 5 – BURDEN OF PROOF

A party seeking a recovery or a party relying upon a defense has the burden of proving

every essential element of the claim or defense by the preponderance of the evidence.

To prove by the preponderance of the evidence means to establish that something is

more likely true than not true.

When I say, in these instructions, that the party has the burden of proof, I mean that you

must be persuaded that what is sought to be proved is more probably true than not

true.   Evenly balanced evidence is not sufficient.

JURY INSTRUCTION 6 – CONSIDERATION OF EVIDENCE / RULES OF EVIDENCE

As stated earlier, it is your duty to determine the facts and in so doing you must consider only the evidence I have admitted in the case.   The evidence consists of the testimony of the witnesses and the exhibits admitted into evidence by the Court, any facts admitted or agreed to by counsel, and any facts which the Court instructs you to accept as true.

You may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.   You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

The production of evidence in court is governed by rules of law.   From time to time it has been my duty, as judge, to rule on the evidence.   You must not concern yourselves with the reasons for these rulings.   You should not consider what would or would not have been the answers to the questions which the Court ruled could not be answered.

JURY INSTRUCTION 7 – JURORS' NOTES

Any notes that you have taken during this trial are only aids to your memory.   If your memory differs from your notes, you should rely on your memory and not on the notes.   The notes are not evidence.   If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.   Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

JURY INSTRUCTION 8 – CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.   You alone are the judges of the credibility or "believability" of the witnesses and of the weight to be given to the testimony of each of them.   In determining the credit to be given to the testimony of any witness, you may take into account the witness's ability and opportunity to observe, the witness's memory, the witness's manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case.   You may, in short, accept or reject the testimony of any witness in whole or in part.

JURY INSTRUCTION 9 – IMPEACHMENT OF WITNESS

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is up to you to give the testimony of that witness only such credit as you may think it deserves.

JURY INSTRUCTION 10 – DEPOSITIONS

Some of the evidence has come from depositions.    A deposition is testimony taken

under oath before trial which has been preserved in writing.    This testimony is entitled

to the same consideration as any other testimony at this trial.

JURY INSTRUCTION 11 – FACTS ADMITTED OR AGREED

Both sides, Plaintiff Ronga and Defendant Howard, agree to the following facts:

1. Plaintiff T.R. was a resident of Dona Ana County, New Mexico.

2. Defendant Howard was a resident of Dona Ana County, New Mexico.

3. Defendant Howard was a high school teacher and Future Farmers of America (FFA) faculty advisor at Las Cruces High School at all material times, until his resignation in February 2018.

4. Las Cruces Public Schools operated Las Cruces High School.

5. Defendant Howard was employed by Las Cruces Public Schools.

6. Plaintiff T.R. was a minor, a child under the age of 18, at all material times.

7. During the 2016-2017 and 2017-2018 school years, T.R., S.O., V.D and C.H. were underage female students at Las Cruces High School under Defendant Howard's supervision.

8. During the 2016-2017 and 2017-2018 school years, Defendant Howard was an agriculture teacher at Las Cruces High School, and a faculty advisor for the FFA chapter, of which T.R., C.H., V.D. and S.O. were members.

9. Defendant Howard gave female students, including but not limited to T.R., C.H., V.D. and S.O., full frontal hugs during the 2017-2018 school year at Las Cruces High School.

10. Defendant Howard sent text messages to T.R. during the 2017-2018 school year.

11. In 2017, Defendant Howard was part of a group chat with Las Cruces Public School students, T.R., S.O. and A.B., in which he sent selfies and a text message stating he missed them.

12. Defendant Howard touched T.R.'s thigh while she slept in the middle front seat while he drove a Las Cruces Public School vehicle on or about February 2017.

13. Defendant Howard placed his hand on T.R.'s thigh while she slept on a school-sponsored road trip more than once.

14. Defendant Howard touched T.R.'s butt on more than one occasion during the 2017-2018 school year.

15. Defendant Howard kept a photo of T.R. in his classroom during the 2017-2018 school year.

16. In November 2017, Vice Principal Dana Critchlow informed Defendant Howard that it had been reported he had made an underage female student at Las Cruces High School uncomfortable.

17. In December 2017, Defendant Howard touched Plaintiff C.H. in his classroom at Las Cruces High School on the back of her thigh close to her butt.

18. When Principal Hendee instructed Defendant Howard to report to LCPS' Human Resources Department, Howard asked Principal Hendee whether he was "hugging and touching the girls too much."

19. On March 2, 2018, a Dona Ana County Grand Jury found there was probable cause to charge Defendant Howard with four felony counts of Criminal Sexual Contact of a Minor in the Third Degree (Person in Position of Authority) for his touching and applying force to the intimate parts of T.R. and a fifth count of Battery for his unlawful touching of C.H.

20. On May 27, 2021, Defendant Howard pled guilty to one count of Criminal Sexual Contract of a Minor (Person in Position of Authority), a third-degree felony, pursuant to NMSA 30-9-13(C), for touching or applying force to the intimate parts of T.R., to wit, her buttocks on or about September 1, 2017, and to one count of battery for his unlawful, unconsented touching of C.H.'s buttocks in December 2018.

21. Defendant Patrick Howard pled guilty to using his position of authority to engage in criminal sexual contact of T.R., while she was a student, and he was her teacher and FFA advisor at Las Cruces High School.

22. Defendant Howard did not sexually harass and sexually abuse male students.

23. Defendant Howard's teaching license was never suspended or revoked.

24. Defendant Howard was not terminated from Las Cruces High School, but instead resigned.

JURY INSTRUCTION 12 – COMPENSATORY DAMAGES AND CAUSATION

I am now going to instruct you on compensatory damages.

If you should determine that Plaintiff suffered any damages from Defendant's violation of her substantive due process right to bodily integrity and her right to equal protection, then you must determine an amount that is fair compensation for Plaintiff's damages caused by those violations.

To the extent that the damages overlap, they should only be included once.

An act or omission is a "cause" of injury if, unbroken by an independent intervening cause, it contributes to bringing about the injury, and if injury would not have occurred without it.   It need not be the only explanation for the injury, nor the reason that is nearest in time or place.   It is sufficient if it occurs in combination with some other cause to produce the result.   To be a "cause," the act or omission, nonetheless, must be reasonably connected as a significant link to the injury.   An "independent intervening cause" is one that interrupts and turns aside the course of events and produces that which was not foreseeable as a result of an earlier act or omission.

Plaintiff has the burden of proving compensatory damages by a preponderance of the

evidence.

The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered.   You may award compensatory damages only for injuries that Plaintiff proves were caused by the Defendant's constitutional violation or violations.   The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant.   You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered, or that Plaintiff is reasonably likely to suffer in the future.

Compensatory damages are not limited to expenses that Plaintiff may have incurred because of an injury.   You may award Plaintiff damages for any pain, suffering, inconvenience, mental anguish or loss of enjoyment of life that Plaintiff has experienced or is reasonably certain to experience in the future as a result of the Defendant's unlawful conduct.

No evidence of the monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light

of the evidence presented at the trial.   If you find that Plaintiff is reasonably certain to suffer damages in the future from her injuries, then you should award her the amount you believe would fairly compensate her for such future damages.   If these damages are of a continuing nature, you should consider how long they will continue.

You may consider the following elements of damages:

- The nature, extent, and duration of Plaintiff's bodily injuries;

- Any pain and suffering resulting from Plaintiff's injuries;

- Any loss of enjoyment of life, or mental or emotional anguish suffered by Plaintiff;

- Reasonable expenses for medical care, treatment, and services received, and the present value of medical care, treatment, and services reasonably certain to be received in the future

Plaintiff may not recover for any item of damage which she could have avoided through reasonable effort.   Plaintiff has a duty under the law to "mitigate" her damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Defendant.   It is the Defendant's burden to prove that Plaintiff has failed to mitigate. So, if Defendant persuades you by a preponderance of the evidence that Plaintiff failed to take advantage of an opportunity that was reasonably available to her, then you must

reduce the amount of Plaintiff's damages by the amount that could have been avoided if she had taken advantage of such an opportunity.

If you find that, before any injury in this case, Plaintiff was already impaired by a physical or emotional condition, Plaintiff is entitled to compensation for the aggravation or worsening of the condition, but not for elements of damages to the extent they were already being suffered.

However, damages are to be measured without regard to the fact Plaintiff may have been unusually susceptible to injury or likely to be harmed.   Defendant is responsible for all elements of damages caused by his unlawful conduct, even if part of Plaintiff's injury arose because Plaintiff was unusually susceptible to being injured.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.   Your verdict must be based upon proof and not upon speculation, guess or conjecture.   On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision.   In any event, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

In assessing damages, you must not consider attorney fees or the costs of litigating this

case.   Attorney fees and costs are for the court and not the jury to determine.

Therefore, attorney fees and costs should play no part in your calculation of any

damages.

JURY INSTRUCTION 13 – PUNITIVE DAMAGES

In this case, Plaintiff Ronga seeks to recover punitive damages from Defendant
Howard.   You may consider punitive damages only if you find that Plaintiff should
recover compensatory damages.   Moreover, to award punitive damages, you must first
find, by a preponderance of the evidence, that the conduct of the Defendant which
caused injury or harm to Plaintiff was maliciously, or wantonly, or oppressively done.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or
spite, or grudge, either toward the injured person individually or toward all persons in
any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous
disregard of, or indifference to the rights of, one or more persons, including the injured
person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or
damages, or otherwise violates the rights of another person with unnecessary harshness
or severity, as by misuse or abuse of authority or power, or by taking advantage of
some weakness, or disability, or misfortune of another person.

Even if you make one or more of these findings, whether or not to make an award of
punitive damages is a matter exclusively within your discretion. Punitive damages are

awarded for the limited purposes of punishment and to deter others from the commission of similar offenses.   The amount of punitive damages must be based on reason and justice, taking into account all the circumstances, including the nature and enormity of the wrong, the reprehensibility of Defendant's conduct, the likelihood that Defendant would repeat the conduct, and such aggravating and mitigating circumstances as may be present.   When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.   The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation, and not disproportionate to the circumstances.

Plaintiff has presented evidence of Defendant Howard's conduct with other female students.   With respect to punitive damages, you may consider that evidence when you are deciding whether his conduct toward Plaintiff Ronga was reprehensible, and if so, the degree of its reprehensibility.   However, you may not include any amount designed to punish Defendant Howard on account of harms allegedly caused to those other students.   This rule is in place because other persons may bring lawsuits of their own in which other juries can resolve their claims.

JURY INSTRUCTION 14 – ALL JURORS TO PARTICIPATE

The jury acts as a body.   Therefore, on every question on the verdict form which the jury must answer, it is necessary that all jurors participate.   Before a question can be answered, all of you must agree upon each answer.   In other words, your verdict must be unanimous.

JURY INSTRUCTION 15 – DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.   While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.   However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.   Your only interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION 16 – DUTY TO FOLLOW INSTRUCTIONS

The law of this case is contained in these instructions and it is your duty to follow them.
You must consider these instructions as a whole, not picking out one instruction, or
parts thereof, and disregarding others.

Faithful performance by you of your duties is vital to the administration of justice.

JURY INSTRUCTION 17 – CLOSING ARGUMENT

After these instructions on the law governing this case, the lawyers may make closing arguments, or statements, on the evidence and the law.   These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully.   You may give them such weight as you think proper.   However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given to you in these instructions.

JURY INSTRUCTION 18 – CONCLUDING INSTRUCTION

Upon retiring to the jury room, and before commencing your deliberations, you will first elect a foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in court.

You will be given the Court's instructions and a special verdict form.   In this case it will be necessary for you to answer the preliminary questions presented to you on the verdict form.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any website such as Facebook, Instagram, Snapchat, LinkedIn, YouTube, or X (formerly known as Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.   In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case

because it is important that you decide this case based solely on the evidence presented in this courtroom.   Information on the Internet or available through social media may be wrong, incomplete, or inaccurate.   You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have.   Doing otherwise would unfairly and adversely impact the judicial process.   If you recess during your deliberations, you should pause deliberations and follow all of the instructions that I have given you about your conduct in recesses during the trial.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing on one of the forms that my court staff will provide to you.   Your note should be signed by the foreperson and then passed to the court security officer who will bring it to my attention.   Never attempt to communicate with me except by a written note signed by your foreperson.   I will respond as promptly as possible, either in writing or by having you returned to the courtroom.   I will always first disclose to the attorneys your question and my response before I answer your question.   If I reply to you in writing, please leave both the message and the reply in the jury room.   These documents should not be thrown away, even at the conclusion of your deliberations.

Bear in mind always that you are not to reveal to me or to any person how you stand, numerically or otherwise, until you have reached a unanimous verdict.   Do not disclose any vote count in any communications with the Court.

After you have reached your unanimous verdict, your foreperson is to fill in the answers to the questions on the verdict form and date and sign the form.   The completed, signed verdict form should then be placed in the envelope that will be provided to you.   After completing the verdict form, please also send a note to the court security officer indicating that you have reached a verdict and are ready to return to the courtroom.   Again, any notes you pass to the court security officer should not state what your verdict is or how you have voted.

You may now depart the courtroom to begin your deliberations in the courtroom.   My staff will bring you the evidence, these instructions and your verdict form expeditiously.   Thank you.   Please rise for the jury.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

T.R. (Teah Ronga),

      Plaintiff,

v.                                              Civ. No. 20-cv-276 GBW/JHR

PATRICK HOWARD,

      Defendant.

## **SPECIAL VERDICT FORM**

On the questions submitted, the jury finds as follows:

**Question No. 1:**   In accordance with the compensatory damages instructions given by the Court, we find the total amount of damages caused by Defendant Howard's violations of Plaintiff Ronga's constitutional rights to be:

$ _____.

*If your answer is greater than $0, proceed to answer Question 2 on the next page.*

*If your answer is $0, do not answer any more questions and have your foreperson sign on the last page of this Special Verdict form.   This is your verdict and you will all return to open Court.*

**Question No. 2:**   Do you find, by a preponderance of the evidence, that the conduct of Defendant Howard that caused injury or damage to Plaintiff was maliciously, or wantonly, or oppressively done?

Yes _____      No _____

*If you answered "No"- do not answer any more questions and have your foreperson sign on the last page of this Special Verdict form.   This is your verdict and you will all return to open Court.*

*If you answered "Yes" - proceed to answer Question 2A.*

**Question 2A:**   In your discretion, are punitive damages appropriate in this case?

Yes _____      No _____

*If you answered "No" - do not answer any more questions and have your foreperson sign on the last page of this Special Verdict form.   This is your verdict and you will all return to open Court.*

*If you answered "Yes" – proceed to answer Question 2B.*

**Question 2B**: In accordance with the punitive damage instructions given by the Court, we find the total amount of punitive damages that should be awarded against Defendant Howard to be:

$ _____

The answers herein constitute the jury's unanimous verdict.

_____          _____
                                    Foreperson                                          Date